# United States District Court
for the
## Southern District of New York
### Related Case Statement

---

Full Caption of Later Filed Case:

Jane Doe 1, individually and on behalf of all others similarly situated,

| Plaintiff | Case Number |
|---|---|
| vs. | 1:22-cv-10019 |
| JP Morgan Chase & Co. | |
| Defendant | |

Full Caption of Earlier Filed Case:

(including in bankruptcy appeals the relevant adversary proceeding)

Jane Doe 1, individually and on behalf of all others similarly situated,

| Plaintiff | Case Number |
|---|---|
| vs. | 1:22-cv-10018 |
| Deutsche Bank Aktiengesellschaft, Deutsche Bank AG New York Branch and Deutsche Bank Trust Company Americas, | |
| Defendant | |

IH-32                                                                                                                   Rev: 2014-1

Status of Earlier Filed Case:

☐ Closed    (If so, set forth the procedure which resulted in closure, e.g., voluntary dismissal, settlement, court decision. Also, state whether there is an appeal pending.)

✓ Open    (If so, set forth procedural status and summarize any court rulings.)

Case No. 1:22-cv-10018 (Deutsche Bank) is pending before this court. A few minutes ago today, on 11/24/2022, plaintiff Jane Doe 1 filed a class action suit against Deutsche Bank for violations of the Trafficking Victims Protection Act (TVPA) and related statutes. The suit alleges that Deutsche Bank violated the TVPA by playing a critical role in supporting Jeffrey Epstein's sex-trafficking enterprise. Because the suit has just been filed, there have been no court proceedings or rulings yet.

Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.

The earlier-filed case (against Deutsche Bank) and newly filed case (against JP Morgan) are both brought under the same statute (the TVPA) against two major banking institutions that played a critical role in the Jeffrey Epstein sex-trafficking enterprise. There are substantially similar parties, transactions, and events involved, and substantial duplication of effort and expense would occur if the cases were to be deemed to unrelated.  Note: there is also a third case (Karimi v. Deutsche Bank, 1:22-cv-02854-JSR) that is also related to both the earlier-filed case and the newly filed case—discussed below. Like Deutsche Bank in the earlier filed case, JP Morgan in the newly filed case violated federal and state banking laws and its own internal procedures when it served as the financial component of Epstein's sex-trafficking operation.  The cases have substantial factual and legal overlap. In both cases, the plaintiffs allege that the banks' onboarding of Epstein and continued business relationship with Epstein and Epstein-related entities violated the Bank's Know Your Client (KYC) and Anti-Money Laundering (AML) systems and federal and New York State banking regulations. The two cases are interconnected because it was the decisions of J.P. Morgan to terminate its relationship with Epstein in early 2013 that led to Deutsche Bank stepping in to fill the role later in 2013. Epstein moved his banking from JP Morgan to Deutsche Bank through the same banking manager, Paul Morris, who had been a member of the JP Morgan team servicing Epstein's accounts. Morris joined Deutsche Bank in 2012 and then suggested to Deutsche Bank senior management the Epstein should be brought over to Deutsche Bank. In 2013, Morris help bring Epstein over from JP Morgan to Deutsche Bank. Both cases involve issues regarding a bank's participation in its client's criminal enterprise and a bank's obligation under complex federal and state banking laws. Witnesses in both cases will be testifying regarding these laws.  It is important that decisions involving each bank's compliance with the same laws and regulations is consistent in both cases.  This is especially true because the defendant in each case is a major actor in U.S. banking and financial markets. Both cases involve the same proof regarding the federal and state banking laws, KYC and AML requirements, and will adjudicate the role of bank employees and executives in a client's criminal enterprise.  Plaintiffs in the earlier-filed case allege that Deutsche Bank provided the access to cash necessary for Epstein's illegal sex trafficking venture from 2013 to 2018. Plaintiffs in the newly filed case allege, in virtually parallel briefing, that JP Morgan played the same role for Epstein's venture from 1998 to 2013. Both cases involve the same sex trafficking organization and the same key players in the organization—and, ultimately, the issue of financial institutions' responsibilities in similar circumstances.  Both the earlier-filed case (against Deutsche Bank) and the newly filed case (against JP Morgan) are strongly related to a third case, Karimi v. Deutsche Bank, 1:22-cv-02854-JSR. The Karimi case also involves the issue of financial institutions' responsibilities in connection with the Jeffrey Epstein sex trafficking venture. In that case, the Karimi plaintiffs allege that Deutsche Bank ignored damaging information when it onboarded Epstein and throughout its relationship with Epstein and Epstein-related entities, and that the Bank failed to protect its stockholders. There is substantial legal and factual overlap between all three cases. A related case filing regarding the connection between the Karimi case and the Deutsche Bank case is currently pending before the clerk's office.

Signature: /s/ Bradley J. Edwards                   Date: 11/24/2022

Firm: Edwards Pottinger LLC