MC5CdoeC

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
     Jane Doe 1, Individually and
 3   on behalf of all others
     similarly situated,
 4
                    Plaintiffs,
 5
            v.                          18 Civ. 10018 (JSR)
 6
     Deutsche Bank
 7   Aktiengesellschaft, Deutsche
     Bank AG New York Branch,
 8   Deutsche Bank Trust Company
     Americas,
 9                  Defendants.
     ------------------------------x
10   Jane Doe 1, Individually and
     on behalf of all others
11   similarly situated,
12                  Plaintiffs,
13          v.                          18 Civ. 10019 (JSR)
14   JP Morgan Chase & Co.,
15                  Defendants.
     ------------------------------x
16
17
18                                      New York, N.Y.
                                        December 5, 2022
19                                      9:30 a.m.
20   Before:
21                    HON. JED S. RAKOFF,
22                                      District Judge
23
24
25
```

MC5CdoeC

1                                  APPEARANCES

2    BOISE SCHILLER & FLEXNER LLP
          Attorneys for Plaintiffs
3    BY:  DAVID BOIES
          SIGRID S. McCAWLEY
4
     EDWARDS POTTINGER LLC
5         Attorneys for Plaintiffs
     BY:  BRADLEY J. EDWARDS
6         BRITTANY HENDERSON

7    ROPES & GRAY LLP
          Attorneys for Defendant Deutsche Bank Aktiengesellschaft
8    BY:  JAMES P. DOWDEN
          LISA H. BEBCHICK
9
     WILMER CUTLER PICKERING HALE AND DORR LLP
10        Attorneys for Defendant JP Morgan Chase & Co.
     BY:  FELICIA ELLSWORTH
11        HILLARY CHUTTER-AMES
          ROBERT L. BOONE
12        BOYD JOHNSON

13

14

15

16

17

18

19

20

21

22

23

24

25

MC5CdoeC

1           (Case called)

2           (Appearances noted)

3           THE COURT:  So, a couple of housekeeping matters.  I

4   received just now, apparently it was handed to my law clerk,

5   two proposed orders, permission *pro hac vice*, one from Felicia

6   Ellsworth, the other from Hillary Chutter-Ames.  Are any of

7   them here?

8           MS. ELLSWORTH:  Yes, your Honor.  Felicia Ellsworth

9   and Ms. Chutter-Ames.

10          THE COURT:  So, under the rules of the Southern

11  District of New York, you were supposed to provide a

12  certificate of good standing from your state court admission.

13  I don't see them.

14          MS. ELLSWORTH:  No, your Honor.  The reason for the

15  oral motion is we were just brought into this case on Wednesday

16  of last week and I could not obtain a certificate of good

17  standing from Massachusetts before today's conference.  So, in

18  order to appear today, wanted to make an oral motion.  Happy to

19  follow up.  We have the certificate on order.

20          THE COURT:  You're admitted in Massachusetts?

21          MS. ELLSWORTH:  That's correct, your Honor.

22          THE COURT:  When you were admitted?

23          MS. ELLSWORTH:  June 2006, your Honor.

24          THE COURT:  2006.  You don't look more than 13.

25          MS. ELLSWORTH:  Thank you, your Honor.

MC5CdoeC

1          THE COURT:  Let me turn to Ms. Chutter-Ames.

2          When were you admitted and to what bar?

3          MS. CHUTTER-AMES:  In 2019 to the bar of the State of

4   Illinois.

5          THE COURT:  And do both of you represent that you are

6   still in good standing and have not been the subject of any

7   disciplinary activity?

8          MS. ELLSWORTH:  Yes, your Honor.

9          MS. CHUTTER-AMES:  Yes, your Honor.

10          THE COURT:  So I should note for the record that

11  Ms. Chutter-Ames is my former law clerk.  I never recuse myself

12  when a former law clerk appears before me, but I always give

13  them a very hard time.  So if you are prepared for that, we

14  will proceed and I will approve both of these motions and give

15  them to my courtroom deputy.

16          MS. ELLSWORTH:  Thank you, your Honor.

17          THE COURT:  Now, is either defendant planning on

18  bringing a motion to dismiss?

19          MS. ELLSWORTH:  Yes, your Honor.  JP Morgan Chase is

20  intending to file a motion to dismiss.  We have an agreed

21  schedule for that motion that's been submitted --

22          THE COURT:  When is your time to answer?

23          MS. ELLSWORTH:  We have not yet been served, so we

24  don't have a time to answer.

25          THE COURT:  You haven't been served?

MC5CdoeC

| 1 | MS. ELLSWORTH:  We haven't, your Honor. |

MR. DOWDEN:  Neither have the Deutsche Bank
defendants, your Honor.

THE COURT:  Can plaintiff counsel please explain -- I
know it must be extremely difficult to serve JP Morgan Chase,
they only have about 95 branches in the City of New York.

MR. BOIES:  Your Honor, I apologize.  We have had an
issue on service with respect to some of the foreign entities
that are named, which I had anticipated they would accept
service on.  I was not aware that we had not completed service
on JP Morgan and Deutsche Bank, which, as the Court says, would
be incredibly easy to do.

THE COURT:  Let me ask counsel for the defendants, are
you prepared to accept service?

MR. DOWDEN:  Your Honor, we're prepared to accept on
behalf of our --

MS. ELLSWORTH:  Yes, your Honor, we're prepared to
accept service.

THE COURT:  Let's make sure that service is
accomplished by noon today.

MR. BOIES:  Thank you, your Honor.

THE COURT:  Now, you had a proposed schedule for
JP Morgan's motion to dismiss?

MS. ELLSWORTH:  Yes, your Honor.  We proposed that it
would be filed by January 17th, with --

MC5CdoeC

1    THE COURT:  January 17th?  What is your ground for

2    moving to dismiss?

3    MS. ELLSWORTH:  So it's a 12(b)(6) motion, your Honor.

4    There are claims under the TDPA as well as under the Adult

5    Youth Survivors Act.  It's the failure to state a claim under

6    both counts, which will -- there is also classic claims in this

7    case, although class certification at least on the schedule the

8    parties have agreed to would have to have been later.  But,

9    your Honor, we submit that we can put together a motion that

10   would be on all claims in the case filed by January 17th.

11   THE COURT:  All that makes sense, but since you

12   already know what grounds you're going to move on, why do you

13   want to wait until January 17th?

14   MS. ELLSWORTH:  It's a combination of factors, your

15   Honor.  We're happy to move on whatever schedule the Court

16   sets, but we had set January 17th to allow sufficient time,

17   both with the intervening holidays as well as for a client

18   review and all of that.

19       It is a pretty substantial motion, I would say it's a

20   lengthy complaint with various allegations, so we want to make

21   sure we bring the best arguments forward to the Court, but

22   again, we're happy to proceed on whatever schedule the Court

23   sets.

24   THE COURT:  I think on a more expedited schedule,

25   we're going to have discovery begin promptly.  So I presume you

MC5CdoeC

 1    would like to have that motion resolved sooner rather than

 2    later.

 3              MS. ELLSWORTH:  That's correct, your Honor.

 4              THE COURT:  Can you file that motion next week?

 5              MS. ELLSWORTH:  Your Honor, if we can have until the

 6    end of December, that would certainly allow sufficient time to

 7    make sure that we fully ventilate all the issues we would want

 8    to raise.  As I said it's a lengthy --

 9              THE COURT:  Of course, the end of December means that

10    your young associates will have to spend the holiday week doing

11    the work that needs to be done and checking citations and

12    things like that while you're off with your partners in your

13    undoubtedly wonderful holiday vacation.  Why not before?

14              MS. ELLSWORTH:  Your Honor, again, we're happy to

15    proceed on whatever schedule you submit.  I would suggest

16    December 30th would allow us sufficient time to put together

17    the motion to dismiss, but I'm happy to proceed on whatever

18    schedule the Court sets.

19              THE COURT:  It sounds excessive to me, but all right.

20    The motion to dismiss in JP Morgan Chase, moving papers

21    December 30th.

22              How long does plaintiffs' counsel want for answering

23    papers?  I'll give you the choice of two weeks or two weeks.

24              MR. BOIES:  We'll take two weeks, your Honor.

25              THE COURT:  So answering papers, that will be

MC5CdoeC

1    January 13th.

2            Reply papers, you want January 20th, don't you?

3            MS. ELLSWORTH:  If it's available, your Honor.

4            THE COURT:  Now, I don't know that I'll need oral

5    argument, but let's set it.  So for January 25th.

6            THE DEPUTY CLERK:  January 25th, a Wednesday, two

7    trials, and you leave for Columbia at 3:45.

8            THE COURT:  Okay.  You got me.  How about Friday?

9            THE DEPUTY CLERK:  Friday the 27th, you are in

10    San Diego speaking.

11            THE COURT:  How about Thursday?

12            THE DEPUTY CLERK:  Thursday the 26th, that's when you

13    leave for San Diego.

14            THE COURT:  Well, let's put it down for the morning of

15    the 26th at 9:00 a.m.

16            THE DEPUTY CLERK:  If you don't leave till the

17    afternoon, you have a 9:30 trial, two of them, actually.

18            THE COURT:  Yes, so this is 9:00 a.m.  Is that a

19    problem?

20            MS. ELLSWORTH:  Your Honor, I have a summary judgment

21    argument in the District of Massachusetts on Wednesday the 25th

22    in the afternoon.  If it would be possible to push this

23    argument to the following Monday, that would be most

24    appreciated.

25            THE COURT:  I'm going to be sitting on the Ninth

MC5CdoeC

1    Circuit.  My inclination is we won't need oral argument on this

2    motion, they seem to be familiar issues.  So why don't we don't

3    put it down for oral argument now.  If I change my mind and

4    think oral argument is necessary, we'll work out the date.

5              MS. ELLSWORTH:  That's fine, your Honor.  Thank you.

6              THE COURT:  Now, is Deutsche Bank also planning to

7    bring a motion to dismiss?

8              MR. DOWDEN:  Yes, your Honor, we are planning to bring

9    a motion to dismiss.

10             THE COURT:  Would you like the same schedule?

11             MR. DOWDEN:  Your Honor, we're expecting a little bit

12   of a longer case scheduled because of one additional claims

13   that we had brought against us.  We have a civil Rico claim in

14   addition to the other cases.

15             THE COURT:  A civil Rico claim, I never heard of that

16   before.

17             MR. DOWDEN:  Exactly, your Honor.  So we still haven't

18   received a Rico case statement, which we think would be very

19   helpful for us to file the motion.

20             THE COURT:  I don't know that that is still required.

21   It's not required under my rules.

22             MR. DOWDEN:  I believe under the local rules, 20

23   days --

24             THE COURT:  I know what you're saying.  The good thing

25   about civil Rico is, to paraphrase Oscar Wilde, it's the last

MC5CdoeC

1    refuge of the scoundrel.  Nevertheless, can you get defense

2    counsel a Rico case statement by the end of this week?

3                MR. BOIES:  Yes, your Honor, I think we can.

4                THE COURT:  So given that, same schedule, yes?

5                MR. DOWDEN:  Yes, your Honor, we'll agree to the same

6    schedule.

7                MR. BOIES:  Your Honor, can we have until Monday to do

8    a -- I'm reminded our firm meeting is at the end of this week.

9                THE COURT:  All right.  Now, with respect to the case

10   management plan -- by the way, these two cases are consolidated

11   for all pretrial purposes.  I'm more skeptical about trial, but

12   pretrial purposes, they're all consolidated.

13               And I thank all of you for your parallel case

14   management plans.

15               Now, the only question I had is you had first requests

16   for documents to be served by December 16th, that makes perfect

17   sense.  Then you had interrogatories, very, very limited

18   interrogatories permitted by local Rule 33.3(a) not to be

19   served by anyone until February 9th.  Why the delay?

20               MR. BOIES:  Our view, I think, is we're going to serve

21   them earlier.  That's the last date they had to be served by.

22               THE COURT:  I'm sorry?

23               MR. BOIES:  We planned to serve them earlier, your

24   Honor.  That was just the last date they had to be served by

25   that date.  In other words, we weren't going to wait until that

MC5CdoeC

1    date necessarily to serve them.

2              THE COURT:  I assume you keep the local rules under

3    your pillow, so you know that local Rule 33.3(a) is very

4    limited, and particularly since initial disclosures duplicate a

5    lot of it, it's even more limited.  So I would have thought

6    maybe December 30.

7              MR. BOIES:  That would be fine, your Honor.

8              THE COURT:  That work for defense counsel?

9              MR. DOWDEN:  Yes, your Honor.

10             MS. ELLSWORTH:  That's fine, your Honor.  Thank you.

11             THE COURT:  Everything else looks fine.  Thank you for

12   including the proposed schedule, which looks fine on class

13   certification.  I'll hold oral argument on class certification.

14   Let's look at May 12th.

15             THE DEPUTY CLERK:  May 12th, a Friday, we have two

16   trials, nothing after.

17             THE COURT:  So 4:00 p.m. on May 12th.  Let me ask with

18   respect to plaintiff's counsel, how long a trial is your

19   individual cases going to take?

20             MR. BOIES:  Having in mind what I know is the Court's

21   approach to trials, I think is in the range of eight or nine

22   trial days.

23             THE COURT:  And co-plaintiff or plaintiff in the other

24   case?

25             MR. EDWARDS:  Yes, your Honor.  I would agree.  I

MC5CdoeC

```
1   would think two weeks for trial.
2           THE COURT:  Any disagreement with that from defense
3   counsel?
4           MS. ELLSWORTH:  Your Honor, that seems about right.
5   We don't know a lot of the case yet, but that seems reasonable.
6           MR. DOWDEN:  We're in the same position, your Honor.
7   We don't know yet, but it seems reasonable.
8           THE COURT:  So what I think we ought to do, because
9   you're all very busy and accomplished lawyers, is set two trial
10  dates now, one for one case, one or the other case.  If it
11  turns out that everyone wants a single combined trial, we can
12  deal with that on whatever turns out to be the earlier of the
13  two dates, but for now, it looks to me it will probably be
14  separate cases for trial.
15          So, what days in August and September are counsel not
16  available for trial?
17          MS. ELLSWORTH:  Your Honor, we have availability
18  throughout August and September, no restrictions.
19          MR. BOIES:  We have no restrictions either, your
20  Honor.
21          MR. DOWDEN:  Your Honor, we're amenable to the Court's
22  schedule.
23          THE COURT:  So, my thought was that we would try
24  the -- if it's two separate trials, try the Deutsche Bank case,
25  beginning August 7th, and the JP Morgan case beginning
```

MC5CdoeC

```
1    September 5th.  That allows, if it does go a little bit more

2    than two weeks, we still have time.  The reason I'm putting

3    JP Morgan second is because I'm so intimidated by the Rico

4    claim.  So, in any event, any problems with either of those

5    situations?

6              MS. ELLSWORTH:  No, your Honor.

7              MR. BOIES:  No problem with us, your Honor.

8              MR. DOWDEN:  No, your Honor.

9              MR. EDWARDS:  It's fine, your Honor.

10             THE COURT:  Very good.  I think that's all on my list.

11             Anything else anyone wants to take up now?

12             MR. BOIES:  Not from the plaintiffs, your Honor.

13             MR. EDWARDS:  No, your Honor.

14             THE COURT:  Anything from defense?

15             MS. ELLSWORTH:  No, your Honor.

16             MR. DOWDEN:  Nothing, your Honor.

17             THE COURT:  Very good.  Much appreciated.  Looking

18   forward.

19                             *  *  *

20

21

22

23

24

25
```