**EDWARDS POTTINGER LLC**

| Florida Office | 425 North Andrews Avenue Suite 2 Fort Lauderdale, FL 33301 | New York Office |
|---|---|---|
| Bradley J. Edwards *◊⌘‡ | | Brittany N. Henderson *◊‡ |
| Seth M. Lehrman *† | Telephone (954)524-2820 | |
| Matthew D. Weissing * | Fax (954)524-2822 | † Admitted in California |
| Catherine L. Davis * | info@epllc.com | ◊ Admitted in District of Columbia |
| Dean M. Kaire * | | * Admitted in Florida |
| | | ‡ Admitted in New York |
| | | ⌘ Board Certified Civil Trial Lawyer |

April 6, 2023

Via ECF
Honorable Jed S. Rakoff
United States District Court for the
Southern District of New York
500 Pearl Street, New York, NY 10007

      Re:    *Doe v. JP Morgan Chase Bank, N.A.* (Case No. 1:22-cv-10019-JSR)
              Jane Doe 1's Motion for Severance of Contribution Claims Against Jes Staley

Dear Judge Rakoff,

With the previously granted permission of the Court, Jane Doe 1 respectfully moves for severance of Jes Staley in this action. As the Court is aware from earlier proceedings, Jane Doe 1 alleges she was sexually abused by Jes Staley—a personal friend of Jeffrey Epstein. When she filed her lawsuit against JP Morgan ("JPM"), she did not include Staley. But seizing on Plaintiff's fear of Staley, JPM belatedly interpleaded Staley—ostensibly for "contribution" purposes. While the maneuver was a head-scratcher initially given the comparative collectability between JPM and Mr. Staley, the bank's agenda has become more obvious. JPM's true reason for bringing Staley into the lawsuit is to harass and intimidate not only Jane Doe but also other Epstein victims. The effect of adding him to the suit is to force her to share private medical records and her most intimate communications with one of her abusers. It also sends a message to other victims that JPM will exploit all vulnerabilities of each victim who dares come forward to hold the bank accountable. Accordingly, Jane Doe 1 seeks severance of her sexual abuser from her lawsuit so that JPM cannot force Staley back into her life.

**Relevant Factual Background**

Jane Doe 1 has filed a complaint, and later a First Amended Complaint (FAC), against JPM under the Trafficking Victim Protection Act (TVPA) and New York state tort law. *See* Dkt. 36. In general, her complaint alleges that JPM knowingly provided the financial lifeblood for Jeffrey Epstein's international sex-trafficking organization from 1998 through 2013.

In her complaint, Jane Doe 1 additionally described one of Epstein's enablers as a "powerful financial executive" who abused her, noting that, "[o]ut of fear, Jane Doe 1 has still not named this

powerful financial executive publicly." FAC ¶ 107. In response to the insistence of JPM, she revealed that this executive was Jes Staley.

### Procedural Background

On March 8, 2023 (the last possible day), JPM filed a third-party complaint against Jes Staley. Dkt. 59. This complaint sought indemnity and contribution and other similar relief against Staley, allegedly because he was a "faithless servant."

Meanwhile, in Jane Doe 1's case against JPM, JPM has yet to answer the complaint, an answer to which is due Monday, April 10. Accordingly, it is unclear whether JPM is truly contesting that Jane Doe 1 was a sex abuse victim of both Jeffrey Epstein and Jes Staley. Nonetheless, JPM has sought invasive discovery into Jane Doe 1, while simultaneously withholding similar information from its own employees' and witnesses' files.

While their relevance to the particulars of Jane Doe 1's sexual abuse is not immediately clear, JPM has sought many years of Jane Doe 1's medical records—records that involve intimate details about Jane Doe 1's health. JPM has also sought review of every email account, text message, and other communication device that Jane Doe has ever owned. JPM has already deposed Jane Doe 1 for a full day and now seeks an additional day where Jane Doe will also be interrogated by Staley. JPM also seeks to depose Jane Doe 1's family member who would be subjected to questioning by Staley—another maneuver designed primarily to intimidate Jane Doe 1 rather than shed light on important facts in this case.

### Legal Standards for a Motion to Sever

This Court undoubtedly has authority to sever JPM's separate, contribution claims against Staley. Fed. R. Civ. P. 21 permits a court to "sever any claim against a party." The decision whether to grant a severance motion "is committed to the sound discretion of the trial court." *Erausquin v. Notz, Stucki Mgmt. (Bermuda) Ltd.*, 806 F. Supp. 2d 712, 720 (S.D.N.Y. 2011). While the trial court may consider any factor relevant to the determination,[1] ultimately the trial court "has great discretion to restructure an action to promote the efficient administration of justice. Rule 21 gives the court tools to jettison those parties and claims that … are not conveniently prosecuted together, preserving parties and claims that are properly before it." *In re Merrill Lynch & Co., Inc. Rsch. Reps. Sec. Litig.,* 214 F.R.D. 152, 155 (S.D.N.Y. 2003) (quoting *Moore's Federal Practice*) (footnotes and internal quotations omitted)). Ultimately in exercising its discretion "under Rule 21, the court must consider principles of fundamental fairness and judicial efficiency. As part of this inquiry, the court should consider whether an order under Rule 21 would prejudice any party, or would result in undue delay." *Id.*

---

[1] In ruling on a severance motion, some courts have found it helpful to consider facts such as "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." *See, e.g., Erausquin v. Notz, Stucki Mgmt. (Bermuda) Ltd.*, 806 F. Supp. 2d 712, 720 (S.D.N.Y. 2011).

### The Court Should Sever JPM's Contribution Claims Against Staley

The Court should sever JPM's claims against Staley from Jane Doe 1's lawsuit against JPM. A contribution claim is necessarily a contingent claim—one that does not arise until liability has been determined by jury. Of course, in this case, it is not yet certain that there will be an occasion to consider any contribution issues. More important, Jane Doe 1 believes that JPM's contribution claim against Staley is a ploy to intimidate Jane Doe 1 and other Epstein sex abuse victims who are members of the potential class. JPM interpleaded Staley to exploit what it saw as a weakness and to send a message to others that JPM will execute legal strategy it knows will cause harm to any victims who come forward to hold the bank accountable for its years of facilitating a sex-trafficking operation.

By interpleading Staley, JPM puts Jane Doe 1's most private and intimate matters—medical records, emails, and text messages—in front of one of her abusers. Providing all discovery received from Jane Doe to Staley became an immediate top priority for JPM as soon as the Staley was impleaded. Not only is this intimidating to Jane Doe 1 but it sends a message to potential class members (dozens and dozens of Epstein sex abuse victims) that the same thing will happen to them if they elect to join the class. In fact, JPM has become aware of another class member who is currently proceeding anonymously and has already insisted on being provided her name, again so they can share it with Staley and carry forward this victim intimidation mission. This strategy of litigation-by-intimidation should not be permitted. *Cf. Harlan Produce Co. v. Delaware, L & W. R. Co.*, 8 F.R.D. 104, 105 (W.D.N.Y. 1948) ("A party … may not be forced to litigate with a party not of his own choosing").

JPM's ostensible reason for interpleading Staley is "contribution." But given the size of the claims (including class claims) against JPM, an individual like Staley could make only a minor contribution towards paying for Jane Doe 1's and class members' damages. No party will suffer substantial prejudice if the contribution claims against Staley are severed. Staley himself is moving for severance. And JPM's only argument is some modest convenience in connection with consolidated discovery, although in reality scheduling depositions has become exponentially more difficult since Staley's arrival to the case. And when weighed against the need for fundamental fairness to sex abuse victims to avoid further traumatization, any concerns about convenience pale in comparison.

* * * *

For all these reasons, the Court should sever the third-party claims between JPM and Staley. Those two parties can continue to litigate their separate issues. But any discovery by Staley into private matters of Epstein sex abuse victims should be precluded until the *Jane Doe 1 v. JPM* litigation is concluded.

Respectfully Submitted,

Bradley J. Edwards
*Counsel for Jane Doe 1*