# Exhibit A

```
N3GQdoe1
```

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
GOVERNMENT OF THE UNITED
STATES VIRGIN ISLANDS
             Plaintiffs
        v.                        22 Civ. 10904 (JSR)
JPMORGAN CHASE BANK N.A.
             Defendants
------------------------------x
JANE DOE 1, Individually and on
behalf of all others similarly
situated,
             Plaintiffs
        v.                        22 Civ. 10019 (JSR)
JPMORGAN CHASE & CO.,                ORAL ARGUMENT
             Defendants

------------------------------x
```

New York, N.Y.

March 16, 2023
4:30 p.m.

Before:

               HON. JED S. RAKOFF

                          District Judge

(Continued on next page)

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1   question of whether we need to, for example, previously all
2   discovery was to be completed by April 24 and class
3   certification reports were due on March 1, and the motions on
4   class certification were to be made and responded to in various
5   dates in March and April.  We were going to have an oral
6   argument on May 12, and then there was argument leading up to a
7   final pretrial conference on June 12.  I am happy to move any
8   and all of those dates, but not the trial date.
9            So does anyone want to make any suggestions in that
10  regard?
11           MS. SINGER:  Linda Singer, your Honor.  I'm happy to
12  open the bidding on this one.
13           So the U.S. Virgin Islands and the Doe plaintiffs had
14  previously been in touch with JPMorgan which had asked us about
15  extending the schedule.  What we had proposed to them was
16  moving the deadline for plaintiffs' expert reports till the end
17  of April, which I think takes some of the pressure off some of
18  the discovery issues because depositions can then move back.
19  So that would be one suggestion.  Obviously, we can't speak to
20  the class certification issues
21           THE COURT:  Okay, anyone disagree with that?
22           MR. BUTTS:  Your Honor, John Butts for JPMorgan.  We
23  are happy to proceed on any schedule.  The schedule that -- I
24  know you're asking this, with Mr. Staley's third-party
25  complaint aside, our interest is doing everything in one

plays out in terms of timing, but I will for the moment stick to the 60 days.

MR. SULLIVAN:  Thank you, sir.

MR. EDWARDS:  Your Honor, may I be heard?

THE COURT:  Yes.

MR. EDWARDS:  Bradley Edwards on behalf of Jane Does.

Maintaining the trial date is extraordinarily important to our clients, and so we would move -- if it is the third-party complaint that is going to disrupt that, we would move at this time to sever the third-party complaint and just proceed on the way that -- on the track that we're all scheduled to be on.

MS. SINGER:  Your Honor, if I may add to that for the U.S. Virgin Islands.  Obviously, the Court has discretion under Rule 14(a)(4) to sever and stay a third-party complaint in this case.

THE COURT:  Last I heard, I have that discretion even without the rule.

MS. SINGER:  Understood.  In the same vein of service and all things, understood.  In this case, we do believe it's in the interest of judicial economy, particularly because most of the claims against Mr. Staley are contingent claims, and this is an instance with proceeding with the case-in-chief allowing the plaintiffs to proceed to trial.

And then, you know, if a secondary trial is needed on

1     that we move the Deutsche Bank case to September 5.

2             So I think those are the only three realistic options.

3             So I heard -- and I think it's not without some
4     force -- plaintiff's counsel's feeling desire to move this case
5     forward rapidly.  It's a case of public importance.  It's a
6     case that counsel have worked hard to meet the schedule of the
7     Court.  On the other hand, I am not really clear why a modest
8     delay, essentially in the case of the JPMorgan case, a month
9     and a half, is really so prejudicial.

10            But let me hear anything further that plaintiff's
11    counsel wanted to say on that.

12            MR. VILLACASTIN:  Good afternoon, your Honor.  Andrew
13    Villacastin from Boies Schiller Flexner.

14            Jane Doe's preference is to keep the trial dates.  I
15    think your inclination in the beginning of the hearing where
16    you noted that there was some play in the joints, you had the
17    ability -- we have a separate trial on June 20 and a two-month
18    delay before the beginning of trial.  We have ten unripe
19    applications.  We don't know how Mr. Staley's entering into the
20    case necessarily will affect the schedule, and I think we
21    should hear what he intends to do before we necessarily move
22    it.

23            You know, there was a mention of severance as well.  I
24    think, you know, we can consider what the parties' intentions
25    are.  The parties have not yet conferred on this, as I think