## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE 1, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | Case No. 22-cv-10018 (JSR) |
| DEUTSCHE BANK AKTIENGESELLSCHAFT, DEUTSCHE BANK AG NEW YORK BRANCH, AND DEUTSCHE BANK TRUST COMPANY AMERICAS, | |
| Defendants. | |

| | |
|---|---|
| JANE DOE 1, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | Case No. 22-cv-10019 (JSR) |
| JP MORGAN CHASE BANK, N.A., | |
| Defendant. | |

## DEFENDANT JPMORGAN CHASE BANK, N.A.'S ANSWER TO FIRST AMENDED INDIVIDUAL AND CLASS ACTION COMPLAINT AND STATEMENT OF AFFIRMATIVE DEFENSES

To the extent the headings or jury demand in the FAC require a response, JPMC denies the allegations contained therein.

To the extent the first un-numbered paragraph of the FAC requires a response, JPMC admits that Plaintiff purports to bring this action under the specified statutes as a class action, individually and on behalf of the class alleged in the FAC, but denies that such a class can or

1

should be certified and denies that Plaintiff is entitled to damages or any other relief.  JPMC otherwise denies the allegations in that paragraph.

To the extent the second, third, and fourth un-numbered paragraphs of the FAC require a response, JPMC denies the allegations contained therein.

## I. JURISDICTION, VENUE, AND TIMELINESS

1. The allegations in paragraph 1 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC admits that this Court has subject-matter jurisdiction over Plaintiff's surviving federal claims and otherwise denies the allegations in paragraph 1.

2. The allegations in paragraph 2 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC admits that this Court has subject-matter jurisdiction over Plaintiff's surviving state-law claims and otherwise denies the allegations in paragraph 2.

3. The allegations in the first sentence of paragraph 3 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 3, and on that basis denies them.  JPMC denies the allegations in the second sentence of paragraph 3.  JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 3, and on that basis denies them.

4. JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, and on that basis denies them.

5. JPMC lacks information or knowledge sufficient to respond to the allegations in paragraph 5, and on that basis denies them.

6.     The allegations in paragraph 6 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations in paragraph 6.

## II.     PARTIES

7.     JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, and on that basis denies them.

8.     JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and on that basis denies them.

9.     JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and on that basis denies them.

10.     JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, and on that basis denies them.

11.     The allegations in paragraph 11 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, and on that basis denies them.

12.     The allegations in the first sentence of paragraph 12 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations in the first sentence of paragraph 12.  JPMC denies the allegations in the second sentence of paragraph 12.

13.     JPMC is a national bank chartered by the Office of the Comptroller of the Currency, with its main office in New York, New York.  JPMC denies the remaining allegations in paragraph 13.

14.     Denied.

15.     The allegations in paragraph 15 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC admits the allegations in paragraph 15.

16.     The allegations in paragraph 16 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC admits the allegations in paragraph 16.

17.     The allegations in paragraph 17 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations in paragraph 17.

18.     The allegations in paragraph 18 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations in paragraph 18.

### III.     INTRODUCTION

19.     The allegations in paragraph 19 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and on that basis denies them.

20.     JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 20, and on that basis denies them.  The allegations in the second sentence of paragraph 20 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 20, and on that basis denies them.

21.     The allegations in paragraph 21 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, and on that basis denies them.

22.     The allegations in paragraph 22 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations in paragraph 22.

23.     The allegations in paragraph 23 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23, and on that basis denies them.

24.     The allegations in paragraph 24 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations in paragraph 24.

25.     The allegations in paragraph 25 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 25, and on that basis denies them.  JPMC denies the allegations in the second sentence of paragraph 25.

26.     JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, and on that basis denies them.

27.     JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27, and on that basis denies them.

28.     The allegations in paragraph 28 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28, and on that basis denies them.

29.     The allegations in paragraph 29 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of paragraph 29, and on that basis denies them.  JPMC denies the allegations in the second sentence of paragraph 29.

30.     The allegations in paragraph 30 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 30 and on that basis denies them.

31.     The allegations in paragraph 31 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 31, and on that basis denies them.

32.     The allegations in paragraph 32 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, and on that basis denies them.

33.     The allegations in paragraph 33 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations in the first sentence of paragraph 33 and lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 33, and on that basis denies them.

34.     JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34, and on that basis denies them.

35.     JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35, and on that basis denies them.

36.     The allegations in paragraph 36 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and on that basis denies them.

37.     The allegations in paragraph 37 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37, and on that basis denies them.

38.     The allegations in paragraph 38 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38, and on that basis denies them.

39.     The allegations in paragraph 39 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations in paragraph 39.

40.     JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40, and on that basis denies them.

41.     JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41, and on that basis denies them.

42.     The allegations in paragraph 42 purport to characterize the contents of public documents and articles, and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 42, and on that basis denies them.

43.     The allegations in paragraph 43 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43, and on that basis denies them.

44.     The allegations in paragraph 44 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44, and on that basis denies them.

45.     JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45, and on that basis denies them.

46.     Denied.

47.     JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47, and on that basis denies them.

48.     The allegations in paragraph 48 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48, and on that basis denies them.

49.     The allegations in paragraph 49 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49, and on that basis denies them.

50.     The allegations in paragraph 50 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 50, and on that basis denies them.

51.     The allegations in paragraph 51 purport to characterize the contents of public documents and thus no response is required.  JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents.  To the extent a response is required, JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 51, and on that basis denies them.

52.     JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52, and on that basis denies them.

53.     The allegations in paragraph 53 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations in paragraph 53.

## IV. THE TRAFFICKING VICTIMS PROTECTION ACT

54.     The allegations in paragraph 54 purport to characterize or summarize the TVPA. JPMC respectfully refers the Court to the language of that law for a complete and accurate recitation of its contents.  To the extent a response is required, JPMC denies the allegations in paragraph 54.

55.     The allegations in paragraph 55 purport to quote from the TVPA, and thus no response is required.  JPMC respectfully refers the Court to the language of that law for a complete and accurate recitation of its contents.

56.     The allegations in paragraph 56 purport to characterize or summarize the TVPA. JPMC respectfully refers the Court to the language of that law for a complete and accurate recitation of its contents.

57.     The allegations in paragraph 57 purport to characterize or summarize the TVPA. JPMC respectfully refers the Court to the language of that law for a complete and accurate recitation of its contents.

58.     The allegations in paragraph 58 purport to characterize or summarize the TVPA. JPMC respectfully refers the Court to the language of that law for a complete and accurate recitation of its contents.

59.     The allegations in paragraph 59 purport to state conclusions of law or characterize the contents of other allegations in the Amended Complaint and therefore no response is required.  To the extent a response is required, JPMC respectfully refers the Court to those specific allegations.

60.     The allegations in paragraph 60 purport to state conclusions of law or characterize the contents of other allegations in the Amended Complaint and therefore no response is required.  To the extent a response is required, JPMC respectfully refers the Court to those specific allegations.

## V. FACTUAL ALLEGATIONS

61.     JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61, and on that basis denies them.

62.     The allegations in paragraph 62 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62, and on that basis denies them.

63.     The allegations in paragraph 63 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63, and on that basis denies them.

64.     The allegations in the first sentence of paragraph 64 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 64, and on that basis denies them.  JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 64, and on that basis denies them.

65.     The allegations in the first sentence of paragraph 65 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 65, and on that basis denies them.  JPMC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 65, and on that basis denies them.

66.     JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and fourth sentences of paragraph 66, and on that basis denies them. The allegations in the second and third sentences of paragraph 66 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in the second and third sentences of paragraph 66, and on that basis denies them.

67. The allegations in paragraph 67 are conclusions of law and thus no response is required. To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67, and on that basis denies them.

68. The allegations in paragraph 68 are conclusions of law and thus no response is required. To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68, and on that basis denies them.

69. The allegations in paragraph 69 are conclusions of law and thus no response is required. To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69, and on that basis denies them.

70. The allegations in paragraph 70 are conclusions of law and thus no response is required. To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70, and on that basis denies them.

71. The allegations in paragraph 71 are conclusions of law to which no response is required. To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71, and on that basis denies them.

72. The allegations in paragraph 72 are conclusions of law to which no response is required. To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72, and on that basis denies them.

73. The allegations in paragraph 73 are conclusions of law to which no response is required. To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73, and on that basis denies them.

74.     The allegations in paragraph 74 are conclusions of law to which no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74, and on that basis denies them.

75.     The allegations in paragraph 75 are conclusions of law to which no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75, and on that basis denies them.

76.     The allegations in paragraph 76 are conclusions of law to which no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76, and on that basis denies them.

77.     JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77, and on that basis denies them.

78.     Denied.

79.     The allegations in paragraph 79 purport to characterize the contents of public documents relating to a law enforcement investigation.  JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79, and on that basis denies them.

80.     The allegations in the first and second sentences of paragraph 80 purport to characterize the contents of public documents.  JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 80, and on that basis denies them.  JPMC denies the allegations in the third and fourth sentences of paragraph 80.

81.     The allegations in paragraph 81 purport to characterize the contents of public documents.  JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81, and on that basis denies them.

82.     JPMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 82, and on that basis denies them.

83.     Denied.

84.     The allegations in paragraph 84 purport to characterize the contents of public documents, and thus no response is required.  JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents.  To the extent a response is required, JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 84, and on that basis denies them.

85.     The allegations in paragraph 85 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85, and on that basis denies them.

86.     The allegations in paragraph 86 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86, and on that basis denies them.

87.     The allegations in paragraph 87 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87, and on that basis denies them.

88.     The allegations in paragraph 88 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88, and on that basis denies them.

89.     The allegations in paragraph 89 purport to characterize the contents of public documents.  JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents.  To the extent a response is required, JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 89, and on that basis denies them.

90.     JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 90, and on that basis denies them.

91.     JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91, and on that basis denies them.

92.     The allegations in paragraph 92 purport to characterize the contents of public documents.  JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents.  To the extent a response is required, JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 92, and on that basis denies them.

93.     The allegations in paragraph 93 purport to characterize the contents of public documents.  JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93, and on that basis denies them.

94.     JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94, and on that basis denies them.

95.     JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 95, and on that basis denies them.  The allegations in the second sentence of paragraph 95 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 95, and on that basis denies them.

96.     The allegations in the first and second sentences of paragraph 96 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to respond to the allegations in the first and second sentences of paragraph 96.  JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of paragraph 96, and on that basis denies them.

97.     The allegations in the paragraph 97 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 97, and on that basis denies them.

98.     JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 98, and on that basis denies them.  The allegations in the second, third, and fourth sentences of paragraph 98 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to respond to the allegations in the second, third, and fourth sentences of paragraph 98, and on that basis denies them.

99.     The allegations in paragraph 99 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 99, and on that basis denies them.

100.    The allegations in paragraph 100 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 100, and on that basis denies them.

101.    The allegations in paragraph 101 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 101, and on that basis denies them.

102.    The allegations in paragraph 102 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 102, and on that basis denies them.

103.    The allegations in paragraph 103 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 103, and on that basis denies them.

104.    The allegations in paragraph 104 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 104, and on that basis denies them.

105.    JPMC lacks knowledge or information sufficient to form a belief as to the truth of to the allegations in paragraph 105, and on that basis denies them.

106.    JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 106, and on that basis denies them.  The allegations in the second sentence of paragraph 106 are conclusions of law, and thus no response

16

is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 106, and on that basis denies them.

107.    The allegations in the first, second, and third sentences of paragraph 107 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of paragraph 107, and on that basis denies them.  JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of paragraph 107, and on that basis denies them.

108.    The allegations in paragraph 108 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 108, and on that basis denies them.

109.    The allegations in paragraph 109 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 109, and on that basis denies them.

110.    The allegations in paragraph 110 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations in paragraph 110.

111.    The allegations in paragraph 111 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111, and on that basis denies them.

112.    The allegations in paragraph 112 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112, and on that basis denies them.

113.    The allegations in paragraph 113 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113, and on that basis denies them.

114.    The allegations in paragraph 114 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114, and on that basis denies them.

115.    JPMC admits that James Staley was the CEO of JPMC's Asset Management line of business from 2001 to 2009 and from 2009 to 2013 was the CEO of JPMC's Investment Banking line of business.  The remaining allegations in paragraph 115 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 115, and on that basis denies them.

116.    The allegations in paragraph 116 purport to characterize and summarize the BSA and New York state law applicable to financial institutions.  JPMC respectfully refers the Court to the language of those laws for a complete and accurate recitation of their contents.

117.    The allegations in paragraph 117 purport to characterize and summarize the legal and regulatory requirements applicable to financial institutions.  JPMC respectfully refers the Court to the language of federal and state banking law and regulations for a complete and accurate recitation of their contents.

118.    The allegations in paragraph 118 purport to characterize and summarize the legal and regulatory requirements applicable to financial institutions.  JPMC respectfully refers the Court to the language of federal and state banking law and regulations for a complete and accurate recitation of their contents.

119.     The allegations in paragraph 119 purport to characterize and summarize the legal and regulatory requirements applicable to financial institutions.  JPMC respectfully refers the Court to the language of federal and state banking law and regulations for a complete and accurate recitation of their contents.

120.     The allegations in paragraph 120 purport to characterize and summarize the legal and regulatory requirements applicable to financial institutions.  JPMC respectfully refers the Court to the language of federal and state banking law and regulations for a complete and accurate recitation of their contents.

121.     The allegations in paragraph 121 purport to characterize and summarize the legal and regulatory requirements applicable to financial institutions.  JPMC respectfully refers the Court to the language of federal and state banking law and regulations for a complete and accurate recitation of their contents.

122.     Denied.

123.     The allegations in paragraph 123 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 123, and on that basis denies them.  JPMC denies the allegations in the second sentence of paragraph 123.

124.     Denied.

125.     JPMC admits that around 2000, Staley was the head of JPMC's private banking division.  The remaining allegations in paragraph 125 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the remaining allegations in paragraph 125.

126.     JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 126, and on that basis denies them.

127.     JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 127, and on that basis denies them.

128.     The allegations in the first sentence of paragraph 128 purport to characterize the contents of unspecified "reporting." JPMC respectfully refers to the Court to that reporting for a complete and accurate recitation of its contents. To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 128, and on that basis denies them. JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 128, and on that basis denies them. The allegations in the third and fourth sentences of paragraph 128 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations in the third and fourth sentences of paragraph 128.

129.     The allegations in paragraph 129 are conclusions of law and thus require no response. To the extent a response is required, JPMC denies the allegations in paragraph 129.

130.     The allegations in paragraph 130 are conclusions of law and thus require no response. To the extent a response is required, JPMC denies the allegations in paragraph 130.

131.     JPMC admits that from 2001 to 2009, Staley was the Chief Executive Officer of JPMC's Asset Management line of business. JPMC denies the remaining allegations in paragraph 131.

132.     Denied.

133.     Denied.

134.     Denied.

135.     JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135, and on that basis denies them.

136.     JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 136, and on that basis denies them.

137.     JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 137, and on that basis denies them.

138.     The allegations in paragraph 138 are conclusions of law and thus no response is required.  To the extent a response is required, respecting those allegations in paragraph 138 that do not pertain to JPMC, JPMC lacks knowledge or information sufficient to respond, and on that basis denies them.  JPMC denies the remaining allegations in paragraph 138.

139.     The allegations in paragraph 139 are conclusions of law and thus no response is required.  To the extent a response is required, respecting those allegations in paragraph 139 that do not pertain to JPMC, JPMC lacks knowledge or information sufficient to respond, and on that basis, denies them.  JPMC denies the remaining allegations in paragraph 139.

140.     The allegations in the first and second sentences of paragraph 140 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to respond to the allegations in the first and second sentences of paragraph 140, and on that basis denies them.  JPMC lacks knowledge or information sufficient to respond to the allegations in the third and fourth sentences of paragraph 140, and on that basis denies them.

141.     JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141, and on that basis denies the allegations.

142.    The allegations in paragraph 142 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 142, and on that basis denies them.

143.    The allegations in paragraph 143 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 143, and on that basis denies them.

144.    JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144, and on that basis denies them.

145.    Denied.

146.    Denied.

147.    JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 147, and on that basis denies them.

148.    The allegations in paragraph 148 purport to characterize the contents of documents.  JPMC respectfully refers the Court to the documents for a complete and accurate recitation of their contents.  To the extent a response is required, JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 149, and on that basis denies them.

149.    The allegations in paragraph 149 purport to characterize the contents of a document.  JPMC respectfully refers the Court to the document for a complete and accurate recitation of its contents.  To the extent a response is required, JPMC lacks knowledge or information sufficient to respond to the allegations, and on that basis denies them.

150.    JPMC denies the allegations in the first sentence of paragraph 150.  JPMC lacks knowledge or information sufficient to respond to the allegations in the second sentence of paragraph 150, and on that basis denies them.

151.    JPMC denies the allegations in the first sentence of paragraph 151.  The allegations in the second and third sentences of paragraph 151 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations in the second and third sentences of paragraph 151.  JPMC denies the allegations in the fourth sentence of paragraph 151.

152.    JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 152, and on that basis denies them.

153.    JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 153, and on that basis denies them.

154.    The allegations in paragraph 154 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

155.    The allegations in paragraph 155 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations in paragraph 155.

156.    The allegations in paragraph 156 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

157.    The allegations in paragraph 157 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

158.    The allegations in paragraph 158 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

159.     JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 159, and on that basis denies them.

160.     The allegations in the first sentence of paragraph 160 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations in the first sentence of paragraph 160.  JPMC denies the allegations in the second sentence of paragraph 160.

161.     The allegations in paragraph 161 purport to characterize the contents of a news article.  JPMC respectfully refers the Court to the article for a complete and accurate recitation of its contents.  To the extent a response is required, JPMC denies the allegations.

162.     The allegations in paragraph 162 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

163.     Denied.

164.     The allegations in paragraph 164 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to respond to the allegations in the first sentence of paragraph 164, and on that basis denies them.  JPMC denies the allegations in the second, third, and fourth sentences of paragraph 164.

165.     Denied.

166.     The allegations in paragraph 166 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

167.     JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 167, and on that basis denies them.

168.     The allegations in the first sentence of paragraph 168 purport to characterize the contents of unspecified "reporting."  JPMC respectfully refers to the Court to that reporting for a

complete and accurate recitation of its contents. To the extent a response is required, JPMC denies the allegations in the first sentence of paragraph 168. The allegations in the second sentence of paragraph 168 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations in the second sentence of paragraph 168.

169.     JPMC admits that the Financial Trust Company was paid $15 million by Highbridge Capital Management for merger and acquisition advice, and otherwise denies the allegations in paragraph 169.

170.     The allegations in paragraph 170 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations.

171.     The allegations in paragraph 171 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations.

172.     JPMC denies the allegations in the first and second sentences of paragraph 172. The allegations in the third sentence of paragraph 172 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations in the third sentence of paragraph 172.

173.     The allegations in paragraph 173 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations.

174.     The allegations in paragraph 174 are conclusions of law and thus no response is required. To the extent a response is required, JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 174, and on that basis denies them.

175.     The allegations in the first sentence of paragraph 175 purport to characterize the contents of testimony. JPMC respectfully refers to the Court to that testimony for a complete

and accurate recitation of its contents. To the extent a response is required, JPMC denies the allegations in paragraph 175.

176. The allegations in paragraph 176 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations.

177. Denied.

178. Denied.

179. Denied.

180. JPMC denies the allegations in the first sentence of paragraph 180. The allegations in the second and third sentences of paragraph 180 purport to characterize the BSA and related laws and regulations. JPMC respectfully refers the Court to the language of those banking laws and regulations for a complete and accurate recitation of their contents. JPMC denies the allegations in the fourth sentence of paragraph 180.

181. The allegations in paragraph 181 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations.

182. The allegations in paragraph 182 purport to characterize, summarize, or quote from a public court filing. JPMC respectfully refers the Court that document for a complete and accurate recitation of its contents. To the extent a response is required, JPMC denies the allegations. To the extent the footnote advances any additional allegations, JPMC denies the allegations and that the purported incorporation described in the footnote is appropriate.

183. The allegations in paragraph 183 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations.

184. The allegations in the first sentence of paragraph 184 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations

in the first sentence of paragraph 184.  JPMC denies the allegations in the second sentence of paragraph 184.  The allegations in the third sentence of paragraph 184 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations in the third sentence of paragraph 184.

185.     JPMC admits that in 2013 JPMC communicated to Epstein that JPMC decided to exit Epstein as a banking client.  JPMC denies the remaining allegations in paragraph 185.

186.     JPMC admits that in 2013 JPMC communicated to Epstein that JPMC decided to exit Epstein as a banking client.  JPMC denies the remaining allegations in paragraph 186.

187.     The first and second sentences of paragraph 187 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations in the first and second sentences of paragraph 187.  JPMC denies the allegations in the third sentence of paragraph 187.

188.     JPMC denies the allegations in the first sentence of paragraph 188.  JPMC lacks knowledge or information sufficient to respond to the allegations in the second sentence of paragraph 188, and on that basis denies them.  The allegations in the third sentence of paragraph 188 purport to characterize or summarize a public court filing.  JPMC respectfully refers the Court to that document for a complete and accurate recitation of its contents.  To the extent a response is required, JPMC denies the allegations.

189.     The allegations in paragraph 189 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations in paragraph 189.

190.     The allegations in paragraph 190 purport to characterize the contents of police reports, news articles, and public documents.  JPMC respectfully refers the Court to those

documents for a complete and accurate recitation of their contents. To the extent a response is required, JPMC denies the allegations in paragraph 190.

191. The allegations in paragraph 191 purport to characterize the contents of police reports, news articles, and public documents. JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent a response is required, JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 191, and on that basis denies them.

192. The allegations in paragraph 192 purport to characterize the contents of police reports, news articles, and public documents. JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent a response is required, JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 192, and on that basis denies them.

193. The allegations in paragraph 193 purport to characterize the contents of police reports, news articles, and public documents. JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent a response is required, JPMC denies the allegations in paragraph 193.

194. Denied.

195. Denied.

196. Denied.

197. JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 197, and on that basis denies them.

198.     JPMC admits that in 2008 Epstein entered a guilty plea to state charges, registered as a sex offender, and went to jail.  JPMC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 198, and on that basis denies them.

199.     JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 199, and on that basis denies them.

200.     JPMC lacks knowledge or information sufficient to respond to the allegations in the first, second, and third sentences of paragraph 200, and on that basis denies them.  The allegations in the fourth sentence of paragraph 200 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations in the fourth sentence of paragraph 200.  JPMC lacks knowledge or information sufficient to respond to the allegations in the fifth sentence of paragraph 200, and on that basis denies them.

201.     Denied.

202.     JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 202, and on that basis denies them.

203.     The allegations in paragraph 203 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations in paragraph 203.

204.     JPMC lacks knowledge or information sufficient to respond to the allegations in the first sentence of paragraph 204, and on that basis denies them.  The allegations in the second and third sentences of paragraph 204 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations in the second and third sentences of paragraph 204.

205.     JPMC lacks knowledge or information sufficient to respond to the allegations in the first, second, and third sentences of paragraph 205, and on that basis denies them.  The

allegations in the fourth sentence of paragraph 205 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations in the fourth sentence of paragraph 205.

206. The allegations in paragraph 206 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations in paragraph 206.

207. The allegations in paragraph 207 purport to characterize the contents of public documents. JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent a response is required, JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 207.

208. The allegations in paragraph 208 purport to characterize the contents of public documents. JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent a response is required, JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 208.

209. The allegations in paragraph 209 purport to characterize the contents of public documents. JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents. The allegations in paragraph 209 also purport to characterize the content of other allegations in the Amended Complaint and thus no response is required. To the extent a response is required, JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 209.

210. The allegations in paragraph 210 purport to characterize the contents of public documents. JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent a response is required, JPMC lacks knowledge or

information sufficient to respond to the allegations in paragraph 210, and on that basis denies them.

211.    The allegations in paragraph 211 purport to characterize the contents of public documents.  JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents.  To the extent a response is required, JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 211, and on that basis denies them.

212.    The allegations in paragraph 212 purport to characterize or quote from the contents of public documents.  JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents.  To the extent a response is required, JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 212, and on that basis denies them.

213.    The allegations in the first sentence of paragraph 213 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations in the first sentence of paragraph 213.  JPMC denies the allegations in the second sentence of paragraph 213.

214.    Denied.

215.    The allegations in paragraph 215 purport to characterize the contents of documents.  JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents.  To the extent a response is required, JPMC denies the allegations in paragraph 215.

216.    Denied.

217.    Denied.

218. The allegations in paragraph 218 purport to characterize the contents of media reports. JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent a response is required, JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 218, and on that basis denies them.

219. The allegations in paragraph 219 purport to characterize the contents of media reports. JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent a response is required, JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 219, and on that basis denies them.

220. Denied.

221. Denied.

222. Denied.

223. JPMC admits that in 2009, a subpoena was served on JPMC in connection with a civil case against Epstein, and that the subpoena was quashed by the court. JPMC denies the remaining allegations in paragraph 223.

224. Denied.

225. The allegations in paragraph 225 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations in paragraph 225.

226. The allegations in paragraph 226 are conclusions of law, and thus no response is required. To the extent a response is required, JPMC lacks knowledge or information sufficient to respond to the allegations in the first sentence of paragraph 226, and on that basis denies them. JPMC denies the allegations in the second sentence of paragraph 226.

227. The allegations in paragraph 227 are conclusions of law, and thus no response is required. To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 227, and on that basis denies them.

228. The allegations in paragraph 228 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations in paragraph 228.

229. Denied.

230. Denied.

231. Denied.

232. Denied.

233. JPMC admits the allegations in the first sentence of paragraph 233. The second and third sentences of paragraph 233 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations in the second and third sentences of paragraph 233. The fourth sentence of paragraph 233 purports to characterize or summarize the content of emails and thus requires no response. To the extent a response is required, JPMC respectfully refers the Court to the emails for a complete and accurate recitation of their contents.

234. Denied.

235. Denied.

236. Denied.

237. JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 237, and on that basis denies them.

238. Denied.

239. Denied.

240. The allegations in paragraph 240 are conclusions of law and thus no response is required. To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 240, and on that basis denies them. JPMC denies the allegations in the second sentence of paragraph 240.

241. The allegations in the first sentence of paragraph 241 are conclusions of law and thus no response is required. To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 241, and on that basis denies them. JPMC denies the allegations in the second sentence of paragraph 241.

242. Denied.

243. Denied.

244. Denied.

245. JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 245, and on that basis denies them.

246. The allegations in paragraph 246 purport to characterize, quote from, or summarize a document. JPMC respectfully refers the Court to the document for a complete and accurate recitation of its contents. To the extent a response is required, JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 246, and on that basis denies them.

247. JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 247, and on that basis denies them.

248. JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 248, and on that basis denies them.

249. JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 249, and on that basis denies them.

250. JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 250, and on that basis denies them.

251. JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 251, and on that basis denies them.

252. The allegations in paragraph 252 are conclusions of law and thus no response is required. To the extent a response is required, JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 252, and on that basis denies them.

253. The allegations in paragraph 253 are conclusions of law and thus no response is required. To the extent a response is required, JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 253, and on that basis denies them.

254. The allegations in paragraph 254 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations in paragraph 254.

255. The allegations in paragraph 255 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations in paragraph 255.

256. The allegations in paragraph 256 are conclusions of law and thus no response is required. To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 256, and on that basis denies them. JPMC denies that any class could be certified.

257. The allegations in paragraph 257 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations in paragraph 257.

258.     The allegations in the first sentence of paragraph 258 purport to characterize and summarize the legal and regulatory requirements applicable to financial institutions.  JPMC respectfully refers the Court to the language of federal and state banking law and regulations for a complete and accurate recitation of their contents.  The allegations in the second sentence of paragraph 258 are conclusions of law, and thus no response is required.  To the extent a response is required, JPMC denies the allegations in the second sentence of paragraph 258.

259.     The allegations in paragraph 259 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations in paragraph 259.

260.     The allegations in paragraph 260 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations in paragraph 260.

261.     The allegations in paragraph 261 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 261, and on that basis denies them.

262.     JPMC lacks knowledge or information sufficient to respond to the allegations in the first sentence of paragraph 262, and on that basis denies them.  The allegations in the second sentence of paragraph 262 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations in the second sentence of paragraph 262.

263.     JPMC admits that in 2013 JPMC communicated to Epstein that JPMC decided to exit Epstein as a banking client.  JPMC admits that, without admitting wrongdoing, it entered into a consent order with the OCC in January 2013.  The remaining allegations in paragraph 263 purport to characterize, quote, or summarize a document.  JPMC respectfully refers the Court to the document for a complete and accurate recitation of its contents.  To the extent a response is required, JPMC denies the remaining allegations.

264.     JPMC lacks knowledge or information sufficient to respond to the allegations in the first sentence of paragraph 264, and on that basis denies them.  The allegations in the second sentence of paragraph 264 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations in the second sentence of paragraph 264.

265.     The allegations in paragraph 265 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations in paragraph 265.

266.     The allegations in paragraph 266 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations in paragraph 266.

267.     The allegations in the first sentence of paragraph 267 purport to characterize the contents of other allegations in the Amended Complaint and thus no response is required.  To the extent a response is required, JPMC respectfully refers the Court to those specific allegations.  The allegations in the first, second, and third sentences of paragraph 267 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations in the first, second, and third sentences of paragraph 267.

268.     The allegations in paragraph 268 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations in paragraph 268.

269.     The allegations in paragraph 269 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations in paragraph 269.

270.     The allegations in paragraph 270 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations in paragraph 270.

271.     The allegations in paragraph 271 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations in paragraph 271.

272. The allegations in paragraph 272 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations in paragraph 272.

273. The allegations in paragraph 273 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations in paragraph 273. JPMC denies that any class can or should be certified.

274. The first sentence of paragraph 274 purports to characterize or summarize the TVPA. JPMC respectfully refers to the Court to the statutory text for a complete and accurate recitation of its contents. The second, third, and fourth sentences of paragraph 274 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations and denies that a class can or should be certified.

275. The allegations in paragraph 275 purport to characterize, summarize, or quote from New York law and a press article. JPMC respectfully refers to the Court to the statutory text and the article for a complete and accurate recitation of their contents.

## VI. CLASS ACTION ALLEGATIONS

276. JPMC admits that Plaintiff purports to bring this action on behalf of the putative class set forth in paragraph 276. JPMC denies that the class can or should be certified.

277. The allegations in paragraph 277 purport to reserve legal rights, and thus no response is required. JPMC denies that a modified class or a subclass of the putative class set forth in paragraph 276 can or should be certified.

278. The allegations in paragraph 278 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations in paragraph 278.

279. The allegations in paragraph 279 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations in paragraph 279.

280. The allegations in paragraph 280 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations in paragraph 280.

281. The allegations in paragraph 281 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations in paragraph 281.

282. The allegations in paragraph 282 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations in paragraph 282.

283. The allegations in paragraph 283 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations in paragraph 283.

284. The allegations in paragraph 284 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations in paragraph 284.

285. The allegations in paragraph 285 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations in paragraph 285.

## VII. CAUSES OF ACTION

### COUNT I
### AIDING, ABETTING, AND FACILITATING
### BATTERY

286. JPMC repeats and reasserts each and every response to the allegations asserted in the foregoing paragraphs with the same force and effect as if fully set forth herein.

287. By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

288. By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

289. By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

290.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

291.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

292.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

293.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

294.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

295.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

296.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

297.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

298.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

299.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

300.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

301.    JPMC repeats and reasserts each and every response to the allegations asserted in the foregoing paragraphs with the same force and effect as if fully set forth herein.

302.    By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

303.    By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

304.    By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

305.    By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

306.    By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

307.    By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

308.    By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

309.    By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

## COUNT III
## NEGLIGENT FAILURE TO EXERCISE REASONABLE CARE TO PREVENT PHYSICAL HARM

310.    JPMC repeats and reasserts each and every response to the allegations asserted in the foregoing paragraphs with the same force and effect as if fully set forth herein.

311.     JPMC admits that Plaintiff purports to bring this Count individually and on behalf of the putative class set forth in paragraph 276.  JPMC denies that the class can or should be certified.

312.     The allegations in paragraph 312 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

313.     The allegations in paragraph 313 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.  JPMC denies that a class can or should be certified.

314.     The allegations in paragraph 314 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.  JPMC denies that a class can or should be certified.

315.     The allegations in paragraph 315 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.  JPMC denies that a class can or should be certified.

316.     The allegations in paragraph 316 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.  JPMC denies that a class can or should be certified.

317.     The allegations in paragraph 317 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.  JPMC denies that a class can or should be certified.

318.     The allegations in paragraph 318 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.  JPMC denies that a class can or should be certified.

319.	The allegations in paragraph 319 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations. JPMC denies that a class can or should be certified.

320.	The allegations in paragraph 320 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations. JPMC denies that a class can or should be certified.

321.	The allegations in paragraph 321 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations. JPMC denies that a class can or should be certified.

**COUNT IV**
**NEGLIGENT FAILURE TO EXERCISE REASONABLE CARE AS A BANKING INSTITUTION PROVIDING NON-ROUTINE BANKING**

322.	JPMC repeats and reasserts each and every response to the allegations asserted in the foregoing paragraphs with the same force and effect as if fully set forth herein.

323.	JPMC admits that Plaintiff purports to bring this action on behalf of the putative class set forth in paragraph 276. JPMC denies that the class can or should be certified.

324.	The allegations in paragraph 324 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations. JPMC denies that a class can or should be certified.

325.	The allegations in the first sentence of paragraph 325 purport to characterize the content of other allegations in the Amended Complaint and thus no response is required. To the extent a response is required, JPMC respectfully refers the Court to the specific allegations. The allegations in paragraph 325 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations.

326.    The allegations in paragraph 326 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

327.    The allegations in paragraph 327 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

328.    The allegations in paragraph 328 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

329.    The allegations in paragraph 329 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.  JPMC denies that a class can or should be certified.

330.    The allegations in paragraph 330 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.  JPMC denies that a class can or should be certified.

331.    The allegations in paragraph 331 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.  JPMC denies that a class can or should be certified.

332.    The allegations in paragraph 332 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.  JPMC denies that a class can or should be certified.

333.    The allegations in paragraph 333 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

334.    The allegations in paragraph 334 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.  JPMC denies that a class can or should be certified.

335. The allegations in paragraph 335 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations. JPMC denies that a class can or should be certified.

336. The allegations in paragraph 336 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations. JPMC denies that a class can or should be certified.

337. The allegations in paragraph 337 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations. JPMC denies that a class can or should be certified.

338. The allegations in the first sentence of paragraph 338 purport to characterize the content of other allegations in the Amended Complaint and thus no response is required. To the extent a response is required, JPMC respectfully refers the Court to the specific allegations. The allegations in paragraph 338 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations. JPMC denies that a class can or should be certified.

339. The allegations in paragraph 339 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations. JPMC denies that a class can or should be certified.

340. The allegations in paragraph 340 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations. JPMC denies that a class can or should be certified.

341. The allegations in paragraph 341 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations. JPMC denies that a class can or should be certified.

342. The allegations in paragraph 342 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations. JPMC denies that a class can or should be certified.

343. The allegations in paragraph 343 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations. JPMC denies that a class can or should be certified.

344. The allegations in the first sentence of paragraph 344 purport to characterize the content of other allegations in the Amended Complaint and thus no response is required. To the extent a response is required, JPMC respectfully refers the Court to the specific allegations. The allegations in paragraph 344 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations. JPMC denies that a class can or should be certified.

345. The allegations in paragraph 345 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations. JPMC denies that a class can or should be certified.

346. The allegations in paragraph 346 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations. JPMC denies that a class can or should be certified.

## COUNT V
### KNOWING BENEFICIARY IN A SEX-TRAFFICKING VENTURE IN VIOLATION OF THE TRAFFICKING VICTIMS PROTECTION ACT, 18 U.S.C. §§ 1591(a)(2), 1595

347.    JPMC repeats and reasserts each and every response to the allegations asserted in the foregoing paragraphs with the same force and effect as if fully set forth herein.

348.    JPMC admits that Plaintiff purports to bring this action on behalf of the putative class set forth in paragraph 276.  JPMC denies that the class can or should be certified.

349.    The allegations in paragraph 349 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

350.    The allegations in paragraph 350 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

351.    The allegations in paragraph 351 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.  JPMC denies that a class can or should be certified.

352.    The allegations in paragraph 352 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

353.    The allegations in paragraph 353 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

354.    The allegations in paragraph 354 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

355.    The allegations in paragraph 355 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

356.    The allegations in paragraph 356 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

357.    The allegations in paragraph 357 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

358.    The allegations in paragraph 358 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

359.    The allegations in paragraph 359 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.  JPMC denies that a class can or should be certified.

360.    The allegations in paragraph 360 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

361.    The allegations in paragraph 361 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

362.    The allegations in paragraph 362 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

363.    The allegations in paragraph 363 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

364.    The allegations in paragraph 364 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.  JPMC denies that a class can or should be certified.

365.    The allegations in paragraph 365 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.  JPMC denies that a class can or should be certified.

366.    The allegations in paragraph 366 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.  JPMC denies that a class can or should be certified.

367. The allegations in paragraph 367 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations.

368. The allegations in paragraph 368 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations.

369. The allegations in paragraph 369 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations. JPMC denies that a class can or should be certified.

370. The allegations in paragraph 370 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations.

371. The allegations in paragraph 371 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations.

372. The allegations in paragraph 372 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations.

373. The allegations in paragraph 373 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations.

374. The allegations in paragraph 374 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations.

375. The allegations in paragraph 375 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations.

376. The allegations in paragraph 376 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations. JPMC denies that a class can or should be certified.

377. The allegations in paragraph 377 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations. JPMC denies that a class can or should be certified.

378. The allegations in paragraph 378 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations. JPMC denies that a class can or should be certified.

379. The allegations in paragraph 379 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations. JPMC denies that a class can or should be certified.

380. The allegations in paragraph 380 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations. JPMC denies that a class can or should be certified.

381. The allegations in paragraph 381 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations.

382. The allegations in paragraph 382 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations.

383. The allegations in paragraph 383 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations.

384. The allegations in paragraph 384 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations. JPMC denies that a class can or should be certified.

385. The allegations in paragraph 385 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations. JPMC denies that a class can or should be certified.

386. The allegations in paragraph 386 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations. JPMC denies that a class can or should be certified.

387. The allegations in paragraph 387 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations. JPMC denies that a class can or should be certified.

388. The allegations in paragraph 388 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations. JPMC denies that a class can or should be certified.

389. The allegations in paragraph 389 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations. JPMC denies that a class can or should be certified.

## COUNT VI
### PARTICIPATING IN A SEX-TRAFFICKING VENTURE IN VIOLATION OF THE TRAFFICKING VICTIMS PROTECTION ACT, 18 U.S.C. §§ 1591(a)(1), 1595

390. JPMC repeats and reasserts each and every response to the allegations asserted in the foregoing paragraphs with the same force and effect as if fully set forth herein.

391. By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

392. By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

393.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

394.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

395.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

396.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

397.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

398.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

399.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

400.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

401.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

402.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

403.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

404. By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

**COUNT VII**

**AIDING, ABETTING, AND INDUCING A SEX-TRAFFICKING VENTURE IN VIOLATION OF THE TRAFFICKING VICTIMS PROTECTION ACT, 18 U.S.C. §§ 2, 1591(a)(1) & (2), 1595**

405. JPMC repeats and reasserts each and every response to the allegations asserted in the foregoing paragraphs with the same force and effect as if fully set forth herein.

406. By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

407. By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

408. By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

409. By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

410. By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

411. By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

412. By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

413. By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

414. By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

415. By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

416. By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

417. By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

418. By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

419. By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

420. By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

421. By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

422. By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

423. By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

424. By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

## COUNT VIII
## CONSPIRACY TO COMMIT VIOLATIONS OF THE TRAFFICKING VICTIM PROTECTION ACT, 18 U.S.C. §§ 1594(c), 1591, 1595

425.     JPMC repeats and reasserts each and every response to the allegations asserted in the foregoing paragraphs with the same force and effect as if fully set forth herein.

426.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

427.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

428.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

429.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

430.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

431.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

432.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

433.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

434.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

435.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

436. By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

437. By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

438. By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

439. By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

440. By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

441. By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

442. By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

443. By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

444. By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

445. By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

446. By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

447.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

448.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

449.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

450.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

451.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

## <u>COUNT IX</u>
**ATTEMPT TO COMMIT VIOLATIONS OF THE TRAFFICKING VICTIM PROTECTION ACT, 18 U.S.C. §§ 1594(a), 1591, 1595**

452.     JPMC repeats and reasserts each and every response to the allegations asserted in the foregoing paragraphs with the same force and effect as if fully set forth herein.

453.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

454.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

455.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

456.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

457.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

458. By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

459. By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

460. By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

461. By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

462. By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

463. By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

464. By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

465. By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

466. By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

467. By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

## **COUNT X**
### **OBSTRUCTION OF THE ENFORCEMENT OF THE TRAFFICKING VICTIM PROTECTION ACT, 18 U.S.C. § 1591(d)**

468. JPMC repeats and reasserts each and every response to the allegations asserted in the foregoing paragraphs with the same force and effect as if fully set forth herein.

469.     JPMC admits that Plaintiff purports to bring this action on behalf of the putative class set forth in paragraph 276.  JPMC denies that the class can or should be certified.

470.     The allegations in paragraph 470 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

471.     The allegations in paragraph 471 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.  JPMC denies that a class can or should be certified.

472.     JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 472, and on that basis denies them.

473.     The allegations in paragraph 473 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.  JPMC denies that a class can or should be certified.

474.     The allegations in paragraph 474 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.  JPMC denies that a class can or should be certified.

475.     The allegations in paragraph 475 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.  JPMC denies that a class can or should be certified.

476.     JPMC denies the allegations in the first sentence of paragraph 476.  The allegations in the second sentence of paragraph 476 purport to characterize or summarize the BSA and related laws and regulations.  JPMC respectfully refers the Court to the full text of the BSA and related laws and regulations.  To the extent a response is required, JPMC denies the allegations in the second sentence of paragraph 476.  JPMC lacks sufficient knowledge or

information to respond to the allegations in the third sentence of paragraph 476, and on that basis denies them. JPMC denies the allegations in the fourth sentence of paragraph 476.

477. The allegations in paragraph 477 purport to characterize or summarize the BSA and related laws and regulations. JPMC respectfully refers the Court to the full text of the BSA and related laws and regulations. To the extent a response is required, JPMC denies the allegations in the second sentence of paragraph 477.

478. The allegations in paragraph 478 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations.

479. The allegations in paragraph 479 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations. JPMC denies that a class can or should be certified.

480. The allegations in paragraph 480 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations.

481. The allegations in paragraph 481 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations.

482. The allegations in paragraph 482 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations.

483. The allegations in paragraph 483 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations.

484. The allegations in paragraph 484 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations. JPMC denies that a class can or should be certified.

485. The allegations in paragraph 485 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations. JPMC denies that a class can or should be certified.

486. The allegations in paragraph 486 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations. JPMC denies that a class can or should be certified.

487. The allegations in paragraph 487 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations.

488. The allegations in paragraph 488 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations. JPMC denies that a class can or should be certified.

489. The allegations in paragraph 489 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations. JPMC denies that a class can or should be certified.

490. The allegations in paragraph 490 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations. JPMC denies that a class can or should be certified.

## VIII. REQUEST FOR RELIEF

JPMC denies that the relief requested is appropriate or warranted.

## <u>JURY DEMAND</u>

To the extent the jury demand requires a response, JPMC denies the allegations contained therein.

All allegations in the FAC not specifically admitted or otherwise answered are denied.

## DEFENDANT'S STATEMENT OF AFFIRMATIVE DEFENSES

Without assuming any burden of proof that it would not otherwise bear, JPMC asserts the following defenses. JPMC reserves the right to assert further defenses that may be identified in the course of further investigation, discovery, or litigation of this action, including, in the event any class is certified, the right to advance additional defenses pertinent to class members.

Even if not applicable to Plaintiff, some or all of the defenses asserted below may be applicable to one or more of the putative class members whom Plaintiff may seek to represent. In the event that any attempt is made to certify a class in this action, JPMC reserves the right to identify and advance any further defenses that may apply to persons other than the named Plaintiff.

### FIRST DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### SECOND DEFENSE

JPMC's actions were in full compliance with applicable laws and regulations.

### THIRD DEFENSE

Plaintiff's claims are barred by the doctrine of res judicata.

### FOURTH DEFENSE

Plaintiff's claims are barred by the doctrine of collateral estoppel.

### FIFTH DEFENSE

Plaintiff's claims are barred by the doctrine of *in pari delicto*.

### SIXTH DEFENSE

Plaintiff has released her claims against JPMC.

### SEVENTH DEFENSE

Plaintiff has waived her claims against JPMC.

**EIGHTH DEFENSE**

Plaintiff's damages, to the extent Plaintiff suffered any, should be barred or reduced in accordance with the doctrines of comparative and contributory negligence or fault.

**NINTH DEFENSE**

Plaintiff's damages, to the extent Plaintiff suffered any, are the result of the conduct of third parties over whom JPMC exercises no control.

**TENTH DEFENSE**

Plaintiff's injuries and damages, to the extent any were in fact sustained, were caused in whole or in part by the criminal acts of third parties not a party to this litigation.

**ELEVENTH DEFENSE**

The cause of actions asserted and any damages claimed are barred in whole or in part because, to the extent that any agents or employees committed any actionable acts or omissions, such acts or omissions were committed outside the scope of authority conferred.

**TWELFTH DEFENSE**

The cause of action asserted and any damages claimed are barred in whole or in part because any damage, loss, or liability alleged must be reduced, diminished, and/or barred in proportion to any wrongful conduct of persons or entities other than JPMC, including, but not limited to, as provided by Article 16 of the New York Civil Practice Law and Rules.

**THIRTEENTH DEFENSE**

With respect to Plaintiff's claims for punitive damages, JPMC asserts that any determination and enforceability of an award is limited by the common law of New York and the Due Process Clause of the Fourteenth Amendment of the United States Constitution, including *BMW of North America v. Gore*, 116 U.S. 1589 (1996); *Cooper Industries, Inc. v. Leatherman*

*Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mutual Auto Insurance Co. v. Campbell*, 538 U.S. 408 (2003), and their progeny.

### FOURTEENTH DEFENSE

In the event that Plaintiff prevails against JPMC in this action, JPMC is entitled to a set-off and reduction of any damages awarded to or recovery by Plaintiff from other sources, including but not limited to from the Estate of Jeffrey Epstein, the Epstein Victim's Compensation Program, other Epstein-related entities, or James Staley.

### FIFTEENTH DEFENSE

JPMC did not have knowledge, constructive or otherwise, of any venture which directly or indirectly violated 28 U.S.C. §§ 1591 or 1595.

### SIXTEENTH DEFENSE

JPMC did not have knowledge, constructive or otherwise, that means of force, threats of force, fraud, coercion, or any combination of such means would be used to cause Plaintiff or any other person to engage in a commercial sex act.

### SEVENTEENTH DEFENSE

JPMC did not have knowledge, constructive or otherwise, that a person under the age of 18 would be caused to engage in a commercial sex act.

### EIGHTEENTH DEFENSE

Any knowledge on the part of James Staley (1) of any venture which directly or indirectly violated 28 U.S.C. §§ 1591 or 1595; (2) that means of force, threats of force, fraud, coercion, or any combination of such means would be used to cause Plaintiff or any other person to engage in a commercial sex act; or (3) that a person under the age of 18 would be caused to engage in a commercial sex act, is not imputed to JPMC.

## NINETEENTH DEFENSE

JPMC did not participate in any venture which directly or indirectly violated 28 U.S.C. §§ 1591 or 1595.

## TWENTIETH DEFENSE

JPMC did not knowingly benefit from any participation in any venture which directly or indirectly violated 28 U.S.C. §§ 1591 or 1595.

## TWENTY-FIRST DEFENSE

JPMC did not obstruct, attempt to obstruct, interfere with, or prevent enforcement of the TVPA.

## TWENTY-SECOND DEFENSE

JPMC lacked the requisite intent to obstruct, attempt to obstruct, interfere with, or prevent enforcement of the TVPA.

## TWENTY-THIRD DEFENSE

JPMC did not have knowledge of any enforcement of the TVPA in connection with Epstein.

## TWENTY-FOURTH DEFENSE

JPMC owed no duty to Plaintiff to prevent physical harm.

## TWENTY-FIFTH DEFENSE

JPMC owed no duty to Plaintiff as a banking institution providing purportedly non-routine banking services.

## TWENTY-SIXTH DEFENSE

JPMC's provision of banking services was reasonable within the standard practices for operations of similarly situated financial institutions.

## TWENTY-SEVENTH DEFENSE

JPMC breached no duty to Plaintiff.

## TWENTY-EIGHTH DEFENSE

JPMC's actions were not the proximate cause of any of Plaintiff's alleged incidents, injuries or damages.

## TWENTY-NINTH DEFENSE

The incidents in question and all damages complained of and claimed by Plaintiff, if any, were the fault of one or more independent acts or omissions, destroying any causal connection between any act or omission of JPMC (which are denied) and the alleged injury to Plaintiff.

## THIRTIETH DEFENSE

The incidents in question and all damages complained of and claimed by Plaintiff, if any, were caused by the superseding and intervening acts of parties over whom JPMC had no right of control, and this conduct, either by omission or commission, interrupted the natural and proximate causal relationship, if any, between any act or omission of JPMC (which are denied) and the injury to Plaintiff.

## THIRTY-FIRST DEFENSE

To the extent it is found liable, JPMC reserves the right to seek indemnification from any party and/or non-party so liable as a matter of law or by contractual right. Nothing contained herein shall be construed as a waiver of that right.

## THIRTY-SECOND DEFENSE

The causes of action asserted and any damages claimed are barred in whole or in part because the statute sued upon is unconstitutionally vague and ambiguous.

## THIRTY-THIRD DEFENSE

The New York Adult Survivors Act, under which Plaintiff brings Counts III and IV, violates the Due Process Clauses of the New York and United States Constitutions.

Dated: April 10, 2023

Respectfully submitted,

**WILMER CUTLER PICKERING
HALE AND DORR LLP**

/s/ *Felicia Ellsworth*
Felicia H. Ellsworth
John J. Butts
60 State Street
Boston, MA 02109
(t) (617) 526-6000
(f) (617) 526-5000
felicia.ellsworth@wilmerhale.com
john.butts@wilmerhale.com

Boyd M. Johnson III
Robert L. Boone
Hillary Chutter-Ames
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(t) (212) 230-8800
(f) (212) 230-8888
boyd.johnson@wilmerhale.com
robert.boone@wilmerhale.com
hillary.chutter-ames@wilmerhale.com
*Attorneys for JPMorgan Chase Bank, N.A.*