BRENDAN V. SULLIVAN, JR.
(202) 434-5800
bsullivan@wc.com

LAW OFFICES

WILLIAMS & CONNOLLY LLP®

680 MAINE AVENUE SW

WASHINGTON, DC 20024

(202) 434-5000

WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

April 14, 2023

Hon. Jed S. Rakoff
Via ECF

    Re:    <u>Jane Doe's Identity</u>

Dear Judge Rakoff:

    This dispute concerns the identity of Jane Doe in *Doe v. Deutsche Bank Aktiengesellschaft et al.*, Case No. 22-cv-10018. While Third-Party Defendant James Staley has no objection to the Deutsche Bank Doe remaining anonymous vis-à-vis the public, her identity should not be kept secret from the parties in these consolidated cases.

    <u>Background</u>: As the Court knows, two different Jane Does—represented by the same counsel—brought similar lawsuits against JPMorgan and Deutsche Bank. The two Does allege that the two banks effectively aided and abetted the conduct of Jeffrey Epstein. In making these allegations, the Does appear to rely on many of the same sources of information and witnesses. Both Does mention Mr. Staley by name in their complaints.

    Given the overlapping allegations, this Court consolidated both Doe cases for purposes of discovery. Dkt. 19. Since then, the Doe in the JPMorgan case has revealed her identity to all parties, including Deutsche Bank. But the Doe in the Deutsche Bank case will not do so. While the Deutsche Bank Doe has already revealed her identity to Deutsche Bank, she has refused to disclose her identity to Mr. Staley and will disclose her identity to JPMorgan only on the condition that it not be revealed to Mr. Staley. According to counsel for the Does, the Deutsche Bank Doe does not want to reveal her identity to Mr. Staley.

    <u>Argument</u>: There is no basis for Doe to keep her identity secret from the parties in these consolidated cases, as this Court's prior orders make clear. As mentioned, this Court "consolidated for all pretrial purposes" the cases against the two banks. Dkt. 19. On the same day the Court consolidated the cases, the Court also granted both Does the ability to proceed anonymously but made clear that "plaintiff will reveal her identity to defendants for discovery purposes." Dkt. 22. That should end the matter, as Mr. Staley is solely seeking the Deutsche Bank Doe's identity so that he can conduct discovery and prepare his defense.[1]

---

[1] There can be no genuine dispute over whether Mr. Staley is a "defendant" within the meaning of the Court's prior order regarding anonymity. Now that Mr. Staley has been brought into the case as a third-party defendant he has the

WILLIAMS & CONNOLLY LLP
April 14, 2023
Page 2

But even setting the Court's prior orders aside, the Deutsche Bank Doe's identity must be revealed to Mr. Staley to prevent trial by ambush. During the parties' meet and confer on this topic, it became apparent that JPMorgan believes that the Deutsche Bank Doe has unspecified information about Mr. Staley. And JPMorgan has also made clear that, regardless of what any other party does, it wants the right to use any and all testimony that could advance its claims against Mr. Staley, including the Deutsche Bank Doe testimony.

In these circumstances, Doe has no legitimate interest in keeping her identity secret from the parties—certainly not one that outweighs Mr. Staley's right to defend himself. Without knowing the Deutsche Bank Doe's identity, Mr. Staley cannot even know who to depose—and certainly cannot effectively test the veracity of her potential testimony. The law does not permit that result. *See Plaintiff B. v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011) (permitting plaintiff to proceed anonymously as to the public but holding that "Defendants have the right to know who their accusers are, as they may be subject to . . . fundamental unfairness if they do not."); *Doe I v. City of Alabaster, Alabama*, 2012 WL 13088882, at *5 (N.D. Ala. Apr. 26, 2012) ("[T]he court finds that Defendants would be unfairly prejudiced in their ability to defend the lawsuit — indeed, they would be entirely unable to even admit or deny the Plaintiffs' allegations, without knowing the identities of the Plaintiffs."). In any event, whatever interest Doe has in remaining anonymous vis-à-vis the public will remain protected, as Mr. Staley has no objection to her litigating as "Jane Doe" (at least pretrial). That should be sufficient to protect any legitimate privacy interest while still providing Mr. Staley with the ability to defend himself.

Mr. Staley respectfully requests that the Court order Doe to reveal her identity to all parties.

Respectfully submitted,

/s/ *Brendan V. Sullivan, Jr.*

Counsel for James E. Staley

---

same rights as the original defendants, JPMorgan and Deutsche Bank. *See* Fed. R. Civ. P 14(a)(2)(C) ("third-party defendant . . . may assert against the plaintiff any defense that the third-party plaintiff has to the plaintiff's claim.").