By ECF

**WilmerHale**

+1 617 526 6687 (t)
+1 617 526 5000 (f)
felicia.ellsworth@wilmerhale.com

Hon. Jed S. Rakoff
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., New York, NY 10007-1312

Re:   *Jane Doe 1 v. JPMorgan Chase Bank, N.A.*, 22-CV-10019 (JSR); Letter Motion Regarding Disclosure Under Protective Order Of Class Representative In Parallel Suit

Judge Rakoff:

The Court has requested letter briefing from the parties on the narrow question of whether the facts surrounding the experience of the Jane Doe plaintiff in the parallel case of *Jane Doe v. Deutsche Bank Aktiengesellschaft et al.*, 22-cv-10018 (referred to herein as "Jane Doe 2") are relevant and thus the proper subject of discovery in the two related cases involving JPMorgan Chase Bank N.A. Relevance under Fed. R. Civ. P. 26 is construed broadly. "The purpose of discovery is to allow a broad search for facts, the names of witnesses, or any other matters which may aid a party in the preparation or presentation of his case." Fed. R. Civ. P. 26(b) Advisory Committee Note at Subdivision (b). The information sought by JPMC here is plainly relevant.[1]

First, Jane Doe 2 is a percipient witness to the experiences of the Jane Doe in this case (referred to herein as "Jane Doe 1") and therefore possesses relevant personal and firsthand knowledge. Counsel for plaintiff has never disputed that Jane Doe 2 is among the individuals listed on Jane Doe 1's interrogatory responses as an individual who possesses "knowledge or information relevant to the subject matter of this action."

Plaintiff's counsel has also conceded the relevance of Jane Doe 2 by agreeing to disclose Jane Doe 2's identity, but then reneged based on confidentiality concerns. On April 4, the parties met and conferred regarding JPMC's request for the disclosure of Jane Doe 2's identity. During this conference, JPMC explained its view of Jane Doe 2's relevance to this case. Counsel for Doe responded the next day and stated via email: "We will provide you the name." Two days later, plaintiff attempted to condition this disclosure on JPMC's agreement that the identity of Jane Doe 2 would be withheld from Mr. Staley, a party to this action. *See* Ex. A. JPMC understands plaintiffs' changed position on disclosure to be based entirely on confidentiality concerns which the Court has previously rejected. Further, plaintiff's counsel has also already made the reverse disclosure—providing the name of the Jane Doe 1 in this case to counsel for Deutsche Bank in the Deutsche Bank case. Having already made the reverse disclosure to Deutsche Bank, a contrary position in this case lacks merit.

---

[1] Per the Court's direction, this letter brief addresses only the relevance of the requested discovery. Plaintiff's arguments in opposition to date have focused on confidentiality concerns which are not at issue. JPMC shares plaintiffs' concerns for the protection of victim identities and for that reason has agreed to every one of Doe's requests for confidential treatment of information under the Protective Order in this case (which mirrors the protections in place in the Deutsche Bank action). *See also* April 10, 2023 Order Dkt. at 82 at 4.

Second, Jane Doe 2 possesses relevant information regarding third-party defendant James Staley. The Court heard at the March 13, 2023 hearing that the release involving Jane Doe 2 contains a carve out excluding from the release, among others, James Staley. *See* March 13, 2023 Hearing Tr. at 9:10-18. As this Court has observed, "[t]hough not always identified by name, Staley is a key figure in the allegations made in the plaintiff's and co-plaintiff's complaints." April 10, 2023 Order Regarding Severance Dkt. 82 at 2. The fact that Jane Doe 2 has specifically exempted Staley from prior release language suggests she possesses facts that are relevant to the same allegations of misconduct made by Jane Doe 1 in this case that led JPMC to implead Mr. Staley as a third-party defendant here.

Third, Jane Doe 2's publicly filed complaint discloses that she interacted closely with Epstein during a 15-year span from 2003-2018. Jane Doe 2's publicly filed complaint alleges she had contact with Epstein on a "regular and frequent" basis throughout a fifteen-year period, including the 2006-2013 time period on which the allegations against JPMC focus. Deutsche Bank First Amended Complaint Case 1:22-cv-10018-JSR Dkt. 42 at ¶ 128. Jane Doe 2's public allegations further show that she possesses information relevant to the specific claims here, including for example, information regarding individuals "surrounding Epstein, including accountants, lawyers, bankers, and other important people," and information regarding Epstein's use of cash in payments to victims. *See Id.*, at ¶ 132, 139. Jane Doe 2's knowledge of the inner workings of Epstein's operation during the relevant period confirm she possesses information relevant to the allegations in this case.

Fourth, Jane Doe 2 is a member of the putative class Jane Doe 1 seeks to certify. Whether certification is proper will depend, among other things, on whether there are questions of law or fact common to the class and whether those common issues predominate over individualized issues. *See Johnson v. Nextel Commc'ns Inc.*, 780 F.3d 128, 137 (2d Cir. 2015). Here, whether each adult putative class member was a victim of sex trafficking within the meaning of Section 1595(a) depends on whether the trafficker utilized means of force, fraud, or coercion to cause the victim to engage in a commercial sex act, *United States v. Tutstone*, 525 F. App'x 298, 302 (6th Cir. 2013), which considers "the particular vulnerabilities of a person in the victim's position." *See United States v. Rivera*, 799 F.3d 180, 186–187 (2d Cir. 2015).

Based on the allegations in her complaint, Jane Doe 2 possesses important information regarding not only her own interaction with Epstein's associates (including Staley), but also the recruitment of other victims and their relationship to one another. This discovery is precisely the type of discovery that is appropriate for absent class members. *See Fishon v. Peloton Interactive*, Inc., 336 F.R.D. 67, 71 (S.D.N.Y. 2020) (allowing discovery of absent class members after defendant "articulated a reasonable basis to believe that the absent class members have information which could help inform the Court's decision whether to certify a class and which could rebut Named Plaintiffs' showing at class certification").

For the foregoing reasons, the Court should grant JPMC's request compelling Doe to provide this relevant and necessary information while still protecting Jane Doe 2's identity against public disclosure under the appropriate protections of the Protective Orders in these related cases.

Sincerely,

*Felicia H. Ellsworth*
Felicia H. Ellsworth