# EDWARDS POTTINGER LLC

**Florida Office**

Bradley J. Edwards *◊ɫ‡
Seth M. Lehrman *†
Matthew D. Weissing *
Catherine L. Davis *
Dean M. Kaire *

425 North Andrews Avenue
Suite 2
Fort Lauderdale, FL  33301

Telephone (954)524-2820
Fax (954)524-2822
info@epllc.com

**New York Office**

Brittany N. Henderson *◊‡

† Admitted in California
◊ Admitted in District of Columbia
* Admitted in Florida
‡ Admitted in New York
ɫ Board Certified Civil Trial Lawyer

April 17, 2023

<u>Filed Via ECF</u>
Honorable Jed S. Rakoff
U.S. District Court for the S.D.N.Y.
500 Pearl Street, New York, NY 10007

   Re: *Doe v. JP Morgan Chase Bank, N.A.* (Case No. 1:22-cv-10019-JSR)
      Response Regarding Disclosure of Epstein Sex Abuse Victim's Name

Dear Judge Rakoff,

  The Court has requested briefing on whether the Jane Doe plaintiff in the Deutsche Bank case (referred to here as "Jane Doe 2") must disclose her name to JP Morgan and Jes Staley. On Friday, April 14, JP Morgan and Staley filed their two-page arguments as to why they believe disclosure is appropriate. Dkts. 86 & 85. Pursuant to the Court's direction, Jane Doe 2 now files her consolidated opposition. On any reasonable balancing of interests, Jane Doe 2 has only limited information that would be relevant to JP Morgan and Staley—and considerable privacy interests in not disclosing her identity as sexual assault victim. Accordingly, JP Morgan's and Staley's motions should be denied.

### Jane Doe 2 Has Limited Relevance to the JP Morgan Case

  As the Court is well aware, the central dispute in the JP Morgan case concerns the bank's responsibility for providing the financial infrastructure for the Jeffrey Epstein sex trafficking organization from 1998 through 2013. Jane Doe 2 is not a party to the JP Morgan litigation. Accordingly, this Court must assess whether to force her to disclose her name against standard rules applicable to non-parties to a case. The Court is empowered to enter a protective order as necessary to protect any person "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). And in making such discovery decisions, the court should consider whether "the burden" of the proposed discovery "outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

  Here, JP Morgan frames the issue as whether Jane Doe 2 has any "relevant information" to the case. But that is only the beginning of the inquiry—not its end. And while JP Morgan labors mightily to create relevance arguments, it is obvious that the questions that JP Morgan wants to ultimately force Jane Doe 2 to answer are not remotely close to the central issues in the case—which concern JP Morgan's TVPA and tort law liability for funding the Epstein sex trafficking

organization. The specific details of Jane Doe 2's sexual abuse by Epstein are not significant to this much larger dispute about corporate responsibility. JP Morgan never explains with any precision how Jane Doe 2 possesses important information relevant to their defenses. Indeed, if the Court accepts JP Morgan's rationale, it could open the door for JP Morgan to pursue intrusive discovery against dozens and dozens of sexual assault victims who have brought claims under pseudonyms against Epstein or his Estate.

Moreover, even though Jane Doe 2 has knowledge about how Epstein sexually abused her, JP Morgan has not even attempted to make a showing that she has *unique* knowledge about the Epstein sex trafficking organization. Surely, before a sex abuse victim is forced to disclose her identity, JP Morgan should be required to show that it has attempted to obtain the information it seeks in other, less intrusive ways. For example, depositions of senior bank officials have been set in this case. It is likely that these depositions of the consequential actors in the dispute will provide answers to the questions that JP Morgan says it is investigating. JP Morgan has already set the depositions of the persons critical to their claims; Jane Doe 2 is not among them.

Finally, JP Morgan raises issues about what might happen if a class is certified in this case. But at this time, class certification issues have yet to be determined. The court should decide this motion on the current posture of the case—with no class certified.

Staley's motion claims he needs the name to prevent "trial by ambush." Dkt. 85 at 2. But Staley's dispute is solely with JP Morgan, which is seeking contribution—not with Deutsche Bank. Staley does not explain how JP Morgan is preparing to "ambush" him with information it does not possess. Nor does he explain why other discovery rules are inadequate to protect him.

**Disclosure of Jane Doe 2's Name as a Sex Abuse Victim Would be Oppressive.**

Weighed against Jane Doe 2's (at best) marginal relevance to the case is that fact that JP Morgan and Staley are seeking the identity of a sex abuse victim. Jane Doe 2 has clear privacy interests in not disclosing to them her name as an Epstein sex abuse victim. Indeed, the Second Circuit has recognized that sex abuse victims have a constitutional right to privacy. *See Countryman v. Farber*, 340 F. App'x 703, 706 (2d Cir. 2009) (unpublished) (discussing § 1983 action involving "constitutional right to privacy of victims of sexual abuse"); *see also* 1991 McKinney's Sessions Laws of N.Y. at 2211-2212 ("sexual assault victims … have a right to expect that this violation will not be compounded by a further invasion of their privacy").

What JP Morgan and Staley propose is to use governmental power—in the form of an order from this court—to compel her to reveal highly sensitive information: the fact of sexual abuse. Sex abuse victims deserve the right to decide when and to whom such disclosures are made. Here, Jane Doe 2 has chosen not to become embroiled in the court dispute involving JP Morgan and Staley. And her privacy interests as a sex abuse victim are "highly significant." *Florida Star v. B.J.F.*, 491 U.S. 524, 525 (1989). Accordingly, the balance of relevant interests tips decisively in favor or protecting Jane Doe 2's privacy and not forcing her to disclose her name to JP Morgan and Staley.

For all these reasons, the Court should deny JP Morgan's motions to obtain the identity of Jane Doe 2 at this time. Should the Court certify a class, the issues could then be revisited.

Respectfully Submitted,

Bradley J. Edwards
*Counsel for Jane Doe 2*