# EXHIBIT 12



# INDEPENDENT

# EPSTEIN VICTIMS' COMPENSATION PROGRAM ("Epstein VCP")
## FOR VICTIMS-SURVIVORS OF SEXUAL ABUSE BY JEFFREY EPSTEIN

Jordana H. Feldman, Administrator

# FREQUENTLY ASKED QUESTIONS ("FAQs")

## June 25, 2020

_____

## **KEY PROGRAM DATES:**

EFFECTIVE DATE:  **June 25, 2020**

REGISTRATION FILING DEADLINE:  **February 8, 2021**

FILING DEADLINE:  **March 25, 2021**

2 | P a g e

## Contents

I. General Overview ................................................................................................................. 3
II. Eligibility Requirements ..................................................................................................... 4
III. Claims Submission and Claims Process .......................................................................... 5
IV. Claims Evaluation, Determination and Payment ......................................................... 12
V. Other Program Information ............................................................................................. 15

# I. General Overview

1. <u>What is the Epstein Victims' Compensation Program?</u>

   The Epstein Victims' Compensation Program (the "Epstein VCP" or "Program") is a voluntary, independent Program that has been established to compensate and resolve the claims of victims-survivors of sexual abuse by Jeffrey Epstein.  The Program was designed by nationally recognized claims administration experts Kenneth R. Feinberg, Camille S. Biros and Jordana H Feldman, with input from victims' lawyers, and representatives of the Estate of Jeffrey Epstein ("Estate"), and other interested parties.  Ms. Feldman also serves as the Administrator of the Program ("Administrator").  The goal of this Program is to acknowledge the wrongs endured by victims-survivors and offer them an opportunity to voluntarily resolve their individual claims for such sexual abuse.

   The Program is independent of the Estate.  The Administrator is responsible for all decisions relating to the review, processing and evaluation of individual claims submitted to the Program.  The Administrator has complete autonomy to determine eligibility of individual claims and the amount of compensation for each eligible Claimant.  The Estate has no authority to modify or reject any individual claim determinations rendered by the Administrator, or otherwise interfere with the administration of the Program.

   The terms and conditions of the Program, including the criteria and proof requirements for the evaluation and determination of claims and the accompanying claims process, are set forth in the Program Protocol ("Protocol), which can be found on the Program website.

2. <u>Is the Program voluntary?</u>

   Yes.  The Program is a non-adversarial alternative to litigation, and participation in the Program is entirely voluntary. It does not affect any rights you may have unless and until you accept the offered compensation and execute a Release.  A Claimant may reject the offer of compensation and withdraw the claim at any time prior to execution of the Release.

3. <u>What role does the Estate play in the administration of the Program?</u>

   The Program is independent of the Estate of Jeffrey Epstein.  The Estate has no role in the evaluation of claims or the administration of the claims process.  The Administrator has full, final and exclusive decision-making authority to determine who is eligible and the amount of compensation for each eligible

Claimant, as well as overall Program operations and administration. The Estate will pay all eligible claims based on the Administrator's determination. Decisions of the Administrator are not subject to review or modification in any way by the Estate or any other party or entity.

4. <u>How much money from Jeffrey Epstein's Estate is available to the Program?</u>

There is no cap or limitation on the aggregate amount of funds available to compensate all eligible Claimants or on the amount of compensation to be made to each individual Claimant. Each individual claim will be evaluated separately by the Administrator. The Administrator will determine, in her sole and exclusive discretion, issues of eligibility and the amount of compensation.

5. <u>When did the Program become effective?</u>

The Program became effective on June 25, 2020 ("Effective Date"). The Administrator has reached out to previously identified victims and will provide other individuals with an opportunity to participate in the Program through an online registration process, described in Section III below.

## II. Eligibility Requirements

1. <u>Who is eligible to participate in the Program?</u>

The Program is available to all victims-survivors of sexual abuse by Jeffrey Epstein, regardless of where they were harmed, when they were harmed, whether the claim is time-barred by the applicable statute of limitations, and whether they have previously filed a lawsuit against or settled with Epstein and/or the Estate.

2. <u>If the Administrator determines that I am eligible to *participate* in the Program, does that mean that the Administrator has determined that I am eligible to receive compensation?</u>

No. The fact you are sent a Claim Form and other relevant Program information only means that the Administrator has determined that you are eligible *to participate* in the Program – that is, that you can submit a claim for consideration. It does not mean that the Administrator has determined that you are eligible to receive compensation. That eligibility determination is made only after you submit the Claim Form and all required documentation, and after that information is evaluated by the Administrator. For more information, please see Section III.

3. <u>Do I have to stay pending litigation or dismiss my lawsuit in order to participate in the Epstein Victims' Compensation Program?</u>

   No. If you have filed litigation against Jeffrey Epstein and/or the Estate of Jeffrey Epstein and/or related individuals and entities, you do **not** need to stay the litigation or make any other concession in a pending litigation in order to participate in the Program. Litigation may continue during the processing of your claim in the Program. Likewise, if you have not yet filed a lawsuit, you remain free to file a lawsuit and engage in litigation concurrently with participation in the Program. You will, however, need to provide the Program with information about the litigation, including the case number, venue and date where the case was filed.

   If the Administrator determines that you are eligible to receive compensation, and issues you a compensation determination letter, you will have the freedom to determine whether to accept the offered compensation. If you choose to accept the offered compensation, you must dismiss with prejudice any existing lawsuits, legal actions or claims filed against the Estate and/or related entities and individuals set forth in the Release in order to receive payment.

4. <u>I previously entered into a settlement agreement with Epstein and/or the Estate. Can I participate in the Program? Do I have to submit a copy of the settlement agreement to the Program?</u> (*Added July 28, 2020*)

   Claimants who previously entered into a settlement agreement with Epstein and/or his Estate are not precluded from participating in the Program. The Administrator will, however, consider the prior settlement in evaluating the claim, as set forth in the Protocol. In order to do so, the Program must obtain and review a copy of the settlement agreement. The Administrator recognizes impacted Claimants' concerns that providing a copy of the settlement agreement to the Program could constitute a breach of the terms of the agreement. To address those concerns, the Estate has agreed to produce a copy of the Claimant's settlement agreement to the Program provided that the Claimant, or counsel acting on the Claimant's behalf, consents in writing to the Estate's production of the agreement to the Program for purposes of the Administrator's evaluation of the claim. The Estate has also agreed that it will waive any objection to, and will not assert a claim because of, a Claimant providing a copy of the settlement agreement to the Program for purposes of the Administrator's evaluation of the claim.

## III. Claims Submission and Claims Process

1. <u>How do I obtain a Claim Form?</u>

   - **If you have filed a lawsuit**, legal action or claim against Jeffrey Epstein and/or the Estate of Jeffrey Epstein and/or related entities and individuals,

or have otherwise been identified as a victim of Jeffrey Epstein to the Administrator on or before **June 25, 2020** (the Effective Date), you will be sent a Claim Form and other relevant Program information through your attorney or directly from the Administrator.

- **If you have not filed a lawsuit**, legal action or claim against Jeffrey Epstein and/or the Estate of Jeffrey Epstein and/or related entities and individuals, and you have not been identified as a victim of Jeffrey Epstein to the Administrator on or before June 25, 2020, you may also be eligible to participate in the Program. You must first register to participate in this Program on the Program website at www.EpsteinVCP.com.

    To register, you must complete a Registration Form setting forth your name, contact information, a summary description of the nature of your claim and other requested information. Upon registration, the Administrator will perform a preliminary review to consider if you are eligible to participate in the Program. If the Administrator deems that you are eligible to participate in the Program, she will then send to you a Claim Form and other relevant Program information.

    **\*\* *Note:*** The fact that you are sent a Claim Form and other relevant Program information indicates that the Administrator has determined only that you are eligible to participate in the Program. It does not indicate that the Administrator has determined that you are eligible to receive compensation. That determination is made only after you submit the Claim Form and all required documentation, and that information is evaluated by the Administrator.

2. What is the difference between *registering* a claim and *filing* a claim? *(updated July 16, 2020)*

    Individuals who have filed a lawsuit, legal action or claim against Jeffrey Epstein and/or the Estate and/or related entities and individuals or have otherwise been identified as a victim of Jeffrey Epstein to the Administrator on or before the June 25, 2020 will be sent a Claim Form and other relevant Program materials and will be invited to *file* a claim, if they so wish.

    Individuals who have **not** filed a lawsuit, legal action or claim against Jeffrey Epstein and/or the Estate and/or related entities and individuals on or before June 25, 2020 may also participate in the Program by *first* registering a claim using our online Registration Form, found at www.EpsteinVCP.com under 'Submit a Claim.' The Registration Form requests certain information about the nature of the claim. The Administrator will determine, based on the information provided, whether that individual is eligible to participate in the Program. If the Administrator determines that the individual is eligible to participate in the Program, we will send a Claim Form and other relevant

Program information, and invite the individual to file a claim, if she so wishes.

***Note:*** The Program typically reviews Registration Forms within 45 days of submission. If there is sufficient information in the Registration Form to allow the Program to evaluate the registration, the Program will notify the registrant whether s/he is eligible to participate in the Program within that 45-day time period. If key information in the Registration Form is missing or insufficient, the Program will contact the registrant within that 45-day time period and allow the registrant to provide additional information. If additional, sufficient information is not submitted within 30 days of Program outreach, the Registration may be denied.

** *Note*: The fact that you are sent a Claim Form and other relevant Program information indicates that the Administrator has determined only that you are eligible to participate in the Program. It does not indicate that the Administrator has determined that you are eligible to receive compensation. That determination is made only after you submit the Claim Form and all required documentation, and that information is evaluated by the Administrator.

3. <u>Is there a deadline to file or register a claim?</u>

    Yes. The deadline to *file* a claim is March 25, 2021 ("Filing Deadline") which is nine (9) months after the Effective Date of June 25, 2020. All individual claims filed with the Program must be filed within this period.

    The deadline to *register* a claim is February 8, 2021 ("Registration Deadline"). The registration process and Registration Deadline applies only for those individuals who did not previously file a lawsuit, legal action or claim against Jeffrey Epstein and/or the Estate and/or related entities and individuals.

4. <u>Once I receive the Claim Form packet, how do I submit my claim?</u>

    You may submit your completed Claim Form and supporting information and documentation via our Online Claimant Portal at found on www.EspteinVCP.com. The electronic submission of claims and supporting information and documentation is recommended and encouraged, to the extent practicable, to facilitate the processing of your claim. You must also mail a hard copy of the Claim Form, including the original signed and notarized Attestations/Signature Page to the independent Administrator at the following address:

    Epstein Victims' Compensation Program  
    Attn: Jordana H. Feldman, Administrator  
    1050 Connecticut Ave., NW, #65488  
    Washington, DC 20035

Alternatively, if you do not have access to the Program's Online Claimant Portal, you can mail your completed Claim Form and all supporting information and documentation via overnight courier to the address above.

5. <u>What types of information and documentation should I submit to support my claim?</u>

   You should provide as much corroborating information and documentation as possible regarding the nature, frequency, location, and timeframe of the abuse, and the impact of the abuse on your life, in order to support your claim. This includes, but is not limited to, the following types of information or documents:

   a. Contemporaneous written notification or other correspondence (e.g. letters, emails) of the abuse made by the Claimant to friends, family, law enforcement authorities, and/or others;
   b. Medical or psychiatric counseling/therapy records relevant to the abuse;
   c. Any information, documents or pertinent findings offered by any law enforcement agencies.

   A personal statement describing in narrative form the circumstances of the abuse and the impact it has had on your life is strongly recommended and helpful in evaluating your claim.

6. <u>How will I know if my claim is missing information or documentation?</u>

   If you submit an incomplete or deficient claim, the Administrator will contact you or your legal representative (if you are represented), identify the missing information or documentation, and assist you in completing the submission or curing any deficiency.

7. <u>Will I have an opportunity to supplement my claim?</u>

   Yes. If you submit an incomplete or deficient claim, the Administrator will contact you or your legal representative (if you are represented), identify the missing information, and assist you in completing the submission or curing any deficiency. The Administrator may also contact you or your legal representative to request additional information and/or documentation to supplement the claim. You will be afforded an opportunity to cure any deficiency and supplement your claim before the Administrator's final disposition of your claim.

8. <u>What if I do not have any documentation to support my claim?</u>

The Administrator acknowledges that some claimants may not be able to provide documentation to corroborate the claim. In that event, you should still submit a claim, including a personal statement. You will also be afforded an opportunity to meet with the Administrator and provide an oral presentation about the abuse you suffered. Your oral and written presentation, together with other corroborating information available to the Administrator, may support a claim for compensation.

9. I submitted my claim. When will a decision be made?

   Claims will be processed promptly, on a rolling basis, generally in the order in which they are received. Upon completion of the review of your claim by the Administrator, you will be notified of any deficiencies in your claim (if necessary) or of the claim determination. Claim determinations are made only after a substantially complete claim has been submitted.

10. Can review of my claim be expedited or accelerated?

    In general, claims are evaluated in the order in which they are received. If you believe you face exigent circumstances that warrant an expedited review of your claim, such as terminal illness or significant financial hardship, please indicate the situation on the Claim Form or attach a cover letter with your claim submission with an explanation of the circumstances and contact the Administrator at ClaimantServices@EpsteinVCP.com with the subject line "Expedite Request". "Significant financial hardship" includes an imminent or pending foreclosure or eviction proceeding, utility cut off, or other similar circumstances, as demonstrated by appropriate documentation.

11. If I submit a claim, will my information be kept confidential?

    This Program is confidential. All of the information submitted pursuant to this Program will be used and disclosed only for purposes of processing and evaluating the claim and administering the Program and other Program-related work. No information provided by Claimants will be provided to the Estate except for the Claimant's name and the date(s) and location(s) of the alleged abuse, for the sole purpose of processing and evaluating the claim and, for purposes of the Release, the names of any other individual(s) to whom or by whom the Claimant alleges she was trafficked or sexually abused. The Estate has agreed that no information obtained solely through the Program will be disclosed publicly or used by the Estate in defending itself from any claim, regardless of forum. The Program's files are not available for inspection, review or copying by the Estate of Jeffrey Epstein during or after the Program, and all pertinent mediation privileges, settlement privileges and other privileges apply.

    To protect Claimant privacy, all personal information provided by the

Claimant during this process will be returned to the Claimant or destroyed within one year after the conclusion of the Program.

Claimants are not bound through the Program by any rules of confidentiality. Claimants may always, if they choose, share information in their possession regarding their claim.

12. <u>Can my attorney or someone else file a claim on my behalf?</u>

    Yes. A claim may be filed on your behalf where that individual has been granted legal authority to act in a representative capacity pursuant to appropriate law.

    The "Legal Representative" of an individual Claimant shall mean: (1) in the case of a Claimant who is currently a minor, a parent or legal guardian authorized by law to serve as the minor's legal representative; (2) in the case of an incompetent or legally incapacitated Claimant, a person who has been duly appointed as the Claimant's legal representative in accordance with applicable law; (3) in the case of a deceased Claimant, a person who has been duly appointed to act as the personal representative of the Claimant's estate by a court of competent jurisdiction and is authorized to file and compromise a claim; or (4) an attorney authorized to represent the Claimant for purposes of pursuing a claim through this Program.

    Legal Representatives must provide proper documentation demonstrating representative capacity. Such proof may include a power of attorney; documentation showing the individual's appointment as guardian or guardian ad litem; documentation showing the individual's appointment as personal representative of the Claimant's estate (such as letters of administration); a copy of a retainer agreement showing legal representation signed by both the Claimant and the attorney or a signed statement by an adult Claimant that a licensed/admitted attorney is acting on her behalf.

13. <u>Do attorneys need to submit documentation to demonstrate legal representation of a Claimant or do the Claimant's initials on page 10 of the Claim Form suffice? (*added June 29, 2020*)</u>

    Attorneys must submit documentation demonstrating that they are authorized to represent the Claimant. The Protocol provides in relevant part:

    "Legal Representatives must provide proper documentation demonstrating representative capacity. Such proof may include ... a copy of a retainer agreement showing legal representation signed by both the Claimant and the attorney or a signed statement by an adult Claimant and the attorney that a licensed/admitted attorney is acting on her behalf."

On page 9 of the Claim Form, you must indicate which option you choose under the "Proof of Legal Representation/Legal Authority to Act on Claimant's Behalf" section, and when you upload the claim, this documentation must be included in order to initiate the processing of the claim.  If you choose to draft a statement for your clients, please ensure that both the attorney and adult Claimant sign that statement.  This requirement is in addition to the Claimant's initials on page 10.

14. Do I need an attorney to file a claim with the Program?

    No, you do not need an attorney to file a claim with the Program.  All claimants and claims are treated with the same care, diligence, analysis and attention regardless of whether or not the claimant is represented by an attorney.  The Program conducts proactive outreach with all unrepresented Claimants to ensure that they are fully informed of the Program's policies and procedures, and to answer any questions they may have.

15. Can I add an attorney or change the attorney associated with my claim?

    Yes.  You may add an attorney or change your attorney at any time by submitting a Change of Attorney form.  Claimants should be aware, however, that they are liable for any agreement related to attorneys' fees as specified in any prior attorney-client contract.

16. Will filing a claim cost money?

    No.  There is no fee associated with filing a claim with the Program.  You may, however, incur fees from professionals such as lawyers, should you choose to engage their services.  The Program will not pay for or reimburse you for such fees.

17. Obtaining notarized documents is difficult (due to Claimant location or COVID-19 restrictions).  Are there any exceptions or alternatives allowed? (*added June 29, 2020*)

    We understand that, in some countries, notarizing a form can be costly or otherwise prohibitive.  For that reason, for individuals living in other countries, we will accept notarization by a notarizing officer at a U.S. Embassy or Consulate or an equivalent alternative document authentication mechanism acceptable in that country.  For Claimants having difficulty due to the COVID-19 pandemic, most states have enacted statutes or Executive Orders to allow alternatives, such as via video conference or fax.  The Program will accept any form of notarization that is acceptable by law in the state in which the form is notarized.

## IV. Claims Evaluation, Determination and Payment

1. <u>Who decides whether a claimant is eligible to receive compensation and the amount of compensation?</u>

   The independent Administrator has full and final decision-making authority to determine who is eligible and the amount of any compensation. Determinations made by the Administrator are not subject to review or modification in any way by the Estate or any other party or entity.

2. <u>What factors does the Administrator consider in evaluating whether a claimant is eligible for compensation?</u>

   The Administrator will determine, in her sole discretion based upon all of the information available, whether you are eligible to receive compensation and the amount of compensation. Determinations will be made based upon the Administrator's experience and judgment and consistent with the Protocol. The Administrator will consider appropriate factors and corroborative support, including but not limited to:

   - The level of documentation, corroboration or other circumstantial evidence regarding the nature and extent of the abuse, the frequency, location and other details of the abuse, and the age of the victim at the time of the abuse. The Administrator acknowledges that some Claimants may not be able to provide any documentation to corroborate their Claim based on the nature and circumstances of Epstein's conduct. If a Claimant's written and oral presentation is deemed to be credible by the Administrator, the Claimant may still be eligible for compensation under the Program.

   - Whether there exists any information and/or pertinent findings offered by the appropriate Office of the District Attorney, United States Attorney's Office, or other law enforcement agency.

   - Whether the Administrator finds the claims of the individual to be credible after complete review of all relevant information and/or documentation and other evidence provided by the Claimant and the Estate.

3. <u>What factors does the Administrator consider in determining the amount of compensation that is offered to each eligible Claimant?</u>

   The Administrator will determine, in her sole discretion based upon all of the information available, the amount of compensation that should be offered to each eligible Claimant. Determinations will be made based upon the

Administrator's experience and judgment and consistent with the Protocol. The Administrator will consider appropriate factors and corroborative support, including but not limited to:

- The nature, duration and extent of the sexual abuse suffered by the Claimant.
- The age of the Claimant at the time of the sexual abuse.
- The nature and extent of the Claimant's physical or psychological damage resulting from the sexual abuse, and the effect of the sexual abuse on the Claimant.
- The credibility of the claim based upon all of the facts and circumstances, supporting documentation and corroborating evidence.
- Whether the Claimant previously entered into a settlement agreement with Epstein and received a payment pursuant to such agreement.

4. <u>Will I have an opportunity to meet with the Administrator?</u>

Yes. Claimants may request to meet with the Administrator, either before or after the Administrator renders her determination. If you would like to request a meeting before a determination is issued, please upload a letter requesting such a meeting when filing your claim (either by uploading the letter to the Online Claimant Portal or mailing it via U.S. mail or courier service); the Administrator will contact you to schedule a meeting after she has had the opportunity to review your claim file. If you would like to request a meeting with the Administrator after the determination is issued, you can select the "request a meeting" option in the determination letter and submit it to the Program (either by uploading the meeting request to the Online Claimant Portal or mailing it via U.S. mail or courier service); upon receipt, the Administrator will contact you to schedule the meeting. Claimants may also request that Professor Marci A. Hamilton participate in a meeting with the Administrator. See Section V.2 for more information regarding Professor Hamilton.

These meetings are completely optional and voluntary and will be scheduled at a mutually convenient time and location, via video conference, teleconference, or in person (as practicable in light of the COVID-19 pandemic).

The Administrator may also request a meeting with you or your Legal Representative at a reasonable mutually convenient time and location, though you are not obligated to attend any such meeting.

5. <u>How will I be notified of my claim determination?</u>

The Administrator will confidentially send you, via the Online Claimant Portal, a compensation determination letter including the following: (1) the

Administrator's eligibility decision regarding your claim; (2) the amount of compensation offered; (3) a Release to be signed by you if you accept the offered compensation; and (4) a Payment Option Form. The Administrator's offer will be valid for 60 days from the date of the compensation determination letter.

6. <u>By accepting the compensation offered, do I waive my rights to file, continue or initiate legal actions or claims?</u>

    Yes.  If you choose to accept the compensation offer, you will be required to release all past and future claims (including *lis pendens*, writs of attachment, etc.) relating to allegations of sexual abuse against the Estate of Jeffrey Epstein and specific entities and individuals identified in the Release. Nothing in the Release, however, will limit or preclude you from discussing your claim with law enforcement or anyone else.
    In other words, the Release will not impose any rules of confidentiality on Claimants, who are expressly permitted to discuss their allegations without restriction, should they choose.

    Before signing a Release, you must consult with an attorney. If you are not represented by an attorney, the Program will provide an attorney, who will offer free legal counseling to you for the sole purpose of advising you concerning the language and binding nature of the Release.

7. <u>When and how will payments be made?</u>

    Payments will be issued by the Program to eligible Claimants on a rolling basis, after the Administrator has issued a compensation offer, and has received the Claimant's acceptance of the Administrator's compensation offer and signed Release, and proof of lawsuit dismissal with prejudice, if applicable.  The Program will authorize the payment, by check or electronic funds transfer, to each Claimant as directed by the Claimant.

8. <u>Is the compensation payment tax-free?</u>

    Pursuant to the Protocol, all payments made under the Program shall be for physical injuries, physical sickness and resulting emotional distress within the meaning of Section 104(a) of the Internal Revenue Code.  However, no one affiliated with the Program will provide tax or legal advice to those receiving payments under the Program. You are urged to consult with a tax advisor concerning any questions regarding tax liability for payments pursuant to the Program.

# V. Other Program Information

1. <u>What is the role of Superior Court in the United States Virgin Islands in the Program?</u>

    The Superior Court of the U.S. Virgin Islands (Probate Division) ("Probate Court") is the court where the Estate of Jeffrey Epstein is being probated. The Probate Court approved the Program on June 3, 2020. The signed Order is available to view online. Pursuant to the Protocol, the Administrator will present reports to the Probate Court on a monthly basis of the aggregate (total) number of claims and value of claims paid. No individual claimant information or individual claim awards will be published or disclosed.

2. <u>What role does Professor Marci A. Hamilton play in the Program</u>?

    Professor Marci A. Hamilton, a nationally recognized sexual abuse expert, serves as a consultant to and resource for the Administrator and her staff. In certain circumstances, at the discretion of the Administrator and with the Claimant's prior written consent, the Administrator may share the Claimant's file with Professor Hamilton for her review and the Claimant may request that Professor Hamilton participate in a meeting with the Claimant with the Administrator. Professor Hamilton may also serve as a referral source for the Administrator in providing post-determination information to claimants who seek guidance, counseling or other services.

3. <u>Why are claimants asked to provide information about whether they have received, are receiving, and/or are entitled to receive Medicare and/or Medicaid benefits?</u>

    In some cases, Medicare Part A and/or Part B ("Medicare") and/or Medicaid may assert a reimbursement claim or lien with respect to compensation awarded to an individual Claimant under the Program. As part of the claims resolution process, the Program has retained the services of a third-party vendor, Garretson Resolution Group, Inc. d/b/a Epiq Mass Tort ("Epiq"), to verify and resolve such reimbursement claims or liens asserted by Medicare and/or Medicaid related to sexual abuse by Jeffrey Epstein on the Program's behalf, in an effort to minimize burden to the Claimant and ensure the continuation of benefits and proper reporting and compliance with applicable federal and state laws. With Claimant consent, the Program will release to Epiq certain information regarding the Claimant for the purpose of verifying and resolving the claim or lien. In the event that Epiq resolves the asserted claim or lien, the Estate will pay the negotiated amount in addition to any compensation determined by the Administrator.

The Claimant is solely responsible to satisfy any and all other valid liens (other than Medicare and Medicaid liens referenced above) that have been asserted and/or may be asserted for reimbursement of any medical benefits provided to the Claimant by a third party as a result of the injuries claimed.

4. <u>Are counseling services available for victims-survivors?</u>

    Although counseling services are not provided through the Program, such services are available to victims-survivors through FBI Victims Services and other similar entities.

    The FBI's Victim Services Division (VSD) is committed to providing services and support to victims of crimes committed by Jeffrey Epstein. You can find an overview of VSD's mission and resources at www.fbi.gov/resources/victim-services. If you would like to speak with a Victim Specialist, or if you have any questions regarding your rights to victim services and referrals, please email victimservices@fbi.gov.

5. <u>Does participation in the Program impact my ability to talk with law enforcement?</u>

    No. As explained above (see Section IV.6), all Claimants are free to discuss the circumstances of their claim with law enforcement, or anyone else, should they choose to do so.

6. <u>What measures is the Program taking to prevent fraudulent claims?</u>

    To protect the integrity of the Program and financial resources for eligible Claimants, the Administrator will institute all necessary measures to prevent the payment of fraudulent claims. The Program will report potentially fraudulent claims to federal, state or local law enforcement agencies and/or the appropriate United States Attorney's Office or Office of the District Attorney for possible investigation and prosecution. Violators may be subject to criminal, civil or administrative penalties.