# EXHIBIT 23

| | |
|---|---|
| **From:** | Drouet, Suzanne (OPR) |
| **To:** | Paul Cassell |
| **Cc:** | Fletcher, Brian H. (OSG); Michel, Christopher (OSG); Brad Edwards |
| **Subject:** | RE: RE: disclosure of withheld emails in In re Wild, 21-351 (U.S. Supreme Court) - date of migration of |
| **Date:** | Friday, January 21, 2022 1:30:43 PM |

Paul,

    Feel free to provide the information to us at your convenience.

    We noted in OPR's report that the USAO's data was migrated between March and June 2008.  It was a process, so there wasn't one specific day on which it occurred.

Suzanne

**From:** Paul Cassell <cassellp@law.utah.edu>
**Sent:** Friday, January 21, 2022 10:29 AM
**To:** Drouet, Suzanne (OPR) <Suzanne.Drouet@usdoj.gov>
**Cc:** Fletcher, Brian H. (OSG) <Brian.Fletcher@usdoj.gov>; Michel, Christopher (OSG) <Christopher.Michel@usdoj.gov>; Brad Edwards <brad@epllc.com>
**Subject:** [EXTERNAL] RE: RE: disclosure of withheld emails in In re Wild, 21-351 (U.S. Supreme Court) - date of migration of

Hi Suzanne,

Thanks for the note.  Sorry to be slow responding – I'm working to get ready for my meeting next week with Attorney General Garland on the Boeing case.

On behalf of Courtney Wild, we will put together some additional information that will be helpful to you, per your request. One quick question that will help us as we assemble that information: Can you pass along the approximate date of the migration of the emails to a new centralize server?  That (approximate) date would be helpful as we pass along our concerns.

Paul Cassell for Courtney Wild

Paul G. Cassell
Ronald N. Boyce Presidential Professor of Criminal Law and University Distinguished Professor of Law
S.J. Quinney College of Law at the University of Utah
383 S. University St., Salt Lake City, UT 84112-0730
(801) 585-5202 (phone)  (801) 585-2750 (fax) (pronouns: he/him/his)
cassellp@law.utah.edu
You can access my publications on http://ssrn.com/author=30160

    CONFIDENTIAL: This electronic message - along with any/all attachments - is confidential. This message is intended only for the use of the addressee. If you are not the intended recipient, you may not use, disseminate, distribute or copy this communication. If you have received this message in error, please immediately notify the sender by reply electronic mail and delete the original message.  Professor Cassell is admitted to the Utah State Bar, but not the bars of other states.  Any views

he expresses in this email are his own.

---

**From:** Drouet, Suzanne (OPR) <Suzanne.Drouet@usdoj.gov>
**Sent:** Wednesday, January 19, 2022 12:37 PM
**To:** Paul Cassell <cassellp@law.utah.edu>
**Cc:** Fletcher, Brian H. (OSG) <Brian.Fletcher@usdoj.gov>; Michel, Christopher (OSG) <Christopher.Michel@usdoj.gov>; Brad Edwards <brad@epllc.com>
**Subject:** RE: RE: disclosure of withheld emails in In re Wild, 21-351 (U.S. Supreme Court)

Paul,

     This is to acknowledge that OPR has received your email requesting that it promptly confirm that information was improperly withheld from the plaintiffs in the CVRA litigation (*Doe v. United States*, Case No. 9:08-cv-80736-KAM (S.D. Fla. July 7, 2008)).  Regarding the additional "various letters" referenced in your email, OPR is in receipt of a letter from you to Attorney General Merrick Garland and then Acting Solicitor General Brian Fletcher, dated October 7, 2021; a letter to Brian Fletcher, dated December 27, 2021; and Mr. Fletcher's January 4, 2022 response.  If there are other letters relating to this issue that you would like OPR to review, we would appreciate receiving them.

     Please be aware that OPR is not presently conducting an investigation into your allegations.  We are reviewing your correspondence and allegations and determining whether further action is warranted.  As stated in OPR's November 2020 report of its investigation into the Epstein allegations, OPR discovered the gap in the preservation of former U.S. Attorney Alexander Acosta's emails and thoroughly investigated the issue.  OPR determined that the failure to preserve the emails was most likely due to a technological error as emails were migrated to a new centralized server and not the result of intentional destruction by anyone.  OPR did not discover evidence that anyone in the U.S. Attorney's Office for the Southern District of Florida was aware of the gap in U.S. Attorney Acosta's emails until OPR discovered it, nor did OPR find evidence indicating that anyone intentionally concealed from the plaintiffs the fact that some emails had not been properly preserved.

     OPR did not at that time investigate whether the government's discovery production during the course of the civil CVRA litigation complied with its discovery obligations.  In your correspondence, you allege that based on your review of OPR's report, the government "failed to produce to us dozens—and likely hundreds—of emails and other communications."  If you have identified these documents, OPR would appreciate receiving a list of the emails or other records that you believe were not produced to you, the results of any comparison made between the identified documents and the privilege logs (in the event that you conducted such a comparison), and the basis for your belief that the government was obligated to provide the record to you (i.e. discovery rule, court order, etc.).  If you have not identified the documents, we would

appreciate receiving more information concerning the basis for your belief that documents were improperly withheld from the plaintiffs.

 Thank you for advising OPR of your concerns.  If you have additional information that you believe OPR should consider in evaluating your allegations, please feel free to provide it to me at this email address.

Suzanne

Suzanne Drouet
Deputy Counsel
Office of Professional Responsibility
202-307-3258

---

**From:** Paul Cassell <cassellp@law.utah.edu>
**Sent:** Tuesday, January 18, 2022 4:47 PM
**To:** Drouet, Suzanne (OPR) <Suzanne.Drouet@usdoj.gov>
**Cc:** Fletcher, Brian H. (OSG) <Brian.Fletcher@usdoj.gov>; Michel, Christopher (OSG) <Christopher.Michel@usdoj.gov>; Brad Edwards <brad@epllc.com>
**Subject:** [EXTERNAL] RE: disclosure of withheld emails in In re Wild, 21-351 (U.S. Supreme Court)

Dear Suzanne (if I may, and please call me Paul),

 I understand that Brian Fletcher from the Solicitor General's Office has sent to you various letters from me. These letters raised the concern that Justice Department attorneys did not properly disclose to us – and to the U.S. District Court for the Southern District of Florida – various emails regarding the Jeffrey Epstein non-prosecution deal--emails that were in the Government's possession that the district court had directed the Government to produce.  The Department also failed to disclose the existence of a gap in U.S. Attorney Alex Acosta's email in-box, which was a material fact in connection with the completeness of the Government's email production.

 I know that you are currently investigating the situation. But we believe it will be straightforward for you to quickly confirm (and, indeed, may have already confirmed) the fact that information was improperly withheld from us – and the district court.  After all, OPR previously collected all of the emails – which is the basis for our concern. Once you confirm that information was not properly disclosed to us, we believe that you should immediately pass that finding along to us, so that we can pass the information along to the U.S. Supreme Court.

 Time is of the essence. Today, January 18, Ms. Wild filed her reply in support of her petition for a writ of certiorari in connection with this case. We believe that it is important that the Supreme Court know that information was improperly withheld from Ms. Wild's attorneys – and the district court – during the discovery phase of this case. Indeed, we raised his failure-to-disclose issue both in Ms.

Wild opening petition to the Supreme Court and in her reply in support of her petition. But, of course, because we lack access to OPR's files, we had no way of specifically proving our allegations.

Because the Court will presumably be making a decision on Ms. Wild's petition in the next several weeks, time is of the essence for the Justice Department to disclose to us (as opposing counsel) these facts—facts that are important to Ms. Wild's efforts to have the Supreme Court review her case and protect her rights. Indeed, we think that disclosure of this information should have been made to us long ago.

Thank you in advance for your prompt attention to this concern. We would appreciate the opportunity to discuss this issue with you at your earliest convenience.

Paul Cassell and Brad Edwards for Courtney Wild

Paul G. Cassell
Ronald N. Boyce Presidential Professor of Criminal Law and University Distinguished Professor of Law
S.J. Quinney College of Law at the University of Utah
383 S. University St., Salt Lake City, UT 84112-0730
(801) 585-5202 (phone)  (801) 585-2750 (fax) (pronouns: he/him/his)
cassellp@law.utah.edu
You can access my publications on http://ssrn.com/author=30160

CONFIDENTIAL: This electronic message - along with any/all attachments - is confidential. This message is intended only for the use of the addressee. If you are not the intended recipient, you may not use, disseminate, distribute or copy this communication. If you have received this message in error, please immediately notify the sender by reply electronic mail and delete the original message.  Professor Cassell is admitted to the Utah State Bar, but not the bars of other states.  Any views he expresses in this email are his own.