# EXHIBIT 28



**U.S. Department of Justice**

Office of Professional Responsibility

*950 Pennsylvania Avenue, N.W., Suite 3266*
*Washington, D.C. 20530*

January 10, 2023

Professor Paul G. Cassell
The University of Utah
S.J. Quinney College of Law
383 South University Street
Salt Lake City, UT 84112

Bradley J. Edwards
Edwards Pottinger LP
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301

Dear Professor Cassell and Mr. Edwards:

  I am writing in response to your correspondence to the Office of Professional Responsibility (OPR) and other Department of Justice entities, requesting Department records to support the then pending petition of Courtney Wild to the United States Supreme Court for a writ of certiorari arising from an adverse decision of the United States Court of Appeals for the Eleventh Circuit. Although the Supreme Court subsequently denied Ms. Wild's petition, we understand that you are continuing to seek the Department records specified in your correspondence.

  In your correspondence, you alleged that during Ms. Wild's underlying litigation before the U.S. District Court for the Southern District of Florida, in 2011–2015, the government intentionally or negligently failed to produce all of the emails between the government and attorneys representing Jeffrey Epstein. You highlighted a "data gap" discussed in OPR's report of investigation that affected certain emails of then U.S. Attorney Alexander Acosta, and you alleged that Department attorneys had "improperly concealed" the data gap as part of an "apparent cover up." You also noted that OPR's publicly available report of investigation referenced emails that you alleged were not among those produced to the plaintiffs or to the court, as evidenced by the government's privilege log. You asserted that in failing to produce the emails, the Assistant U.S. Attorneys (AUSAs) handling the civil litigation violated ethical and professional obligations. You further asserted that the allegedly undisclosed emails were relevant to Ms. Wild's then pending petition before the United States Supreme Court, and you requested that the Department produce them to you and inform the Court that without the emails the appellate record was incomplete. You also sought to have OPR undertake a comprehensive analysis to identify all emails that were not disclosed to the plaintiffs or the court.

OPR has carefully reviewed your correspondence, both to OPR and to other Department entities, and considered your allegations and supporting materials. For the reasons set forth below, OPR has determined that no further action is warranted in this matter.

Although you repeatedly referred in your correspondence to a "cover up" and the government's "concealment" of the existence of the "data gap" relating to Mr. Acosta's emails, as we previously informed you, OPR carefully and thoroughly investigated the missing emails. As discussed in OPR's report of investigation, the government's failure to preserve the emails was most likely caused by a technological error. OPR did not find evidence establishing that the AUSAs handling the civil litigation intentionally failed to disclose that some of Mr. Acosta's emails were missing or that the attorneys were even aware that emails were missing until OPR discovered the problem and brought it to their attention. Further, given the manner in which the emails were reviewed and produced, OPR did not find evidence warranting a conclusion that the civil litigation attorneys should have observed the data gap or that their failure to do so constituted a gross deviation from the standard of conduct that an objectively reasonable attorney would observe in the same situation. Accordingly, OPR cannot conclude that even if the government's certifications or representations regarding its disclosures were inaccurate, a Department attorney acted intentionally or recklessly.

You also alleged that the plaintiffs did not receive information that would have been important to establishing their claims, either because certain external emails were not produced to the plaintiffs as ordered by the court or because the plaintiffs did not receive internal emails between members of the prosecution team. In November 2020, the Eleventh Circuit Court of Appeals denied Ms. Wild's request to supplement the record with emails referenced in the OPR report of investigation, despite assertions, similar to those in your letter to OPR, that the government's alleged failure to produce to the plaintiffs all of the emails deprived them of information critical to their claims. On February 22, 2022, the Supreme Court summarily denied Ms. Wild's petition for a writ of certiorari. The courts' actions reflect that they were not persuaded that the emails contained information material to determining the purely legal question of whether the Crime Victims' Rights Act authorizes freestanding civil suits against the United States before the initiation of a criminal prosecution.

In addition, as you know, many internal emails were withheld from discovery due to the government's claims of privilege, which, for the most part, the district court upheld. OPR cannot conclude that an attorney acted improperly by withholding records based on a claim of privilege that was reviewed and upheld by a court. Although the number of records OPR reviewed during its investigation is substantially greater than the number of emails produced to the plaintiffs, it is not correct to assume that the government was obligated to produce all of the emails OPR reviewed as part of its investigation, which included large quantities of emails unrelated to the non-prosecution agreement and even to the Epstein matter itself. Even if it could be definitively determined that the government failed to produce to the plaintiffs all of the communications between the prosecution team and Epstein's attorneys, that fact alone would not necessarily lead to a finding of professional misconduct. OPR did not specifically investigate the AUSAs' discovery decisions as part of its investigation into the Epstein non-prosecution agreement, but OPR did investigate allegations that related to the civil litigation proceedings and reviewed events occurring during those proceedings and did not find any evidence suggesting that the AUSAs

- 3 -

handling the civil litigation were intentionally concealing from the plaintiffs records that they knew should be produced. Given these circumstances, OPR determined that searching thousands of pages of documents to determine whether records had not been provided to the plaintiffs, and if so, why, during discovery proceedings occurring more than seven years ago, would not be an appropriate use of OPR's limited resources.

Accordingly, OPR is taking no further action regarding your complaint. Thank you for advising OPR of your concerns.

Sincerely,

*Jeffrey R. Ragsdale*

Jeffrey R. Ragsdale
Counsel