# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE 1, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>    Defendant/Third-Party Plaintiff.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>JAMES EDWARD STALEY,<br><br>    Third-Party Defendant. | Case No. 22-cv-10019-JSR |

**DECLARATION OF CYNTHIA D. VREELAND IN SUPPORT OF WILMERHALE'S OPPOSITION TO EDWARDS' MOTION TO DISQUALIFY**

Pursuant to 28 U.S.C. § 1746, I, Cynthia Vreeland, declare under penalty of perjury as follows:

1. I am a member in good standing of the bars of the Commonwealth of Massachusetts and the State of Texas. I am a Partner with the law firm of Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale"), 60 State Street, Boston, Massachusetts 02109. I provide this declaration in support of WilmerHale's Opposition to Mr. Edwards' Motion to Disqualify WilmerHale.

2. On September 21, 2021, ECPAT-USA, a non-profit organization focused on preventing the commercial sexual exploitation of children, engaged WilmerHale to represent it *pro bono* in connection with an amicus brief in support of a petition for a writ of certiorari to

the Supreme Court of the United States that had been filed by Courtney Wild, a victim of Jeffrey Epstein. The question presented in the certiorari petition was "Whether the Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771 (2004), a comprehensive bill of rights for federal crime victims with specific enforcement pro-visions, contains rights-creating language that allows crime victims to bring a suit to enforce their right to confer with prosecutors and other CVRA rights before the Government files a federal indictment." *See* Cassell Exhibit 2, Cert Petition at i.

3. Attorney Paul Cassell, Professor at S.J. Quinney College of Law at the University of Utah, and Bradley Edwards of Edwards Pottinger LP represented Ms. Wild in connection with the certiorari petition.

4. On October 4, 2021, WilmerHale filed an amicus brief ("Amicus Brief") on behalf of ECPAT-USA. The Amicus Brief highlighted the importance of the issue presented by the petition before the Supreme Court to child victims of sex trafficking – arguing that secret, pre-indictment plea agreements against sex traffickers in criminal cases violated the rights of crime victims and would have a chilling effect on the reporting of these crimes. The Amicus Brief also emphasized the harms to victims should the government be allowed to secretly enter into such plea agreements.

5. I recall having a few limited discussions and email exchanges with Ms. Wild's counsel, Mr. Cassell. I participated in three calls with Mr. Cassell, one on each of the following dates: September 22, 2021, January 5, 2022, and January 14, 2022.

6. My initial communications with Mr. Cassell focused on the background facts previously set out in Ms. Wild's certiorari petition and earlier legal filings and the arguments that ECPAT-USA ultimately included in its Amicus Brief. After we filed the Amicus Brief

in October 2021, Mr. Cassell also contacted WilmerHale concerning Ms. Wild's reply brief in support of her certiorari petition, including how to address the issue of the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and whether it made sense to pursue this topic with the Supreme Court in the reply brief ▇▇▇▇▇▇▇▇▇▇. During these communications, Mr. Cassell asked if WilmerHale had a sample ▇▇▇▇▇▇▇. WilmerHale provided Mr. Cassell with a sample previously filed in some other case by a different law firm.

7. I do not recall Mr. Cassell informing me that any of the information he provided about Ms. Wild was confidential. Instead, I recall Mr. Cassell primarily directing us to the facts previously set out in Ms. Wild's Petition and her earlier legal filings before the Eleventh Circuit and District of Florida. I have reviewed the emails that Mr. Cassell has attached to his declaration. In none of these does Mr. Cassell inform WilmerHale that he was relaying any confidential information about Ms. Wild to WilmerHale.

8. Additionally, WilmerHale did not enter into or negotiate any common interest or joint defense agreements relating to our work on the Amicus Brief, and I do not recall any discussion with Mr. Cassell about a common interest agreement. I did not understand any of my communications with Mr. Cassell to take place under a common interest agreement, a mutual common interest understanding, or a joint defense agreement. Again, I have reviewed the emails that Mr. Cassell attached to his declaration, and none discuss a common interest or joint defense agreement or identify our communications as subject to any such agreement.

I declare under penalty of perjury that the foregoing is true and correct.

Date: May 8, 2023

_____
Cynthia D. Vreeland