**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JANE DOE 1, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>        Defendant/Third-Party Plaintiff.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>        Third-Party Plaintiff,<br><br>v.<br><br>JAMES EDWARD STALEY,<br><br>        Third-Party Defendant. | Case No. 22-cv-10019-JSR |

**DECLARATION OF ALLA LERNER**

Pursuant to 28 U.S.C. § 1746, I, Alla Lerner, declare under penalty of perjury as follows:

1.      I am a Managing Director and Associate General Counsel at Defendant / Third-Party Plaintiff JPMorgan Chase Bank, N.A. ("JPMC"). I am over the age of 18. The statements contained herein are true and based upon my own personal knowledge.

2.      My work for JPMC includes, among other things, overseeing legal matters and litigation involving the bank. In selecting WilmerHale as outside counsel to represent JPMC in the above captioned litigation, my team and I took a number of factors into account, including WilmerHale's prior experience working with JPMC on other litigation and regulatory matters, WilmerHale's prior experience working on matters involving the TVPA, and the fact that we needed a firm of WilmerHale's size in order to staff and handle a litigation of this size and scope.

1

3.      As it does in many large cases, JPMC has also engaged another firm, Massey &
Gail LLP, to serve as co-counsel with WilmerHale.  Massey & Gail is a trial boutique with fewer
than 25 full and part-time attorneys.  We believed that both firms had unique capabilities that
were best positioned to represent the bank and its interests in this case, each firm bringing its
own specialized knowledge and resources to bear in preparing JPMC's case.

4.      Over the course of this litigation, my team and I have relied heavily on our
selected outside counsel WilmerHale to conduct research, gather information, and meet with
witnesses in order to develop the legal and factual basis for our defense in this case.  WilmerHale
has worked extensively and diligently with JPMC on this matter and has developed significant
institutional expertise not only regarding the specific subject matter of this litigation but also
about JPMC's business generally including our organization, document management systems,
current and past compliance programs, and legal strategy.

5.      It is very important to JPMC to continue working on this case with its chosen
outside counsel.  WilmerHale has now developed non-substitutable expertise and capabilities
that are necessary to the full and fair preparation of JPMC's case.  Given the current schedule
and WilmerHale's significant institutional knowledge, it would be not only not practicable but
very likely not possible to get new counsel up to speed and in position to effectively represent
JPMC in this case.

6.      JPMC would be at a severe disadvantage, its defense would be impaired, and it
will be significantly prejudiced if forced to obtain new counsel in this matter at this time.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: May 8, 2023

_____
Alla Lerner

2