# EXHIBIT 2

UNITED STATES DISTRICT COURT
SdOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jane Doe 1, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Deutsche Bank Akteingesellschaft, et. al.,<br><br>Defendants.<br><br>Jane Doe 1, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JPMorgan Chase Bank, N.A.,<br><br>Defendant. | Case No. 1:22–CV–10019 (JSR) |

## DECLARATION OF JAMES R. MARSH

I, James R. Marsh, declare as follows:

1. I am a member in good standing of the bars of the State of New York, the District of Columbia, and Michigan, and the United States Supreme Court, along with the bars of every federal circuit court except the Court of Appeals for the Federal Circuit.

2. I am the founding partner of the Marsh Law Firm in New York City. I have been licensed to practice law in New York for thirty years.

3. I have over 30 years' experience advocating for children, crime victims, and sexual abuse survivors in state and federal trial courts, federal circuit courts, the United States Congress and state legislatures, and the United States Supreme Court.

4. The organization I founded in Washington, DC—the Children's Law Center—has helped over 50,000 at-risk and vulnerable children receive free legal advocacy over the past 25 years valued over $125 million.

5. I am also the board chair of Child USA, a think tank which engages in research-based public policy advocacy for children.

6. Around August 2021, I was contacted by my friend and colleague Professor Paul Cassell of the S.J. Quinney College of Law at the University of Utah. I have worked with Professor Cassell on many other crimes victims' rights matters including the United States Supreme Court case of *Paroline v. United States*, 572 U.S. 434 (2015), which we briefed together in lower courts and, ultimately, the Supreme Court.

7. Professor Cassell contacted me to request amicus support for a certiorari petition he was preparing to file in the Supreme Court on behalf of Epstein sex abuse victim Courtney Wild.

8. This was not an unusual or extraordinary request by Professor Cassell since we have collaborated on many such efforts in the past.

9. I agreed to prepare such a brief supporting Ms. Wild on behalf of Child USA.

10. In connection with preparing the amicus brief, Professor Cassell and I discussed some of the areas where Child USA could best support Ms. Wild's certiorari petition.

11. Again, this kind of collaboration was very typical of our past practices.

12. In our discussions about the amicus brief supporting Ms. Wild, Professor Cassell and I did not have a written "joint defense agreement" or "common interest agreement."

13. We have never had such an agreement in the past nor have we ever contemplated such an agreement.

14. It was obvious to me—and, I assume, to Professor Cassell—that we were working in a common legal effort to support Ms. Wild's cert petition to the Supreme Court.

15. In my experience, the existence of common interest protection for communications in such circumstances is commonly recognized and in this particular case assumed.

16. I have also been involved in other cases concerning crime victims' rights before the Supreme Court including the previously mentioned *United States v. Paroline*.

17. It is my experience that written common interest agreements are not ordinarily reduced to writing in crime victims' rights cases where a crime victim is seeking support of her position in the Supreme Court. Rather, in such circumstances, it is generally recognized that confidentiality is required to permit the frank exchange of positions and ideas and that the parties to discussions are engaged in a joint effort to achieve the objectives of the crime victim. The point is assumed—especially in cases involving victims of sexual violence, trafficking, and abuse—that it is unnecessary to reduce that common understanding to writing.

18. The sensitivity of the issues, the personal and intimate nature of the crimes, and the victimology of the plaintiffs require counsel who are sensitive, trusted, and who can maintain the utmost standards of confidentiality and discretion.

19. Both Professor Cassell and I have always conducted ourselves in accordance with the above implicit and explicit mutual understanding.

20. Given the circumstances described above, our past practices, and extensive history of collaboration, I had and continue to have a good faith belief that an unwritten common interest agreement was in place protecting the confidentiality of our communications as I and my firm, in conjunction with staff from Child USA, prepared the amicus brief in the Wild case.

21. On October 4, 2021, we filed an amicus brief for Child USA supporting Courtney Wild in the case of *Wild v. U.S. District Court for the Southern District of Florida*, No. 21-351.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 9th day of May, 2023.

James R. Marsh
Founding Partner
Marsh Law Firm PLLC
31 Hudson Yards, 11th Floor
New York, New York 10001
212–372–3030
jamesmarsh@marsh.law