UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| JANE DOE 1, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>  -v-<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>        Defendant/Third-Party Plaintiff,<br>  -v-<br><br>JAMES EDWARD STALEY,<br><br>        Third-Party Defendant. |

22-cv-10019 (JSR)

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.:

On May 4, 2023, Bradley Edwards, counsel for plaintiff Jane Doe, moved to disqualify Wilmer, Cutler, Pickering, Hale, and Dorr, LLP ("WilmerHale") from representing defendant JPMorgan Chase Bank, N.A. ("JP Morgan") in the above-captioned case. On May 10, 2023, plaintiff Jane Doe joined Mr. Edwards' motion. *See* ECF No. 126. After full consideration of the parties' submissions, the Court hereby denies the motion.

Disqualification of JP Morgan's chosen counsel at this advanced stage of this complex case would be an extraordinary remedy, warranted only if the movants could meet a "high standard of proof." *Gov't of India v. Cook Indus., Inc.*, 569 F.2d 737, 739 (2d Cir. 1978); *see also Jordan v. Saltzmann*, No. 3:21-CV-560 (CSH), 2022 WL 16901994, at *3

1

(D. Conn. Nov. 10, 2022) ("[M]otions for disqualification are generally disfavored by the Second Circuit and are subjected to a high standard of proof due to the hardship disqualification may inflict on a client, who should have the right to select counsel . . . .").

The instant motion stems from WilmerHale's prior work for ECPAT-USA ("ECPAT"), an anti-sex-trafficking organization. In 2008, Courtney Wild, an alleged victim of Jeffrey Epstein's sex-trafficking venture and an unnamed member of the putative class in this case, sought to set aside, pursuant to the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, a Non-Prosecution Agreement that Epstein had entered into with Florida federal prosecutors in 2008. Subsequently, after Epstein died, the U.S. District Court for the Southern District of Florida dismissed Ms. Wild's case as moot. The Eleventh Circuit denied Ms. Wild's appeal from that dismissal, and she then petitioned for certiorari from the Supreme Court. WilmerHale represented ECPAT when it submitted an amicus brief in support of Ms. Wild's petition.

The movants here claim that WilmerHale should now be disqualified from representing JP Morgan on two grounds. First, they claim that WilmerHale is conflicted because the interests of its current client, JP Morgan, are materially adverse to those of its former client, ECPAT, and the current case is substantially related to Ms. Wild's petition for certiorari. *See* ABA Model Rules of Professional Conduct, Rule 1.9 ("A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse

2

to the interests of the former client unless the former client gives informed consent, confirmed in writing."). Second, they argue that WilmerHale learned confidential information from Ms. Wild when it represented ECPAT, which it might use against Ms. Wild as it defends JP Morgan.

As a preliminary point, the Court notes that neither ECPAT nor Ms. Wild have joined the instant motion. That alone likely suffices to warrant denying the motion. *See United States v. Rogers*, 9 F.3d 1025, 1031 (2d Cir. 1993) ("As a general rule, courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification."); *Satina v. New York City Hum. Res. Admin.*, No. 14 CIV. 3152 PAC, 2015 WL 6681203, at *2 (S.D.N.Y. Nov. 2, 2015) ("[N]o Second Circuit case has ever approved of such third-party disqualification motions.").

But even if ECPAT or Ms. Wild had joined the motion (or if Jane Doe could somehow claim that she represents Ms. Wild as a putative member of the not-yet-certified class), the motion still would be denied, because neither of movants' arguments justifies disqualification. As to the first, while JP Morgan's interests are likely adverse to those of ECPAT, movants have not established that the current case is "substantially related" to WilmerHale's representation of ECPAT.

As WilmerHale correctly points out, the current case shares few, if any, questions of law or fact with WilmerHale's representation of ECPAT. It is true that Jane Doe's claims against JP Morgan and Courtney

3

Wild's suit to set aside Jeffrey Epstein's Non-Prosecution Agreement both arise out of Epstein's alleged sex-trafficking venture. But the gravamen of this case is completely different from that of ECPAT's amicus brief to the Supreme Court. The current case is about whether JP Morgan, a bank, is legally liable for its alleged role in supporting Jeffrey Epstein's sex trafficking venture. Key issues in this case include whether JP Morgan knew (or recklessly disregarded) that Epstein ran a sex-trafficking venture, whether JP Morgan willfully failed to file suspicious activity reports about Epstein's accounts, and various other questions centered on JP Morgan's conduct. Ms. Wild's petition for certiorari, by contrast, sought review of the question of whether the CVRA "allows crime victims to bring a suit to enforce their right to confer with prosecutors and other CVRA rights before the Government files a federal indictment." Declaration of Paul Cassell in Supp. of Mot. to Disqualify WilmerHale, ECF No. 107 (hereinafter, "Cassell Decl."), Ex. 2. And ECPAT's brief, specifically, focused on the harms that the Eleventh Circuit's decision -- which denied crime victims such a right -- purportedly caused to victims of sex-trafficking. Cassell Decl., Ex. 12. That brief and the case before the Court are not related in any way that matters for WilmerHale's qualification; they share only an origin.

Similarly, movants have failed to establish that WilmerHale should be disqualified because it gained access to material confidential information from Ms. Wild during its representation of ECPAT. In the first instance, it is unclear that Ms. Wild's disclosure

4

of information to JP Morgan during its representation of ECPAT could warrant disqualification in this case, even if it *were* material. Ms. Wild was not WilmerHale's client; and while Mr. Edwards asserts that Ms. Wild formed a common interest agreement with ECPAT, no record of any such agreement (or even a conversation discussing such an agreement) has been put before the Court.

In any event, movants have not demonstrated that Ms. Wild communicated confidential information to WilmerHale that is material to this case. In a sworn declaration, Paul Cassell, who acted as counsel to Ms. Wild in her petition for certiorari and who now co-represents Jane Doe, asserts that he shared his "confidential assessments of the strengths and weaknesses of Ms. Wild's arguments" with attorneys affiliated with WilmerHale. Cassell Decl., ¶ 69. The Court has no reason to doubt the veracity of Mr. Cassell's declaration. As discussed above, however, Ms. Wild's petition for certiorari presented very different issues from Jane Doe's claims against JP Morgan. And while it is conceivable that a discussion of the strengths and weaknesses of Ms. Wild's arguments could have involved disclosure of confidential information that is material to the current case, Mr. Cassell's declaration does not mention any such information with particularity.[1] Such speculative and generalized allegations do not

---

[1] At most, Mr. Cassell asserts that he shared with lawyers associated with WilmerHale information concerning the potential weaknesses of a Rule 60 motion to be filed on behalf of Ms. Wild. Cassell Decl., ¶¶ 68-72. The only specific such weakness mentioned in Mr. Cassell's declaration is the statute of limitations applicable to any such motion filed by Ms. Wild. *Id.* at ¶ 69. The relevance, if any, of that information to the current case is extremely tangential and plainly does not suffice to warrant disqualifying JP Morgan's chosen counsel.

5

meet the "strong standard of proof" that is required for disqualification.

Finally, the Court notes the late hour at which movants have chosen to bring this motion. Mr. Edwards filed this motion on May 4, 2023, approximately five months after WilmerHale first appeared on behalf of JP Morgan in this case, just over one week before WilmerHale was due to file opposition to class certification, and less than one week before WilmerHale was due to file opposition to third-party defendant Jes Staley's motion to dismiss. Co-counsel Cassell explains this delay by stating that he only recollected "the details of WilmerHale's brief" for ECPAT on March 31, 2023 (which in itself speaks volumes as to the tangential nature of the exchange of communications between Ms. Wild and ECPAT in 2021 and 2022, as well as the unlikelihood that it might even be recalled in material fashion at present). Cassell Decl, ¶ 116. In any case, while Mr. Cassell's statement does clarify why this motion was not brought earlier, it does not lessen the great prejudice that JP Morgan would suffer if its chosen counsel were disqualified so late in this litigation.

In short, the movants lack standing, and their motion lacks merit. The motion to disqualify WilmerHale is therefore denied. The Clerk is respectfully directed to close entry number 105 on the docket of this case.

SO ORDERED.

New York, NY
May 11, 2023

JED S. RAKOFF, U.S.D.J.