**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

JANE DOE, individually and on behalf of
all others similarly situated,

      Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.

      Defendant/Third-Party Plaintiff.

Case No. 22-cv-10019-JSR

JPMORGAN CHASE BANK, N.A.

      Third-Party Plaintiff,

v.

JAMES EDWARD STALEY

      Third-Party Defendant.

**THIRD-PARTY DEFENDANT JAMES E. STALEY'S ANSWER TO
JPMORGAN'S CHASE BANK, N.A.'S THIRD-PARTY COMPLAINT
AND STATEMENT OF AFFIRMATIVE AND OTHER DEFENSES**

Third-Party Defendant James E. Staley hereby files his Answer and Statement of Defenses

to the Third-Party Complaint ("TPC") of Third-Party Plaintiff JPMorgan Chase Bank, N.A.

("JPMorgan"), Case No. 22-cv-10019-JSR, ECF No. 59, as follows:

1.      Mr. Staley admits that Plaintiff Jane Doe 1 ("Doe") sued JPMorgan via complaints

dated November 24, 2022, and January 13, 2023.  Mr. Staley further admits that, at the time the

TPC was filed, JPMorgan had moved to dismiss Doe's complaint and had not yet answered.

2.      Mr. Staley admits that the Court consolidated for pretrial purposes the case filed by

Doe with the case brought against JPMorgan by the Government of the United States Virgin

Islands ("USVI"), *USVI v. JPMorgan Chase Bank, N.A.*, 22-cv-10904-JSR (S.D.N.Y.), and that

the USVI filed a First Amended Complaint on January 10, 2023.  Mr. Staley further admits that, at the time the Third Party Complaints were filed, JPMorgan had moved to dismiss the USVI's complaint and had not yet answered.

3.      Mr. Staley admits that the allegations in the Doe Complaint and the USVI Complaint are unproven.  The allegations in the second sentence of paragraph 3 purport to characterize other pleadings in this litigation, and thus no response is required from Mr. Staley.  Mr. Staley respectfully refers the Court to the documents cited in paragraph 3 for their true and correct contents.  To the extent a response is required, Mr. Staley denies the allegations.  The allegations in the third sentence of paragraph 3 are legal conclusions and thus no response is required.  To the extent a response is required, Mr. Staley denies the allegations.  Unless expressly admitted, Paragraph 3 is otherwise denied.

## PARTIES[1]

4.      Mr. Staley lacks knowledge or information sufficient to form an opinion as to the truth of paragraph 4, and on that basis denies it.

5.      Admit.

## JURISDICTION

6.      The allegations in paragraph 6 are legal conclusions and thus no response is required.  To the extent a response is required, Mr. Staley denies them.

7.      The allegations in paragraph 7 are legal conclusions and thus no response is required.  To the extent a response is required, Mr. Staley denies them.

---

[1] Headings are included for organizational purposes only and Mr. Staley does not admit anything contained therein.  To the extent the headings include averments, those averments are denied.

8.     The allegations in paragraph 8 are legal conclusions and thus no response is required.  To the extent a response is required, Mr. Staley denies them.

## VENUE

9.     The allegations in paragraph 9 are legal conclusions and thus no response is required.  To the extent a response is required, Mr. Staley denies them.

10.     The allegations in paragraph 10 are legal conclusions and thus no response is required.  To the extent a response is required, Mr. Staley denies them.

## DOE'S COMPLAINT

11.     The allegations in paragraph 11 purport to characterize allegations by Doe against JPMorgan, and thus no response is required from Mr. Staley; Doe's Complaint speaks for itself. To the extent a response is required, Mr. Staley denies the allegations.

12.     The allegations in paragraph 12 purport to characterize allegations by Doe against JPMorgan, and thus no response is required from Mr. Staley; Doe's Complaint speaks for itself. To the extent a response is required, Mr. Staley denies the allegations.

13.     The allegations in paragraph 13 purport to characterize JPMorgan's response to the allegations by Doe against JPMorgan, and thus no response is required from Mr. Staley; Doe's Complaint speaks for itself, as does JPMorgan's response.  To the extent a response is required, Mr. Staley denies the allegations.

## USVI'S COMPLAINT

14.     The allegations in paragraph 14 purport to characterize allegations by USVI against JPMorgan, and thus no response is required from Mr. Staley; the USVI's Complaint speaks for itself.  To the extent a response is required, Mr. Staley denies the allegations.

15.    The allegations in paragraph 15 purport to characterize JPMorgan's response to the allegations by USVI against JPMorgan, and thus no response is required from Mr. Staley; the USVI's Complaint speaks for itself, as does JPMorgan's response.  To the extent a response is required, Mr. Staley denies the allegations.

## JAMES STALEY

16.    Admit.

17.    The allegations in paragraph 17 are conclusions of law and thus no response is required.  To the extent a response is required, Mr. Staley denies them.

18.    Denied.  Mr. Staley further states that any affirmations he signed speak for themselves.

19.    Mr. Staley lacks knowledge or information sufficient to form an opinion as to the truth of paragraph 19, and on that basis denies it.

20.    Mr. Staley lacks knowledge or information sufficient to form an opinion as to the truth of paragraph 20, and on that basis denies it.

21.    Mr. Staley admits that he signed an agreement upon his departure from JPMorgan, the contents of which speak for themselves.  Otherwise, paragraph 21 is denied.

## DOE'S ALLEGATIONS

22.    Paragraph 22 purports to recount what Doe alleges in her complaint against JPMorgan, and thus no response is required from Mr. Staley.  Mr. Staley respectfully refers the Court to the document cited in paragraph 22 for its true and correct contents.  To the extent a response is required, Mr. Staley denies the allegations.

23.    Paragraph 23 purports to recount what Doe alleges in her complaint against JPMorgan, and thus no response is required from Mr. Staley.  Mr. Staley respectfully refers the

Court to the document cited in paragraph 23 for its true and correct contents.  To the extent a response is required, Mr. Staley denies the allegations.

24.     Paragraph 24 purports to recount what Doe alleges in her complaint against JPMorgan, and thus no response is required from Mr. Staley.  Mr. Staley respectfully refers the Court to the document cited in paragraph 24 for its true and correct contents.  To the extent a response is required, Mr. Staley denies the allegations.

25.     Paragraph 25 purports to recount what Doe alleges in her complaint against JPMorgan, and thus no response is required from Mr. Staley.  Mr. Staley respectfully refers the Court to the document cited in paragraph 25 for its true and correct contents.  To the extent a response is required, Mr. Staley denies the allegations.

26.     Paragraph 26 purports to recount what Doe alleges in her complaint against JPMorgan, and thus no response is required from Mr. Staley.  Mr. Staley respectfully refers the Court to the document cited in paragraph 26 for its true and correct contents.  To the extent a response is required, Mr. Staley denies the allegations.

27.     Paragraph 27 purports to recount what Doe alleges in her complaint against JPMorgan, and thus no response is required from Mr. Staley. Mr. Staley respectfully refers the Court to the document cited in paragraph 27 for its true and correct contents.  To the extent a response is required, Mr. Staley denies the allegations.

28.     Paragraph 28 purports to recount what Doe alleges in her complaint against JPMorgan, and thus no response is required from Mr. Staley. Mr. Staley respectfully refers the Court to the document cited in paragraph 26 for its true and correct contents.  To the extent a response is required, Mr. Staley denies the allegations.

## THE USVI'S ALLEGATIONS

29.     Paragraph 29 purports to recount what the USVI alleges in its complaint against JPMorgan, and thus no response is required from Mr. Staley.  Mr. Staley respectfully refers the Court to the document cited in paragraph 29 for its true and correct contents. To the extent a response is required, Mr. Staley denies the allegations.

30.     Paragraph 30 purports to recount what the USVI alleges in its complaint against JPMorgan, and thus no response is required from Mr. Staley.  Mr. Staley respectfully refers the Court to the document cited in paragraph 30 for its true and correct contents.  To the extent a response is required, Mr. Staley denies the allegations.

31.     Paragraph 31 purports to recount what the USVI alleges in its complaint against JPMorgan, and thus no response is required from Mr. Staley.  Mr. Staley respectfully refers the Court to the document cited in paragraph 31 for its true and correct contents.  To the extent a response is required, Mr. Staley denies the allegations.

32.     Paragraph 32 purports to recount what the USVI alleges in its complaint against JPMorgan, and thus no response is required from Mr. Staley.  Mr. Staley respectfully refers the Court to the document cited in paragraph 32 for its true and correct contents.  To the extent a response is required, Mr. Staley denies the allegations.

33.     Paragraph 33 purports to recount what the USVI alleges in its complaint against JPMorgan, and thus no response is required from Mr. Staley.  Mr. Staley respectfully refers the Court to the document cited in paragraph 33 for its true and correct contents.  To the extent a response is required, Mr. Staley denies the allegations.

**STALEY CONCEALED HIS PERSONAL ACTIVITIES WITH
EPSTEIN AND HIS CONFLICT OF INTEREST WITH JPMC**

34.     Admitted that Mr. Staley has contacted Mr. Epstein.  Otherwise, paragraph 34 is denied.

35.     Mr. Staley lacks knowledge or information sufficient to form an opinion as to the truth of paragraph 35, and on that basis denies it.

36.     Denied.

37.     To the extent the allegations in paragraph 37 are legal conclusions, no response is required.  Mr. Staley otherwise denies the allegations.

38.     Denied.

39.     Denied.

40.     To the extent the allegations in paragraph 40 are legal conclusions, no response is required.  Mr. Staley otherwise denies the allegations.

41.     To the extent the allegations in paragraph 41 are legal conclusions, no response is required.  Mr. Staley otherwise denies the allegations.

42.     To the extent the allegations in paragraph 42 are legal conclusions, no response is required.  Mr. Staley otherwise denies the allegations.

**COUNT I: INDEMNIFICATION**

43.     Mr. Staley repeats and reasserts each and every response to the allegations asserted in the foregoing paragraphs with the same force and effect as if fully set forth herein.

44.     The allegations in paragraph 44 are legal conclusions and thus no response is required.  To the extent a response is required, Mr. Staley denies them.

45.     The allegations in paragraph 45 are legal conclusions and thus no response is required.  To the extent a response is required, Mr. Staley denies them.

46.     The allegations in paragraph 46 purport to characterize allegations by the USVI against JPMorgan, and thus no response is required from Mr. Staley.  To the extent a response is required, Mr. Staley denies the allegations.

47.     The allegations in paragraph 47 are legal conclusions and thus no response is required.  To the extent a response is required, Mr. Staley denies them.

48.     The allegations in paragraph 48 are legal conclusions and thus no response is required.  To the extent a response is required, Mr. Staley denies them.

## COUNT II: CONTRIBUTION

49.     Mr. Staley repeats and reasserts each and every response to the allegations asserted in the foregoing paragraphs with the same force and effect as if fully set forth herein.

50.     The allegations in paragraph 50 are legal conclusions and thus no response is required.  To the extent a response is required, Mr. Staley denies them.

51.     The allegations in paragraph 51 are legal conclusions and thus no response is required.  To the extent a response is required, Mr. Staley denies them.

52.     The allegations in paragraph 52 purport to characterize allegations by the USVI against JPMorgan, and thus no response is required from Mr. Staley.  Mr. Staley respectfully refers the Court to the document cited in paragraph 52 for its true and correct contents.  To the extent a response is required, Mr. Staley denies the allegations.

53.     The allegations in paragraph 53 are legal conclusions and thus no response is required.  To the extent a response is required, Mr. Staley denies them.

54.     The allegations in paragraph 54 are legal conclusions and thus no response is required.  To the extent a response is required, Mr. Staley denies them.

55.     The allegations in paragraph 55 are legal conclusions and thus no response is required.  To the extent a response is required, Mr. Staley denies the allegations.  Furthermore,

JPMorgan conceded in its Memorandum of Law in Opposition to Mr. Staley's motion to dismiss that "punitive damages are unavailable on contribution claims" (Dkt. 121 at 16 n.2).

## COUNT III: BREACH OF FIDUCIARY DUTY

56.     Mr. Staley repeats and reasserts each and every response to the allegations asserted in the foregoing paragraphs with the same force and effect as if fully set forth herein.

57.     The allegations in paragraph 57 are legal conclusions and thus no response is required.  To the extent a response is required, Mr. Staley denies them.

58.     The allegations in paragraph 58 are legal conclusions and thus no response is required.  To the extent a response is required, Mr. Staley denies them.

59.     The allegations in paragraph 59 are legal conclusions and thus no response is required.  To the extent a response is required, Mr. Staley denies them.

60.     The allegations in paragraph 60 are legal conclusions and thus no response is required.  To the extent a response is required, Mr. Staley denies them.

61.     Denied.

62.     Denied.

63.     The allegations in paragraph 63 are legal conclusions and thus no response is required.  To the extent a response is required, Mr. Staley denies them.

64.     Denied.

65.     The allegations in paragraph 65 are legal conclusions and thus no response is required.  To the extent a response is required, Mr. Staley denies them.

66.     The allegations in paragraph 66 are legal conclusions and thus no response is required.  To the extent a response is required, Mr. Staley denies them.

### COUNT IV: VIOLATION OF THE FAITHLESS SERVANT DOCTRINE

67.     Mr. Staley repeats and reasserts each and every response to the allegations asserted in the foregoing paragraphs with the same force and effect as if fully set forth herein.

68.     The allegations in paragraph 68 are legal conclusions and thus no response is required.  To the extent a response is required, Mr. Staley denies them.

69.     The allegations in paragraph 69 are legal conclusions and thus no response is required.  To the extent a response is required, Mr. Staley denies them.

70.     The allegations in paragraph 70 are legal conclusions and thus no response is required.  To the extent a response is required, Mr. Staley denies them.

71.     The allegations in paragraph 71 are legal conclusions and thus no response is required.  To the extent a response is required, Mr. Staley denies them.

72.     Denied.

73.     The allegations in paragraph 73 are legal conclusions and thus no response is required.  To the extent a response is required, Mr. Staley denies them.

74.     The allegations in paragraph 74 are legal conclusions and thus no response is required.  To the extent a response is required, Mr. Staley denies them.

75.     Denied.

76.     Denied.

77.     Denied.

78.     The allegations in paragraph 78 are legal conclusions and thus no response is required.  To the extent a response is required, Mr. Staley denies them.

79.     The allegations in paragraph 79 are legal conclusions and thus no response is required.  To the extent a response is required, Mr. Staley denies them.

## PRAYER FOR RELIEF

Mr. Staley denies that the relief requested is appropriate or warranted.

## DEMAND FOR JURY TRIAL

To the extent that the jury demand requires a response, Mr. Staley denies the allegations contained therein.

All allegations in the TPC not specifically admitted or otherwise answered are denied.

## <u>STATEMENT OF AFFIRMATIVE AND OTHER DEFENSES</u>

Without assuming any burden of proof that he would not otherwise bear, Mr. Staley asserts the following defenses.  Mr. Staley reserves the right to assert further defenses that might be identified in the course of further investigation, discovery, or litigation of this action.

## FIRST DEFENSE

JPMorgan's claims are barred or limited by the applicable statute of limitations.

## SECOND DEFENSE

JPMorgan's claims are barred or limited by the doctrine of laches.

## THIRD DEFENSE

JPMorgan's claims are barred or limited by the applicable statute of repose.

## FOURTH DEFENSE

JPMorgan's claims each fail to state facts sufficient to constitute a claim upon which relief may be granted against Mr. Staley.

## FIFTH DEFENSE

JPMorgan's claims are barred or limited to the extent that it destroyed evidence, lost evidence, allowed evidence to be lost, suppressed evidence, or failed to preserve evidence.

**SIXTH DEFENSE**

JPMorgan's claims are barred to the extent its Third-Party Complaint seeks relief not allowed under applicable law.

**SEVENTH DEFENSE**

Mr. Staley's actions were in full compliance with applicable laws and regulations.

**EIGHTH DEFENSE**

JPMorgan suffered no injuries or damages as a result of any action by Mr. Staley.

**NINTH DEFENSE**

The statute sued upon is unconstitutionally vague and ambiguous.

**TENTH DEFENSE**

JPMorgan's claims are barred or limited because the Trafficking Victims Protection Act does not permit claims for contribution or indemnification.

**ELEVENTH DEFENSE**

JPMorgan's claims and damages are barred or limited because it indemnified Mr. Staley to the fullest extent permitted by law.

**TWELFTH DEFENSE**

JPMorgan's claims and damages are barred or limited because it is not vicariously liable for Mr. Staley's alleged actions.

**THIRTEENTH DEFENSE**

JPMorgan's claims and damages are barred or limited because its alleged damages were not caused solely by Mr. Staley acting within the scope of his employment.

**FOURTEENTH DEFENSE**

JPMorgan failed to join all necessary parties.

**FIFTEENTH DEFENSE**

JPMorgan waived its claims against Mr. Staley.

**SIXTEENTH DEFENSE**

JPMorgan's claims are barred or limited by the doctrine of res judicata.

**SEVENTEENTH DEFENSE**

JPMorgan's claims are barred or limited by the doctrine of collateral estoppel.

**EIGHTEENTH DEFENSE**

JPMorgan's claims are barred or limited by the doctrines of settlement and/or release.

**NINETEENTH DEFENSE**

The recovery of plaintiffs in this litigation who assert claims against JPMorgan is barred or limited by the terms and effect of any applicable settlement agreements, including by operation of the doctrines of *res judicata* and collateral estoppel, failure to fulfill conditions precedent, failure to provide requisite notice, payment, accord and satisfaction, and compromise and settlement.  This includes any settlement agreements entered into by individuals with the Estate of Jeffrey Epstein and the Epstein Victims Compensation Fund.

**TWENTIETH DEFENSE**

JPMorgan's claims are barred or limited by the doctrines of estoppel and/or waiver by conduct.  For example, JPMorgan continued to employ and/or compensate Mr. Staley after learning of his alleged misconduct.

**TWENTY-FIRST DEFENSE**

Any recovery against Mr. Staley is barred or limited by JPMorgan's ratification of his conduct.

**TWENTY-SECOND DEFENSE**

If awarded, the damages sought by JPMorgan and plaintiffs in this litigation who assert claims against JPMorgan would result in unjust enrichment.

**TWENTY-THIRD DEFENSE**

Mr. Staley owed no duty to JPMorgan.

**TWENTY-FOURTH DEFENSE**

Mr. Staley breached no duty to JPMorgan.

**TWENTY-FIFTH DEFENSE**

Mr. Staley owed no duty to prevent harm to the plaintiffs in this litigation who assert claims against JPMorgan.

**TWENTY-SIXTH DEFENSE**

Mr. Staley breached no duty to prevent harm to the plaintiffs in this litigation who assert claims against JPMorgan.

**TWENTY-SEVENTH DEFENSE**

JPMorgan cannot seek contribution from Mr. Staley because he is not liable for the same injury allegedly caused by JPMorgan and thus there is no shared liability.

**TWENTY-EIGHTH DEFENSE**

Mr. Staley was not a banking institution that could provide banking services—routine or otherwise—and cause any harm as a result.

**TWENTY-NINTH DEFENSE**

JPMorgan's claims are barred or limited by the doctrine of unclean hands.

**THIRTIETH DEFENSE**

JPMorgan's claims are barred or limited by the doctrine of *in pari delicto*.

**THIRTY-FIRST DEFENSE**

Any recovery against Mr. Staley is barred or limited under the principles of assumption of risk and informed consent.

**THIRTY-SECOND DEFENSE**

JPMorgan's claims are barred or limited by its failure to exercise reasonable care and diligence to mitigate loss.

**THIRTY-THIRD DEFENSE**

JPMorgan's damages, to the extent it suffered any, should be barred or reduced in accordance with the doctrines of comparative and contributory fault or negligence.

**THIRTY-FOURTH DEFENSE**

The causes of action asserted and any damages claimed are barred in whole or in part because any damage, loss, or liability alleged must be reduced, diminished, and/or barred in proportion to any wrongful conduct of persons or entities other than Mr. Staley.

**THIRTY-FIFTH DEFENSE**

If JPMorgan prevails against Mr. Staley in its claims, Mr. Staley is entitled to a set-off and reduction of any damages awarded to or recovery by JPMorgan from other sources.

**THIRTY-SIXTH DEFENSE**

Mr. Staley's actions were not the proximate cause of any of JPMorgan's alleged damages or any alleged damages incurred by the plaintiffs in this litigation who assert claims against JPMorgan.

**THIRTY-SEVENTH DEFENSE**

JPMorgan's damages, if any were in fact sustained, were caused in whole or in part by the criminal acts of third parties not a party to this litigation.

## THIRTY-EIGHTH DEFENSE

The incidents in question and all damages complained of and claimed by JPMorgan, if any, or by the plaintiffs in this litigation who assert claims against JPMorgan, if any, were caused by the superseding and intervening acts of parties over whom Mr. Staley had no right of control, and this conduct, either by omission or commission, interrupted the natural and proximate causal relationship, if any, between any act or omission of Mr. Staley (which are denied) and the injury to JPMorgan or the plaintiffs in this litigation who assert claims against JPMorgan.

## THIRTY-NINTH DEFENSE

JPMorgan's claims are barred or limited because the alleged injuries are derivative in nature and not direct enough and/or too remote to maintain an action.

## FORTIETH DEFENSE

JPMorgan's claims are barred or limited to the extent that the alleged damages are speculative, uncertain, and hypothetical.

## FORTY-FIRST DEFENSE

The causes of action asserted and any damages claimed by the plaintiffs in this litigation who assert claims against JPMorgan are barred in whole or in part because, to the extent that any agents or employees committed any actionable acts or omissions, such acts or omissions were committed outside the scope of authority conferred.

## FORTY-SECOND DEFENSE

JPMorgan's claims are preempted insofar as they conflict with Congress's purposes and objectives in enacting relevant federal legislation.

**FORTY-THIRD DEFENSE**

Mr. Staley did not participate in any venture that directly or indirectly violated 28 U.S.C.
§§ 1591 or 1595.

**FORTY-FOURTH DEFENSE**

Mr. Staley did not have knowledge, constructive or otherwise, of any venture that directly
or indirectly violated 28 U.S.C. §§ 1591 or 1595.

**FORTY-FIFTH DEFENSE**

Mr. Staley lacked the requisite intent to obstruct, attempt to obstruct, interfere with, or
prevent enforcement of the TVPA.

**FORTY-SIXTH DEFENSE**

Mr. Staley did not have any knowledge of any enforcement of the TVPA in connection
with Jeffrey Epstein.

**FORTY-SEVENTH DEFENSE**

Mr. Staley did not have knowledge, constructive or otherwise, that means of force, threats
of force, fraud, coercion, or any combination of such means would be used to cause any person to
engage in a sex act.

**FORTY-EIGHTH DEFENSE**

Mr. Staley did not have knowledge, constructive or otherwise, that a person under the age
of 18 would be caused to engage in a sex act.

**FORTY-NINTH DEFENSE**

Any knowledge on the part of any person or entity (1) of any venture which directly or
indirectly violated 28 U.S.C. §§ 1591 and 1595; (2) that means of force, threats of force, fraud,
coercion, or any combination of such means would be used to cause any person to engage in a

commercial sex act; or (3) that a person under the age of 18 would be caused to engage in a sex act, is not imputed to Mr. Staley.

### FIFTIETH DEFENSE

Mr. Staley did not knowingly benefit from any participation in any venture that directly or indirectly violated 28 U.S.C. §§ 1591 or 1595.

### FIFTY-FIRST DEFENSE

Punitive damages are unavailable for one or more claims under New York law.

### FIFTY-SECOND DEFENSE

Any determination and enforceability of an award of punitive damages is limited by the common law of New York and the Constitution of the United States and of New York, including *BMW of N. America v. Gore*, 116 U.S. 1589 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mutual Auto Insurance Co. v. Campbell*, 538 U.S. 408 (2003), and their progeny.

### FIFTY-THIRD DEFENSE

If he is found liable, Mr. Staley reserves the right to seek indemnification or contribution from any party and/or non-party so liable as a matter of law or by contractual right.  Nothing contained herein shall be construed as a waiver of that right.

### FIFTY-FOURTH DEFENSE

The claims by the plaintiffs in this litigation who assert claims against JPMorgan are barred in whole or in part by the applicable statutes of limitations and repose; the doctrines of laches, res judicata, collateral estoppel, settlement and/or release, waiver, ratification, unclean hands, *in pari*

*delicto*, comparative and contributory fault or negligence, set-off or reduction, assumption of risk, and informed consent; fraud; failure to mitigate; and the fellow-servant rule.

## FIFTY-FIFTH DEFENSE

To the extent the defenses are not otherwise incorporated herein, Mr. Staley incorporates by reference the defenses and arguments raised in the motions to dismiss and answers filed by JPMorgan in this litigation.

## ADDITIONAL DEFENSES

Mr. Staley believes that he might have additional defenses and/or counterclaims but does not have enough information at this time to assert such additional defenses and/or counterclaims. Mr. Staley does not intend to waive any such defenses and/or counterclaims, and he specifically asserts his intention to amend this Answer if, pending research and after discovery, facts come to light giving rise to such additional defenses and/or counterclaims.

## DEMAND FOR BIFURCATED TRIAL

If any claims for punitive or exemplary damages are permitted to proceed to trial, such claims, if any, must be bifurcated from the remaining issues.

## DEMAND FOR JURY TRIAL

Mr. Staley hereby demands a trial by jury of all issues so triable.


Respectfully submitted,

Dated: June 7, 2023                    By: */s/ Brendan V. Sullivan, Jr.*

Brendan V. Sullivan, Jr.
Zachary K. Warren
Stephen L. Wohlgemuth
Eden Schiffmann
Jonathan Dunn
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
bsullivan@wc.com
zwarren@wc.com
swohlgemuth@wc.com
eschiffmann@wc.com
jdunn@wc.com

*Counsel for Third-Party Defendant James E. Staley*