UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE 1, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    -v-<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>    Defendant/Third-Party Plaintiff,<br>    -v-<br><br>JAMES EDWARD STALEY,<br><br>    Third-Party Defendant. | 22-cv-10019 (JSR)<br><br>ORDER |

JED S. RAKOFF, U.S.D.J.:

On May 25, 2023, via a telephone conference at which counsel for all parties were present, counsel for defendant JPMorgan Chase Bank, N.A. ("JP Morgan") asserted that an unsealed declaration in the name of one of plaintiff's counsel had disclosed information that must remain confidential under the Bank Secrecy Act ("BSA"). See ECF No 147 (the "Declaration"). Specifically, counsel for JP Morgan contended that a table contained in Exhibit 9 to the Declaration had been incompletely redacted in such a way as to reveal the existence of several suspicious activities reports ("SARs"), whose existence, JP Morgan further argued, must remain confidential under the BSA. See 31 CFR § 1020.32(e). Counsel for JP Morgan further asserted that plaintiff's counsel intended to reveal the existence of such SARs through the incomplete redactions and moved for sanctions to be

1

imposed. The Court then instructed plaintiff's counsel to submit a declaration explaining why Exhibit 9 to the Declaration had been incompletely redacted and why that exhibit was filed unsealed. The Court also instructed counsel for JP Morgan to submit a declaration explaining how JP Morgan had been prejudiced by disclosure of the pertinent confidential information.

Upon review of the parties' submissions, the Court, without reaching the issue of whether the redaction was incomplete in violation of the BSA or the Court's Confidentiality Order in this case, is satisfied that plaintiff's counsel acted in good faith in the making of the redactions. Accordingly, the Court declines to impose sanctions.

SO ORDERED.

New York, NY
June 8, 2022

JED S. RAKOFF, U.S.D.J.