

Sigrid McCawley<br>
Telephone: (954) 356-0011<br>
Email: smccawley@bsfllp.com

June 9, 2023

**VIA ECF**
Hon. Jed S. Rakoff
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

  Re: *Doe v. JPMorgan Chase Bank, N.A.*, No. 22-cv-10019-JSR

Dear Judge Rakoff:

  I write on behalf of Plaintiff Jane Doe 1 in the above-referenced matter pursuant to the Court's May 31, 2023, order, requiring Plaintiff to submit an application to recall deponents due to JPMC's untimely production of responsive documents.

  By way of background, in May this Court admonished JPMC for producing documents at an inexplicably slow rate. The Court's admonishment was in response to JPMC's failure to produce a document that it used to prepare a witness (William Langford) prior to that witness's deposition. The Court permitted the U.S. Virgin Islands to re-depose that witness for two hours at JPMC's expense, and noted "that it is concerned that JP Morgan is not moving more expeditiously to produce responsive documents. . . . JP Morgan is put on notice that further expedition will be needed on pain of being put in contempt of Court." May 12, 2023, Order.

  Despite the Court's clear warning, JPMC still failed to expeditiously produce documents from the custodial files of key witnesses, some of whom had already been deposed, for strategic reasons. For example, the weekend prior to the close of fact discovery, and immediately after the May 26 deposition of its CEO Jamie Dimon, JPMC produced 1,500 documents, some of which came from the custodial files of witnesses whose depositions had long passed. This pattern of producing documents from the custodial files of witnesses after their depositions has persisted throughout the discovery period.

  JPMC's late productions have not included merely innocuous documents. One of those documents—which was produced on 5:45pm on a Sunday, 48 hours prior to the close of fact discovery, and after almost every single deposition in this matter had already concluded—███████████████████████████████████████████████████████████████████████████████. Ex. A. Needless to say, the late-produced document is one of the most relevant and responsive documents produced to date, and JPMC strategically withheld it from Plaintiff until she could no longer make meaningful use of it in examining JPMC's employees.

  JPMC also produced a privilege log with thousands of new entries at approximately 4:30 p.m. on the last day of fact discovery. Plaintiff has identified a number of deficiencies with that

BOIES SCHILLER FLEXNER LLP

401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, FL 33301 | (t) 954 356 0011 | (f) 954 356 0022 | www.bsfllp.com

privilege log, but JPMC has delayed responding to Plaintiff's concerns, depriving Plaintiff of the ability to point to specific examples of deficiencies in this application. Plaintiff, however, expects that JPMC will produce additional documents that were improperly withheld and logged before any follow-up deposition ordered pursuant to this application.

After Plaintiff raised JPMC's conduct with the Court, the Court held: "If either plaintiff believes that a document was produced in an untimely fashion, and that they would have confronted a witness at a deposition with that document if it were produced in a more timely fashion, they may submit a letter application seeking to recall the pertinent witness . . . no later than 5:00 PM on 6/7/2023." May 31, 2023, Order. Pursuant to the Court's order, Plaintiff seeks to recall the following deponents.

**1. Jamie Dimon**

Plaintiff originally deposed Jamie Dimon, JPMC's CEO, on Friday, May 26, 2023, four days before the close of fact discovery. As explained above, shortly after the deposition, on Sunday at 5:44pm, JPMC produced key documents relating to "▬▬▬▬." ▬▬▬▬ appears to refer to a 2019 internal review of ▬▬▬▬ electronic communications with Jeffrey Epstein, conducted after Epstein's 2019 arrest and death. One late-produced document is 22-page timeline of emails between ▬▬▬▬ account activity. Ex. A. The timeline includes communications in which Staley asks Epstein to "▬▬▬▬," Epstein replies "▬▬▬▬," Staley replies "▬▬▬▬" and Epstein further replies "▬▬▬▬." Ex. A at JPM-SDNYLIT-00902005. It also includes emails in which Epstein emails ).[1]

These documents demonstrate that JPMC was fully capable of learning the full extent of Epstein and Staley's personal relationship—▬▬▬▬—and yet waited to do so until 2019 despite the myriad red flags and public reports about Epstein's conduct over the years. Plaintiff would have confronted JPMC's CEO, Mr. Dimon, with this document during his deposition had it been produced in a timely manner. Mr. Dimon testified that prior to 2019, he did not even know who Jeffrey Epstein was, let alone that he was a client of JPMC, and that he would have directed JPMC's general counsel to conduct an investigation after learning that a client of the bank had been engaged in sex trafficking. Accordingly, Plaintiff seeks to examine Mr. Dimon—JPMC's top executive—about the extensive ▬▬▬▬ review that occurred in the fall of 2019, and the results of the review of Epstein's relationship with Staley in particular.

---

[1] The existence of this document and the underlying investigation JPMC conducted in 2019 also contradicts JPMC's prior representations that it could not have filed a third-party complaint against Staley sooner than it did.

2. **JPMC 30(b)(6) Deposition**

Plaintiff originally deposed JPMC's representative on May 30, 2023. Approximately two weeks prior to this deposition, on May 12, the Court ordered JPMC to respond to an interrogatory asking JPMC to "Identify all revenue, commission, interest, or any other financial benefit JPMorgan Chase Bank, N.A., earned from any account associated with Epstein, any Epstein-Related Entity, or any Epstein-Related Individual." JPMC failed to produce a final version of this interrogatory response prior to the May 30 deposition, yet prepared the witness with a draft version of the response. Plaintiff should be permitted to depose JPMC on the revenues it earned from Epstein with the final, verified version of this interrogatory response, which was only produced at 10:14 p.m. on May 30 *after* the deposition had concluded.[2]

Second, Plaintiff seeks to ask JPMC's representative about ▮▮▮▮▮▮ and the 22-page timeline described above, which was produced to Plaintiff less than 48 hours prior to the deposition on the Sunday of Memorial Day weekend. Plaintiff attempted to ask JPMC about the document during the deposition despite its late production, but JPMC's representative had not been prepared to discuss the late-produced document.

Finally, on June 6, 2023, more than a week after the 30(b)(6) deposition, ▮▮▮▮▮



3. **Mary Erdoes**

Plaintiff originally deposed Mary Erdoes on March 15, 2023. Erdoes was the CEO of JPMC's Asset & Wealth Management Group, worked closely on JPMC's relationship with Epstein, and was the JPMC representative charged with informing Epstein that JPMC was exiting him as a client in 2013. Since Erdoes's deposition, JPMC has produced nearly 500 documents from her custodial file. One such document is a 2012 email exchange between Erdoes and another high-ranking JPMC employee in which they discuss ▮▮▮▮▮



Further, the 22-page timeline that JPMC belatedly produced on May 28—more than two months after Erdoes's deposition—provides the context necessary to understand the various emails

---

[2] Counsel for JPMC offered to provide the attorney taking the deposition one printed copy of an unverified draft response after the deposition had already commenced. As JPMC's counsel disclosed at argument, however, the draft was still incomplete and did not include any information on revenues earned from JPMC's Investment Bank that JPMC provided later that night.

between her and Epstein and references other documents that JPMC has *still* not produced. Jane Doe is entitled to additional time to question Erdoes concerning her relationship with Epstein.

4. **Mary Casey**

The USVI originally deposed Mary Casey on April 7, 2023. Casey was Epstein's banker within JPMC's private bank for approximately a decade between 2000 and 2010, after which she oversaw Paul Morris's handling of Epstein's accounts. Since Casey's deposition, JPMC has produced nearly 1,000 documents from her custodial file. ██████████████████████████ ████████████████████████████████████████████████████████████████ Plaintiff was not in possession of these materials at the time of Casey's deposition, but they are crucially important. JPMC asserts that these materials demonstrate that it complied with its legal obligations (ECF No. 137 at 4), ████████████████████████████████████████████████████████████████ ██████████████████████████████████████ Mary Casey is a key witness as to these early ████████ because she was Epstein's private banker at the time.

Further, Casey's testimony is apparently the only means by which Plaintiff can obtain information about JPMC's relationship with Epstein from 2001 and earlier, as JPMC failed to produce documents from that time period despite Plaintiff's continued efforts to seek such evidence. Plaintiff did not learn that JPMC would fail to produce any documents from 2001 and earlier until weeks after Casey's deposition. JPMC was then ordered to provide a report by May 9 outlining its efforts to search for responsive materials from 1998–2001, in which it confirmed that it had only recovered backup tape data from four custodians, including Casey. According to Casey, she was Epstein's private banker from approximately 2000 to 2010, meaning she is likely the primary source of relevant evidence from 2000 and 2001.

Finally, on May 30, Casey produced text messages and emails from her personal email account regarding Jeffrey Epstein. Plaintiff received these documents in response to a Rule 45 subpoena directed to Casey after JPMC took the position that Casey's text messages were outside of its possession, custody, or control, and refused to ask her to search for responsive material on her personal devices. These documents include emails in which Casey says of Epstein's 2019 arrest "████████████████████████." Ex. D.

                                                              Respectfully,

                                                              /s/ Sigrid McCawley
                                                              Sigrid McCawley