```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| JANE DOE 1, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  -v-<br><br>JP MORGAN CHASE BANK, N.A.,<br><br>      Defendant/Third-Party Plaintiff,<br>  -v-<br><br>JAMES EDWARD STALEY,<br><br>      Third-Party Defendant. | 22-cv-10019 (JSR) |
| GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS,<br><br>      Plaintiff,<br><br>  -v-<br><br>JP MORGAN CHASE BANK, N.A.,<br><br>      Defendant/Third-Party Plaintiff,<br>  -v-<br><br>JAMES EDWARD STALEY,<br><br>      Third-Party Defendant. | 22-cv-10904 (JSR)<br><br><u>ORDER</u> |

JED S. RAKOFF, U.S.D.J.:

    JPMC (and other persons specified under paragraph five of the Protective Order in the above-captioned actions to whom the Epstein Victims Compensation Program ("EVCP") has consented to the disclosure

of EVCP Documents) may retain and use the following EVCP Documents related to the JPMC Jane Doe or to the Deutsche Bank Jane Doe: (1) documents Bates labeled EVCP0000001-EVCP0000485; and (2) any parts of Jordana Feldman's deposition transcript discussing them or their applications to the EVCP.  All such documents shall be returned to EVCP's counsel, Quinn Emanuel (or upon permission by Quinn Emanuel, destroyed) within 30 days of the final disposition of the above-referenced actions (Doe v. JPMC, JPMC v. Staley, 22-cv-10019; USVI v. JPMC, JPMC v. Staley, 22-cv-10904).

JPMC (and other persons specified under paragraph five of the Protective Order in the above-captioned actions to whom EVCP has consented to the disclosure of EVCP Documents) may also retain those EVCP Documents that any possible 23(f) petition relies upon until 30 days of the final disposition of Doe v. JPMC, 22-cv-10019.  It may use such documents in its 23(f) petition, as well as for other purposes agreed to by EVCP.  All other EVCP Documents – that is, documents not relied upon in JPMC's 23(f), and not the subject of paragraph one above – will be returned to Quinn Emanuel (or upon permission by Quinn Emanuel, destroyed) within ten days of this order.  Quinn Emanuel or EVCP will maintain copies of all EVCP Documents returned or destroyed by JPMC pursuant to this paragraph until 30 days of the final disposition of the above-referenced actions (Doe v. JPMC, JPMC v. Staley, 22-cv-10019 and USVI v. JPMC, JPMC v. Staley, 22-cv-10904). Neither Quinn Emanuel nor EVCP has any obligation to preserve or maintain any other EVCP documents or materials not referenced herein.

In the event that JPMC believes it is entitled to further use of any of the EVCP Documents not provided for herein at any point – for example, if the settlement with Doe is not finalized, or the Second Circuit grants any 23(f) petition – JPMC may apply to the Court for it to determine whether further use of any of the EVCP Documents by JPMC is appropriate.

    SO ORDERED.

New York, NY
June 22, 2023

                              JED S. RAKOFF, U.S.D.J.