# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Jane Doe 1, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>      v.<br><br>JPMorgan Chase Bank, N.A.,<br><br>      Defendant. | Case No. 1:22-CV-10019 (JSR) |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL PURSUANT TO FED. R. CIV. P. 23(e)(1) AND PERMITTING NOTICE TO THE CLASS**

WHEREAS, an action pending before this Court is styled *Jane Doe 1 v. JPMorgan Chase Bank, N.A.*, Case No. 1:22-CV-10019 (JSR) (the "Litigation");

WHEREAS, Class Representative, having made a motion pursuant to Federal Rule of Civil Procedure 23(e) for an order preliminarily approving the Settlement of this Litigation, in accordance with a Stipulation of Settlement, dated June 22, 2023 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation between the Settling Parties and for dismissal of the Litigation with prejudice upon, and subject to, the terms and conditions set forth therein; and the Court having read and considered: (1) the motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith, and (2) the Stipulation and the exhibits annexed thereto;

WHEREAS, the Settlement will resolve the claims of all persons who were harmed, injured, exploited, or abused by Jeffrey Epstein, or by any person who is connected to or otherwise associated with Jeffrey Epstein or any Jeffrey Epstein sex trafficking venture, between January 1, 1998, and through August 10, 2019, inclusive.  This includes, but is not limited to, (1) individuals under the age of 18 who engaged in sexual contact with Epstein and/or a person connected to or otherwise associated with Epstein, and received money or something else of value in exchange for engaging in that sexual contact (even if the sexual contact was perceived to be consensual); (2) individuals aged 18 or older who were forced, coerced, or defrauded into engaging in sexual contact by Epstein and/or anyone connected to Epstein or otherwise associated with Epstein by, for example, using physical force, threatening serious harm or legal action, making a false promise, or causing them to believe that not engaging in sexual contact would result in serious harm, and who received money or something else of value in exchange for engaging in that sexual contact; (3) individuals of any age with whom Epstein, and/or a person connected to or otherwise associated

1

with Epstein, engaged in sexual contact without consent (even if the sexual contact was perceived to be consensual provided that the individual was under the age of 18 at the time of engaging in that contact); and (4) individuals falling into examples (1)-(3) where the sexual contact occurred prior to January 1, 1998, who were harmed during the Class Period by the alleged obstruction of any government investigation or were otherwise harmed by Epstein's conduct or were prevented within the Class Period from contacting law enforcement or otherwise seeking help by Epstein and/or anyone connected to Epstein or otherwise associated with Epstein by, for example, physical force, the threat of serious harm or legal action, or making a false promise.

WHEREAS, the Settling Parties having consented to the entry of this Order; and WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has reviewed the Stipulation and does hereby preliminarily approve the Stipulation and the Settlement set forth therein as fair, reasonable, and adequate, subject to further consideration at the Settlement Hearing (as defined in ¶ 3 below).

2. The Court preliminarily finds that the proposed Settlement should be approved as it: (i) is the result of good faith, extensive arm's-length and non-collusive negotiations; (ii) falls within a range of reasonableness warranting final approval; (iii) has no obvious deficiencies; and (iv) warrants notice of the proposed Settlement to Class Members and further consideration of the Settlement at the Settlement Hearing described below.

3. A hearing shall be held before this Court on _____, 2023, at __:__ _.m. (the "Settlement Hearing"), at the Daniel Patrick Moynihan United States Courthouse, United States District Court for the Southern District of New York, 500 Pearl Street,

New York, NY 10007, to: (a) determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; (b) determine whether a Judgment as provided in ¶ 1.14 of the Stipulation should be entered; (c) determine whether the proposed Plan of Allocation as described in the Stipulation and Notice (as defined below) should be approved; (d) determine the amount of attorneys' fees, costs, charges, and expenses that should be awarded to Class Counsel; (e) hear any objections by Class Members to the Settlement or Plan of Allocation, the award of attorneys' fees and expenses to Class Counsel; and (f) consider such other matters the Court deems appropriate. The Court may adjourn or change the date and time of the Settlement Hearing without further notice to the Class.

4. The Court approves the form, substance, and requirements of the Notice of Proposed Settlement of Class Action ("Notice"), substantially in the form annexed hereto as Exhibit A-1.

5. The Court approves the form of the Summary Notice of Proposed Settlement of Class Action ("Summary Notice"), substantially in the form annexed hereto as Exhibit A-2.

6. _____ (the "Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below.

7. No later than ten (10) calendar days after entry of this Order, or _____, 2023 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Questionnaire to be mailed by First-Class Mail or electronic mail to all Class Members who can be identified with reasonable effort and to be posted on the case-designated website. For all Notices returned as undeliverable, the Claims Administrator shall use her best

3

efforts to locate updated addresses.

8. No later than twenty-five (25) calendar days after entry of this Order, or _____, 2023, the Claims Administrator shall cause the Summary Notice to be published once in *USA Today*.

9. At least forty-five (45) calendar days prior to the Settlement Hearing, or _____, 2023, Class Counsel shall serve on Defendant's Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

10. The Court finds that the form and content of the notice program described herein and the methods set forth herein for notifying the Class of the Settlement and its terms and conditions, the Fee and Expense Application, and the Plan of Allocation meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, and Due Process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

11. All fees, costs, and expenses incurred in identifying and notifying Class Members shall be paid from the Qualified Settlement Fund established by the stipulation.

12. All Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement (including, but not limited to, the releases provided for therein) whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means (including, without limitation, by submitting a Questionnaire and Release, or any similar document) any distribution from the Net Settlement Fund.

13. In order to receive funds from the Settlement, Class Members (or Class Counsel, on their behalf) must submit a Questionnaire and Release. Unless the Court orders otherwise, all Questionnaires and Releases must be postmarked or submitted electronically no later than forty-

five (45) calendar days from the Notice Date, or _____, 2023. If deemed eligible by the Claims Administrator, such Claimants ("Participating Claimants") will receive an amount as determined by the Claims Administrator based on the circumstances, severity, type, and extent of the alleged harm, injury, exploitation, abuse or trafficking, the nature and duration of the relationship with Epstein, any cooperation with government investigations or refusal to cooperate with government investigations or refusal to cooperate with this civil litigation including any convictions relating to Epstein's sex trafficking venture, and the impact of the alleged conduct on the Participating Claimant, and the extent of recovery *in Jane Doe I, et al, v. Deutsche Bank Aktiengesellschaft, et. al.*, Case No. 1:22-CV-10018 (JSR). Any Class Member who does not submit a Questionnaire and Release within the time provided shall in all other respects be bound by the terms of the Stipulation and by any final judgment entered by the Court.

14.     Any Class Member may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. If any Class Member does not enter an appearance, they will be represented by Class Counsel.

15.     Any Person falling within the definition of the Class may, upon request, be excluded or "opt-out" from the Settlement Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Opt-Out Form"), by First-Class Mail or online. To be valid, the Opt-Out Form must be postmarked or submitted electronically no later than thirty (30) calendar days from the Notice Date, or _____, 2023. An Opt-Out Form must be signed and state: (a) the name, address, and telephone number of the Person requesting exclusion; and (b) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Opt-Out Forms in the manner set forth in this paragraph shall have no rights under the

Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Final Judgment.

16. Within seven (7) calendar days of receiving any Opt-Out Form, the Claims Administrator shall deliver a copy of each such Opt-Out Form to Class Counsel and Defendant's Counsel. The Claims Administrator shall also provide any written revocation of Opt-Out Forms within seven (7) calendar days of receipt.

17. Any Class Member may appear at the Settlement Hearing and object if she has any reason why the proposed Settlement of the Litigation should not be approved as fair, reasonable, and adequate, why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, or why attorneys' fees, together with costs, charges, and expenses should not be awarded; provided that any such Class Member (or any other Person) files objections and copies of any papers and briefs with the Clerk of the United States District Court for the Southern District of New York and mails copies thereof by first-class mail to Boies Schiller Flexner LLP, Andrew Villacastin, 55 Hudson Yards, 20th Floor, New York, NY 10001; Wilmer Cutler Pickering Hale and Dorr LLP, John Butts, 60 State Street, Boston MA 02109, no later than twenty-one (21) days prior to the Settlement Hearing, or _____, 2023. Any Class Member who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation as described in the Stipulation and Notice, or to the award of fees, costs, charges, and expenses to Class Counsel, or Settlement Class Representative, unless otherwise ordered by the Court. Attendance at the Settlement Hearing is not necessary. However, Persons wishing to be heard orally in opposition to the approval of

the Settlement, the Plan of Allocation, and/or the application for an award of fees, costs, charges, and expenses are required to indicate in their written objection their intention to appear at the hearing and to include in their written objections the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Settlement Hearing. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

18. Any objections, filings, and other submissions by an objecting Class Member must: (i) state the name, address and telephone number of the Person objecting and must be signed by the objector; (ii) contain a statement of the Class Members' objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objections applies only to the objector, a specific subset of the Class, or to the entire Class; and (iii) include documents sufficient to prove membership in the Class.

19. Any Class Member who does not object to the Settlement, the Plan of Allocation, or Class Counsel's application for an award of attorneys' fees, costs, charges, and expenses in the manner prescribed herein and in the Notice shall be deemed to have waived such objection, and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement, this Order and the Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the application by Class Counsel for an award of attorneys' fees together with costs, charges, and expenses.

20. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

21. All papers in support of the Settlement, Plan of Allocation, and any application by Class Counsel for attorneys' fees, costs, charges, and expenses shall be filed and served no later than thirty-five (35) calendar days before the Settlement Hearing, or _____, 2023, any opposition papers thereto shall be filed and served no later than twenty-one (21) calendar days before the Settlement Hearing, or _____, 2023, and any reply papers shall be filed and served no later than seven (7) calendar days before the Settlement Hearing, or _____, 2023.

22. The Released Defendant Parties shall have no responsibility or liability for the Plan of Allocation or any application for attorneys' fees, costs, charges, or expenses submitted by Class Counsel, and such matters will be considered by the Court separately from the fairness, reasonableness, and adequacy of the Settlement.

23. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Class Counsel, and any application for attorneys' fees, costs, charges, and expenses, should be approved. The Court reserves the right to enter the Judgment finally approving the Settlement regardless of whether it has approved the Plan or Allocation or awarded attorneys' fees and/or costs, charges, and expenses.

24. All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation. In the event the Court does not approve the Settlement, or the Settlement otherwise fails to become effective, neither Settlement Class Representative nor Class Counsel nor the Claims Administrator shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶ 5.8 of the Stipulation.

25. This Order and the Stipulation (including any of their respective terms or

provisions), any of the negotiations, discussions, prior agreements, proceedings connected with them, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement or this Order, may not be construed as an admission or concession by the Released Defendant Parties of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, and may not be offered or received in evidence (or otherwise used by any person in the Litigation, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal) except in connection with any proceeding to enforce the terms of the Stipulation or this Order.  The Released Defendant Parties, Settlement Class Representative, Class Members, and each of their counsel may file the Stipulation, and/or this Order, and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

26.     All proceedings in the Litigation are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, neither the Settlement Class Representative nor any Class Member, either directly, representatively, or in any other capacity shall commence or prosecute any of the Released Claims against any of the Released Defendant Parties in any action or proceeding in any court or tribunal.

27.     The Court reserves the right to alter the time or the date of the Settlement Hearing or to hold the hearing via video or telephone without further notice to Class Members and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to

by the Settling Parties, if appropriate, without further notice to the Class.

28. In the event this Stipulation or the Settlement is terminated or the Effective Date otherwise fails to occur for any reason, the Settling Parties shall be restored to their respective positions in the Litigation as of [X] and shall meet and confer regarding a new case schedule for the Litigation. In such event, the terms and provisions of the Stipulation shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

29. The Parties shall, no later than ten (10) calendar days following the filing of the Stipulation with the Court, serve upon the appropriate state and federal officials a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Parties are equally responsible for the costs of the CAFA notice and administering the CAFA notice. At least fourteen (14) calendar days before the Settlement Hearing, the Parties shall file with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).

IT IS SO ORDERED.

DATED:

                                                                THE HONORABLE JED S. RAKOFF
                                                                UNITED STATES DISTRICT JUDGE