WILMERHALE

July 31, 2023

**By ECF**

Felicia H. Ellsworth

+1 617 526 6687 (t)
+1 617 526 5000 (f)
felicia.ellsworth@wilmerhale.com

Hon. Jed S. Rakoff
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *Jane Doe 1 v. JPMorgan Chase Bank, N.A. v. James E. Staley*, 22-cv-10019 (S.D.N.Y.) – Opposition to Third-Party Defendant James Staley's Letter Alleging Waiver

Dear Judge Rakoff:

JPMorgan Chase Bank, N.A. ("JPMC") filed a third-party complaint against former employee James Staley earlier this year after lawsuits sought to impose liability on the bank due to Mr. Staley's alleged personal misconduct and knowledge of Epstein's misconduct derived from his deep personal friendship with Epstein, which he failed to disclose to JPMC. In its case against Mr. Staley, JPMC alleged, *inter alia*, claims for indemnity and contribution. *See Jane Doe 1 v. JPMorgan Chase Bank, N.A.*, 22-cv-10019, Dkt. 59.[1] Since that time, JPMC entered a settlement, preliminarily approved by this Court, to resolve this litigation, but maintains that Mr. Staley is responsible for that settlement amount. Mr. Staley, in a *third* misguided effort to suggest a privilege waiver by JPMC,[2] now claims that, by maintaining its claim against Mr. Staley while settling the claims brought by the class, JPMC waived privilege related to its settlement. This argument is legally flawed and factually baseless, and this effort to invade JPMC's privilege fails just like the prior two.

After JPMC's settlement with the *Doe* class was announced, Mr. Staley asked the Court to exclude the settlement amount as damages (denied), extend fact discovery by 60 days (denied), or for discovery into the "reasonableness" and "causation" of the settlement. *See* July 7, 2023, Minute Entry. He was granted limited discovery, *id.*, which JPMC has produced.[3] In his telephone application for this discovery, Mr. Staley disclaimed seeking privileged communications at that time. Two days later, he reversed course, asserting the Court's Order "ma[de] clear" that JPMC had placed settlement-related communications "at issue" and waived privilege.

---

[1]   Hereinafter, all docket citations are to Case No. 22-cv-10019, except where noted.

[2]   Mr. Staley previously argued that JPMC had waived privilege (1) over communications of in-house counsel by placing the knowledge of its General Counsel "at issue," and (2) over communications regarding Mr. Staley's role with respect to Epstein's accounts through a "selective disclosure." Dkt. 196. Both arguments were rejected. June 28, 2023, Minute Entry.

[3]   Mr. Staley was also permitted to depose a JPMC 30(b)(6) witness about the settlement, provided that "the deposition should take place no later than 7/21/23." *Id.* JPMC offered to make a witness available on July 19 (or July 25), but Mr. Staley refused, preferring to petition the Court regarding privilege.

Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, Massachusetts 02109

Beijing    Berlin    Boston    Brussels    Denver    Frankfurt    London    Los Angeles    New York    Palo Alto    San Francisco    Washington

Mr. Staley argues that JPMC's claims place "at issue" its privileged communications related to settlement. That is incorrect. The applicable, binding case law is clear that "at issue" waiver only occurs where a party *relies* on the privileged communications, and that seeking as damages the amount for which a party settled does not alone place attorney-client privileged communications at issue. Here, JPMC has not relied, and will not rely, on privileged communications to prove either aspect of its claims identified in Mr. Staley's letter: "reasonableness" and "causation." In short, JPMC has neither the intention nor the need to use its communications with counsel about the settlement to make its case. Under these circumstances, Mr. Staley does not come close to meeting the high standard required to show waiver.

The narrowness of "at issue" waiver is well-established. Because the attorney-client privilege serves a vital purpose, "rules which result in the waiver of this privilege and thus possess the potential to weaken attorney-client trust, should be formulated with caution." *In re Cnty. of Erie*, 546 F.3d 222, 228 (2d Cir. 2008). Thus, the Second Circuit rejected the test from *Hearn v. Rhay*, 68 F.R.D. 574 (E.D. Wash. 1975)—which required only that information be "ma[de] relevant to the case" to be placed "at issue"—holding instead that, for waiver to occur, "a party must *rely* on privileged advice from his counsel to make his claim or defense." *In re Cnty. of Erie*, 546 F.3d at 229; *see 2002 Lawrence R. Buchalter Alaska Tr. v. Phila. Fin. Life Assur. Co.*, 2016 WL 1060336, at *2 (S.D.N.Y. Mar. 11, 2016) ("[T]he Court in *Erie* explicitly rejected the so-called "*Hearn* test."); *see also Deutsche Bank Trust Co. of Ams. v. Tri-Links Inv. Trust*, 43 A.D.3d 56, 64 (1st Dep't 2007) ("[T]hat a privileged communication contains information relevant to issues the parties are litigating does not, without more, place the contents of the privileged communication itself 'at issue' in the lawsuit; if that were the case, a privilege would have little effect. Rather, 'at issue' waiver occurs when the party has asserted a claim or defense that he intends to prove by use of the privileged materials." (cleaned up)).[4]

First, Mr. Staley asserts that JPMC waived privilege by the mere act of "bringing an indemnification action" that makes relevant "the issue of reasonableness of the settlement." *See* Staley Letter at 2.[5] This is not the law. *See Leviton Mfg. Co., Inc. v. Greenberg Traurig LLP*, 2010 WL 4983183, at *4 (S.D.N.Y. Dec. 6, 2010) ("Like the Second Circuit, New York courts will not find waiver merely because privileged information is relevant to the issues being litigated."); *Veras Inv. Partners, LLC v. Akin Gump Strauss Hauer & Feld LLP*, 52 A.D.3d 370, 372 (1st Dep't 2008) ("[I]t was error … to find waiver on the basis of relevance alone."). JPMC does not dispute that the reasonableness of the settlement is an aspect of its damages claim against Mr. Staley, but that alone does not establish waiver. Rather, New York courts hold that privileged communications are not placed at issue by seeking to recover a settlement as damages, unless the

---

[4] Other circuits have likewise concluded that *Hearn* is "of dubious validity" because its analysis "rest[s] on a conclusion that the information sought is relevant and should in fairness be disclosed." *Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.*, 32 F.3d 851, 864 (3d Cir. 1994); *see also In re Intron, Inc.*, 883 F.3d 553, 563-565 (5th Cir. 2018). "Relevance is not the standard for determining whether or not evidence should be protected from disclosure as privileged, and that remains the case even if one might conclude the facts to be disclosed are vital, highly probative, directly relevant or even go to the heart of an issue." *Rhone-Poulenc Rorer*, 32 F.3d at 851.

[5] Although JPMC logically seeks to recover the damages related to the settlement in the *Doe* case (No. 22-cv-10019), Mr. Staley's Letter was filed only on the *USVI* docket (at Dkt. 248).

party seeks to rely on those communications. *Nomura Asset Cap. Corp. v. Cadwalader, Wickersham & Taft LLP*, 62 A.D.3d 581, 582 (1st Dep't 2009) ("Nor does the question of the reasonableness of the settlement amount that plaintiff seeks to recover, without more, put plaintiff's privileged communications with its attorneys concerning the settlement 'in issue.'"); *see also Green v. Beer*, 2010 WL 2653650, at *6 (S.D.N.Y. July 2, 2010) ("[T]he legal advice that the plaintiffs received prior to settling … is no doubt relevant to their claim for reimbursement …. However, they are not relying on that advice to demonstrate the reasonableness of their decision to settle. Consequently, under *County of Erie*, the attorney-client privilege has not been forfeited."), *aff'd in relevant part*, 2010 WL 3422723, at *6 (S.D.N.Y. Aug. 24, 2010); *AngioDynamics, Inc. v. Biolitec*, 2010 WL 11541926, at *3-5 (N.D.N.Y. May 25, 2010) ("[W]e reject [the] argument that [plaintiff's] initiation of this … indemnification action constituted a waiver of its attorney-client privilege regarding all communications it may have made with counsel concerning the settlement of the underlying actions.").

The cases Mr. Staley cites are inapposite. Mr. Staley's primary citation (*see* Staley Letter at 2 & 3), *Scotstoun Shipping Co. v. Diplomatic Marine, Inc.*, 1980 WL 6688497 (S.D.N.Y. Jan. 21, 1980), predates the Second Circuit's rejection of the *Hearn* test and relies expressly on *Hearn* to support its relevance-based finding of waiver. A number of Mr. Staley's other cites—decided under the inapplicable substantive law of other states—likewise rely on *Hearn*'s since-rejected relevance standard. *See, e.g.*, *Cooper v. Meridian Yachts, Ltd.*, 2008 WL 2229552, at *10-11 (S.D. Fla. May 28, 2008) (relying on 11th Cir. case applying the *Hearn* test, *GAB Bus. Servs., Inc. v. Syndicate 627*, 809 F.2d 755, 762 & n.11 (11th Cir. 1987)); *Union Pac. R.R. Co. v. Loram Maint. of Way, Inc.*, 2006 WL 8459287, at *4 (D. Utah Feb. 1, 2006) (waiver based on "relevance").[6]

What is more, the reasonableness of JPMC's settlement—assessed according to an "objective standard," *Deutsche Bank*, 43 A.D.3d at 65—can (and will) be demonstrated in multiple ways without resorting to privileged communications.[7] First, this Court will be asked, in the context of its Fed. R. Civ. P. 23(e)(2) inquiry, to assess the settlement's "reasonableness." Second, JPMC will present non-privileged evidence of that reasonableness. Mr. Staley will have the opportunity to depose any expert that JPMC might use for that purpose, and he has also been granted leave to take a 30(b)(6) deposition on the topic. Third, if he chooses, Mr. Staley can challenge the settlement's reasonableness using the relevant, non-privileged materials at his disposal: documents produced in discovery that bear on JPMC's potential liability and legal filings

---

[6] Meanwhile, Mr. Staley's sole case from New York, *DH Holdings Corp. v. Marconi Corp. PLC*, 809 N.Y.S.2d 404 (Sup. Ct. 2005)—which he relegates to a footnote, Staley Letter at 2, n.2—has both been directly rejected by the First Department, *see Deutsche Bank*, 43 A.D.3d at 62 (reversing the trial court which "follow[ed] *DH Holdings*"), and draws its rule of decision indirectly from *Hearn*, *see DH Holdings*, 809 N.Y.S.2d at 406 (quoting *Arkwright Mut. Ins. Co. v. Nat'l Union Fire Ins. Co.*, 1994 WL 510043, at *11 (S.D.N.Y. 1994) (quoting *Hearn*)).

[7] "[C]ase law frequently ends the inquiry into 'at issue' waiver once it is established that the party does not intend to use such materials as proof." *Windsor Sec., LLC v. Arent Fox LLP*, 273 F. Supp. 3d 512, 519-20 (S.D.N.Y. 2017); *see also Bovis Lend Lease, LMB, Inc. v. Seasons Contracting Corp*, 2002 WL 31729693, at *17 (S.D.N.Y. Dec. 5, 2002) ("Generally, where a party does not itself place in issue the matter as to which the privileged communications are relevant, the privilege is not waived.").

from the *Doe* case. *Nomura*, 62 A.D.3d at 582 ("No reason appears why the reasonableness of the settlement cannot be determined with the copious materials that defendant has already received …."); *Deutsche Bank*, 43 A.D.3d at 65 ("[N]on-privileged material [from the other case] provides a more-than-ample basis … to litigate the reasonableness of [a party's] decision to settle …."). When presented with these materials, this Court is no doubt equipped to assess both legal risk and reasonableness (or aid a jury in doing so).

Mr. Staley's second argument—that this material is placed "at issue" because JPMC "must also prove that Staley 'caused' the potential liability," Staley Letter at 2—fares no better. JPMC has no intention of relying on its own privileged communications about settlement to establish this causal connection, because JPMC does not allege Mr. Staley "caused" potential liability through any conduct in 2023 (when these communications occurred). Instead, as JPMC has contended in both its Third-Party Complaint, Dkt 59, and its Opposition to Mr. Staley's Motion to Dismiss, Dkt. 121, JPMC's claims are based on Mr. Staley's conduct at the time he was a JPMC employee. JPMC has alleged—and will prove at trial—that Mr. Staley caused any potential liability the bank faced or faces because his actions (*i.e.*, advocating for retaining Mr. Epstein as a client and vouching for Mr. Epstein's character, without revealing the true nature of his relationship with Epstein and his alleged involvement in Epstein's wrongdoing, in response to efforts by other bank employees to terminate the relationship) were a "direct and proximate cause of JPMC's decision to continue to do business with Epstein until 2013." Dkt. 59, ¶¶40, 41; *see also* Dkt. 121 at 13. In sum, JPMC's proof regarding the manner in which Mr. Staley "caused" potential liability is wholly distinct (and over a decade removed) from its privileged communications about settlement.

As before, the cases Mr. Staley cites do not aid his argument. He again cites *Scotstoun Shipping Co.*, but, as above, the "relevance" rule applied there has been rejected in New York. It might be that Mr. Staley would like to put forward a defense theory that JPMC settled due to "concerns about negative publicity and regulatory risk" as opposed to because of the liability exposure caused by Mr. Staley. Staley Letter at 2. But a possible defense Mr. Staley might raise cannot work a waiver. *See Leviton Mfg. Co., Inc.*, 2010 WL 4983183, at *4 ("Simply because those communications might be useful in undermining [plaintiff's claim] does not mean that the attorney-client privilege has been impliedly waived."); *Gardner v. Major Auto Cos.*, 2014 WL 1330961, at *7 (E.D.N.Y. Mar. 31, 2014). The other case Mr. Staley cites—*In re Namenda Direct Purchaser Antitrust Litig.*, 2017 WL 2226591, at *5 (S.D.N.Y. May 19, 2017)—supports JPMC. In that case, which involved allegations of anticompetitive conduct by a patentholder defendant in settling multiple lawsuits (that had argued invalidity), the defendant alleged the settlements were lawful compromises. *Id.* at *1-2. There, unlike here, the party's own allegations involved "factual assertions" about its "subjective beliefs" regarding settlement. *Id.* at *4-5. Yet, still, the Court *did not* find waiver due to the possibility that even "subjective beliefs" about the rationale for settlement might be shown through nonprivileged evidence. *Id.* at *5. Here, JPMC has not alleged any subjective beliefs in support of the idea that Mr. Staley caused the damages it seeks. That causal question can be determined entirely based on nonprivileged documentary and testimonial evidence related to Mr. Staley's tenure at the bank.

For the foregoing reasons, Mr. Staley's requested relief should be denied.

Hon. Jed S. Rakoff
July 31, 2023
Page 5

WILMERHALE

Sincerely,

*/s/ Felicia H. Ellsworth*
Felicia H. Ellsworth