# Exhibit A

## **AGREEMENT**

WHEREAS Defendants JPMorgan Chase Bank, N.A. ("JPMC") and Deutsche Bank Aktiengesellschaft, Deutsche Bank AG New York Branch, and Deutsche Bank Trust Company Americas (collectively, the "Deutsche Bank Defendants") are defendants in cases in the Southern District of New York, numbered 22-cv-10019 and 22-cv-10018, respectively, that have been consolidated for all pre-trial purposes, along with the case numbered 22-cv-10904 against JPMC;

WHEREAS JPMC and the Deutsche Bank Defendants served subpoenas to produce documents and information upon non-party the Epstein Victims' Compensation Program ("EVCP" or the "Program");

WHEREAS Request for Production 15 in the JPMC subpoena ("Subpoena") requests:

*Documents sufficient to show the claims and allegations made by each Applicant to the Program and the evidence they provided in support of those claims, including, but not limited to:*
   a. *any questionnaire completed to register for the Program;*
   b. *any Claim Forms that were submitted to the Program;*
   c. *any documentation provided to the Program to corroborate an Applicant's claim, including records and transcripts reflecting reports made to any law enforcement agency;*
   d. *any responses to request to Applicants for additional information.*

WHEREAS on March 1, 2023, JPMC moved to compel production of certain documents from EVCP, including but not limited to, documents in response to Request for Production 15 (ECF 55);

WHEREAS on March 24, 2023, the Court issued an order granting JPMC's motion to compel with respect to Request for Production 15 (the "Order") (ECF 70);

WHEREAS the Order stated "All documents produced pursuant to this Order are to be produced on an attorneys-eyes-only basis to counsel for [JPMC] as well as to counsel for defendants in <u>Jane Doe v. Deutsche Bank Aktiengesellschaft et al.</u>, 22-cv-10018. All personally identifying information must be redacted from them, and they must be returned (with no records

1

of them kept) once the Court has ruled on class certification in the above-captioned cases." (ECF 70).

IT IS HEREBY AGREED, by and between EVCP, JPMC, and the Deutsche Bank Defendants that:

1. In response to Request for Production 15, EVCP will produce a spreadsheet containing information regarding certain categories of information about the applicants to the Program, as agreed to by EVCP and JPMC (the "Spreadsheet"), no later than April 26, 2023. The Spreadsheet shall, to the extent the information is reflected in the materials possessed by EVCP, provide information responsive to the categories in Exhibit A, attached.

2. EVCP reserves the right to revise the format in which it provides the information responsive to the categories in Exhibit A (i.e., claim by claim or aggregate data) if while EVCP continues to prepare the Spreadsheet, it determines that there are personally identifiable information ("PII") implications with providing the data in the format described in Exhibit A. To the extent that EVCP identifies such PII implications during the process, it will confer with JPMC and the Deutsche Bank Defendants to resolve the concerns in good faith on an informal basis. If the dispute cannot be resolved, the parties shall within three (3) days apply to the Court for relief.

3. In the event that JPMC or the Deutsche Bank Defendants believe the Spreadsheet to be insufficient, within four (4) days of receipt of the Spreadsheet, JPMC or the Deutsche Bank Defendants will inform EVCP in writing of that objection ("Four Day Objection Period").

4. The parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have seven (7) days from the date of a party's objection to move the Court for relief.

5. JPMC and the Deutsche Bank Defendants agree that after the Four Day Objection Period, absent any objection, they will not request the underlying files of applicants in response to Request for Production 15. If JPMC and the Deutsche Bank Defendants possess a good-faith belief

that further information in line with Exhibit A is necessary for class certification arguments, they can request that information up to and until the Court issues its decision on class certification. If EVCP has a good-faith basis to object to providing such information, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the parties shall within three (3) days apply to the Court for relief.

6. Jordana H. Feldman, the Independent Administrator of EVCP, will make herself available for deposition on or before May 1, 2023, unless otherwise agreed by the parties. The deposition will include, but will not be limited to, discussion of Ms. Feldman's authentication of the chart, that she is the keeper of records for EVCP, that she was personally involved in the EVCP eligibility decisions, and that she represents that the Spreadsheet is a true and accurate reflection of the underlying documents that she personally prepared as part of her work as the EVCP Independent Administrator.

7. Pursuant to the Order, JPMC and the Deutsche Bank Defendants will comply with all current and future Court orders regarding maintenance, return or destruction of the Spreadsheet, any deposition transcript of Ms. Feldman and any other documents produced by EVCP in connection with the Order.

8. EVCP will not object to the disclosure of any documents and information produced in connection with Order to designated experts, subject to the agreed-upon protective order.

9. EVCP reserves all rights to object to the use of the documents and information and any deposition transcript of Ms. Feldman in motion practice and/or at trial on any other basis. EVCP reserves all rights to seek costs, fees and expenses in connection with its response to the Subpoena. EVCP reserves all rights with respect to issues arising from compliance with the Subpoena or the Order.

10. JPMC reserves all rights to object and move the Court for relief with respect to issues arising from compliance with the Subpoena or the Order.

11. Deutsche Bank reserves all rights to object and move the Court for relief with respect to issues arising from compliance with the Order, and to seek other relief pursuant to the subpoena it served upon EVCP.

Dated: April 18, 2023

/s/ Felicia Ellsworth
Felicia H. Ellsworth
John Butts
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
(t) (617) 526-6000
(f) (617) 526-5000
felicia.ellsworth@wilmerhale.com
john.butts@wilmerhale.com

Boyd M. Johnson III
Robert L. Boone
Hillary Chutter-Ames
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(t) (212) 230-8800
(f) (212) 230-8888
boyd.johnson@wilmerhale.com
robert.boone@wilmerhale.com
hillary.chutter-ames@wilmerhale.com

*Attorneys for JPMorgan Chase & Co.*

/s/ Lisa Bebchik
David B. Hennes
Lisa H. Bebchick
Andrew S. Todres
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Tel: (212) 596-9000
david.hennes@ropesgray.com
lisa.bebchick@ropesgray.com
andrew.todres@ropesgray.com

/s/ Andrew Schapiro
Andrew H. Schapiro
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd floor
New York, NY 10010
(212) 849-7000 (telephone)
(212) 849-7100 (facsimile)
Email: andrewschapiro@quinnemanuel.com

*Counsel for Non-Parties Epstein Victims'
Compensation Program and Jordana H.
Feldman*

James P. Dowden *(admitted pro hac)*
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: (617) 951-7970
james.dowden@ropesgray.com

*Counsel for Defendants Deutsche Bank Aktiengesellschaft, Deutsche Bank AG New York Branch, and Deutsche Bank Trust Company Americas*