# Exhibit B



August 2, 2023

Daniel Ruzumna
(212) 336-2034
druzumna@pbwt.com

By Email Attachment

Andrew Schapiro, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
191 N. Wacker Drive Suite 2700
Chicago, IL 60606

Re:     *Gov't of the U.S. Virgin Islands v. JPMorgan Chase Bank, N.A.*
        **22 Civ. 10904-JSR (S.D.N.Y.)**
        *Jane Doe 1 v. Deutsche Bank, et al.*, 22 Civ. 10018-JSR (S.D.N.Y.)

Dear Mr. Schapiro:

As you know, this Firm and Hughes Hubbard & Reed represent the Estate of Jeffrey E. Epstein (the "Estate") in connection with third-party discovery matters in the above-captioned actions. We are writing to you in your capacity as counsel to the Epstein Victims Compensation Program (the "EVCP") in response to statements made in the two letter briefs filed by the defendants in the actions, JPMorgan Chase Bank N.A. ("JPMC") and Deutsche Bank ("DB").

In its letter brief, JPMC wrote that the Estate "expressed disappointment that EVCP had not provided estimates of the costs of their unilateral approach before embarking on it." JPMC Br. at 3. That is not an accurate reflection of the Estate's previous statements. In previous discussions, including the telephone conference with Judge Rakoff's law clerk, the Estate explained that both JPMC and DB had always asked it to provide estimates of the fees and other costs of complying with their subpoena demands in advance of authorizing the Estate's lawyers and discovery vendors to conduct the work needed to provide responsive third-party discovery. On several occasions, the banks limited their discovery demands of the Estate to reduce costs of review and production. In past discussions, the Estate questioned why the banks failed to do the same with respect to the EVCP, and further noted that the banks should not expect the Estate to cover the EVCP's expenses in providing third-party discovery simply because the banks failed to request similar estimates and the expenses exceeded what the banks now deem reasonable.

In footnote 5 to its letter brief, DB writes: "The EVCP has previously represented to the Court that the Epstein Estate is obligated to cover the EVCP's costs, and its invoices were addressed to the Epstein Estate for payment." DB Br. at 3 n.5. But that statement has no bearing on the issues before the Court. The Estate did not subpoena the EVCP and played no part in any

---

Andrew Shapiro
August 2, 2023
Page 2

"meet and confer" discussions between the banks and the EVCP as to how the EVCP would comply with the banks' urgent discovery demands. The banks have always reimbursed the Estate for its costs of complying with their third-party subpoena demands on the Estate, and to the Estate's knowledge, never before suggested any unwillingness to cover the EVCP's costs. There is no logical reason why the Estate should be expected to cover costs of the EVCP's compliance with *the banks'* third-party discovery demands, especially where the Estate did not serve the subpoenas, was not involved in any discussions regarding the manner of compliance, and derived no benefit from the materials produced. To the extent the costs are more than the banks anticipated, that is a problem of the banks' own making.

If you feel that it is appropriate, please feel free to share this letter and its contents in your reply brief to the Court.

Sincerely,

Daniel S. Ruzumna

Cc.    Felicia Ellsworth, Esq.
       David Hennis, Esq.
       Daniel Weiner, Esq.
       Marc Weinstein, Esq.

14440594