UNITED STATES DISTRICT COURT - SOUTHERN DISTRICT OF NEW YORK

Jane Doe 1, individually and on behalf of all
others similarly situated, Plaintiff

v.

Deutsche Bank Aktiengesellschaft, et. al.,
Defendants

JPMorgan Chase Bank, N.A.,
Defendant

Case No. 1:22-CV-10018 (JSR)
& Consolidated Case No. 1:22-CV-10019 (JSR)

**CLASS ACTION LAWSUIT**

**OBJECTIONS TO PROPOSED SETTLEMENT**
w/ Notice of Intent to Appear At Fairness Hearing

**INTRODUCTION:**

**COMES NOW**, Charlene Y. Latham/Jane Doe 7 ("objector"), acting as a class representative raising class-wide &subset/individual objections to the Settlement ("Stipulation"). With some fiduciary duty to the other class members, including & specifically a particular subset of the class & the putative/Doe plaintiffs whose objections are also included herein, the Objector objects to the current Stipulation where it does not adequately compensate damages for the class; fails to provide adequate relief; & includes terms indicative of collusion. ( *Frank v Target Corp.*, No.: 19-3095, 2020 WL 4519053 (7th Cir. Aug. 6, 2020))

Objector raises these objections to specific terms of the Stipulation as not fair, reasonable, or adequate to the Class in anticipation of *Appeal*. Objector argues for the court to instruct revisal of the stipulation to bring the settlement in line with Rule 23 to assure the class members that the settlement is adequate in providing the class with relief for the harms suffered by the actions of the Defendants ("the Bank/Bank").

> (*7-Eleven Owners for Fair Franchising v. The Southland Corp.* (2000) 85 Cal.App.4th 1135, 1146-47 ["*the trial court was under a fiduciary duty running to the absent class members to ensure the settlement was 'fair, adequate and reasonable.'*"].]; *In re Consumer Privacy Cases* (2009) 175 Cal.App.4th 545, 555.)

Pursuant to Fed. R. Cv. P. Rule 23(5)(e) *Class-Member Objections. (e). The objection must state whether it applies only to the objector, to a specific subset of the class, or to the entire class, and also state with specificity the grounds for the objection,* the specific objections are stated as:

- Objection to Proposed Cash Awards for Class Members

- Objection to Proposed Appointment of Claims Administrators & the Proposed Claims Administration Process (including *but not limited to* Proposed Fees for Claims Administrators, Proposed Notice of Settlement & Proposed Claims Processing Procedures)

- Objection to Proposed Attorneys' Fees for *class counsel* due to, among other things, the Appearance of Collusion among the Attorneys, Defendants & other litigating parties

- Objection to Res Judicata Estoppel of Legal Claims of a subset that were not argued for certification in a sub-class or otherwise properly addressed by class counsel as settlement for a specific subset of individuals under the terms of the Proposed Stipulation; This includes Objection to failing to join the Anonymous Co-Defendants who are benefitting & or benefitted from the Defendant's ("Bank's") facilitation of sex trafficking & racketeering

- Objections to the Anonymity of Jane Doe 1 (the class representative) and Anonymity of Unjoined Defendants (often described anonymously as "powerful men & women")

- Objections to the Unwaived Conflicts of Interest between the Attorneys, Class Members & Court Officers (including Judicial Officer Jed Rakoff & the Claims Administrator

## BACKGROUND

On June 27, 2023, this Court granted preliminary approval of a proposed settlement ("Stipulation") for the consolidated cases by setting the claims deadline for August 12 2023 for Tier 1 claims & August 15 2023 for Tier 2 claims in the case ending in 18 with The Fairness Hearing set for October 20, 2023 at 4pm (See Order Granting Preliminary Approval, Dkt. 95 On June 27 2023 in case ending in 18). And Granting Preliminary Approval June 29 2023 in the consolidated case Ending in 19 with The Fairness Hearing set for November 2 2023  ( Dkt. 183 ).  Objector, Jane Doe #7 filed an objection self-represented to the Stipulation September 15 2023. Accompanying her Objection, Jane Doe #7 filed a *declaration* stating that she was a class member and that she had filed a claim or given Notice of Claim to class counsel with Notice of Intent to Object & Appear at the Fairness/Settlement Hearings.

Objector provided class counsel, Bradley Edwards, & other attorneys appearing in the record, with a Notice of Claim (for herself & other members of the class known to her) more than 30 days prior to filing this Objection expecting a response from lead counsel providing instructions for formal claims submission after learning of the settlement via media. To date, Edwards has not responded in any capacity as lead counsel to this Notice of Claim or made any other reasonable effort to contact the members of the class the Objector informed him of.

To date, the Claims Administrator ("CA") has made no attempts to contact the Objector or any of the class members the Objector provided contact info for. This failure to respond to the class members' attorney-client communications indicates that lead counsel has abandoned his fiduciary duties to the class to further his collusive arrangement(s) with parties of the litigation to refuse to provide the class with adequate representation as an act of self-interest that is harmful to the class.

Objector raises objections regarding this neglect of fiduciary duties from class counsel, claims administrator & the overall terms of the Stipulation as follows:

## ARGUMENT

1. Doe #7 is a class member who submitted a claim/Notice of Claim to the class counsel, Bradley Edwards et al; and intends to appear at the fairness hearing.

As avowed in the accompanying Declaration ("Doe Decl."), Jane Doe #7 is a member of the class. Doe #7's identity, address, phone number & email is redacted pursuant to the current Order granting class members anonymity (See Order Granting Motion to Proceed Anonymously, Dkt. 28 On December 05 2022).

Doe #7 is a surviving victim of sex trafficking & racketeering facilitated by the Defendant(s) in conspiracy with Jeffery Epstein with proof of the abuse/trafficking (Doe Decl. ¶ 8). Doe #7 did not receive individual notice from the CA ( Doe Decl. ¶¶ 4-5 ), and attests on *information and belief* provided by accomplices of the Defendant's, including Mr. Jeffery Epstein, Doe's close familial relatives, & various accomplices to the trafficking/racketeering enterprise that she was trafficked & suffered sexual & financial/economic abuses, harm & damages during, before & beyond the periods of time the Bank is currently known to have faciliated Epstein's sex trafficking to their benefit & pecuniary gain. The information provided to her by Epstein & his accomplices regarding the Defendant(s) facilitation, participation in & profiting from trafficking her & other surviving victims known to her corroborates her own firsthand knowledge of the trafficking & the Bank's role in facilitating the trafficking & financial crimes. ( Doe Decl. ¶ 8 ). Doe #7 thus qualifies as a *class member*, with standing to object to the Stipulation, any pending Attorneys' Fee Request(s) and Proposed Claims Administration including Compensation to Administrator(s).

Objector, Doe #7, intends to appear virtually & through attorney or self-represented at the final approval hearing, in the above-captioned matter, scheduled for October 20, 2023 & Nov. 2 2023 to present good faith objections to the Stipulation & otherwise participate to improve settlement terms & benefits for the class. This formal Objection was served electronically to class counsel (Edwards) with request & instructions for him to make appropriate arrangements to assure the Objections were filed timely; & permissions to appear virtually were in place for the Fairness Hearing.

2. **Objections to Proposed Cash Awards for Class Members**

The Proposed Cash Award(s) are objected to class wide where they do not have any relation to the damages the members of the class have sustained. Nor are they sufficient to deter the Bank from continuing its conduct of facilitating crimes targeting members of the class by compensating the injured members of the class fairly/reasonably. This objection also applies to a subset of individuals whose damages are greatly in excess of the proposed settlement. (see Objection #5 )

> (See *Mirfasihi v. Fleet Mortgage Corp.* (7th Cir. 2006) 450 F.3d 745, 748 *[requiring convincing justification for a settlement that extinguished the claims, yet provided no relief for one segment of the class]*)

The proposed claims values & limitations have been devised under an agreement to settle that was not based on any reasonable/rational basis created through fair assessment of individual damages or class wide expectations for settlement determined during a reasonbable period of settlement negotiations & *discovery* to clearly establish the Bank's true liability.

> (See *Nicole Correa v. Zillow Group, Inc. et al.*, Case, No. 8:19-cv-00921-JLS-DFM (C.D. Cal. November 12, 2020) *[requiring counsel prior to preliminary approval to provide a reasonable breakdown of defendant's maximum potential liability and detailed explanation of the proposed allocation].* & *In re American Bank Note Holographics, Inc.* (S.D.N.Y. 2001) 127 F. Supp. 2d 418, 430 "*[an allocation formula should have a reasonable, rational basis]*")

This objection is also raised for a particular subset of the class. This subset is large enough to be a subclass of its own.

Where the Bank caused far more in damages to the subset than the current Proposed Settlement through a system of racketeering strictly to target the subset to illegally obtain business data/intellectual properties that profit the Defendants for the course of the life of its book of business, the life of its securities & unjustly enriches its shareholders, *inter alia*, this objection to settlement is raised arguing that adequate relief to this subset has not been provided or even sought.

This subset's claims require negotiations for additional relief in excess of the proposed monetary awards to arrive at terms of settlement that adequately compensate the subset from the profits/benefits the Defendant(s) earned that will continue to enrich the Defendants beyond the point of settlement. Adequate relief for this subset will include additional relief such as injunctive relief, securities transfers/destruction to the benefit of the subset; & other appropriate compensation that fairly resolves all legal claims that are estopped under the terms of settlement of this lawsuit.

> *Reynolds v. Beneficial National Bank* (7th Cir. 2002) 288 F.3d 277, 284 [*The court declined to approve settlement on remand; & disqualified class counsel because evidence established that class counsel attempted to settle case without first undertaking sufficient discovery to estimate class damages*].

**3.   Objection to Appointment of Claims Administrators ("CA") & Terms of the Claims Administration Process (including *but not limited to* Failure to Vet CAs, the Proposed CA fees, Proposed Notice of Settlement, Proposed Claims Processing Procedures, *inter alia*)**

This objection is raised as a class wide objection; and does apply to a subset.

A.  The CA(s) were not vetted for *conflicts of interest* with the class where class counsel reached early settlement without having done sufficient *discovery* to establish damages of the class ( *Reynolds* ); *discovery* would have vetted CAs for conflicts where Lelchuck & Jordana Feldman have repeatedly participated in *Epstein Litigation* where they routinely paid/denied claims in favor of the Defendants.

This objection is raised to object to Lelchuck & Feldman as unsuitable for claims administration due to their conflicts of interest with various members of the class; & their personal loyalties to the Defendants or opponents to the class members in any *Epstein Litigation*.

Feldman is named in the case record as a miscellaneous party who may be seeking appointment as CA or otherwise providing collusive litigation support; her role in such a capacity is objected to.

**B.** Failure to vet CAs who have a history of bias in their claims administration indicates collusion between class counsel, the Defendant(s) & courts.

> [*Collusion may not always be evident on the face of a settlement, and courts must be particularly vigilant not only for explicit collusion, but also for more subtle signs that class counsel have allowed pursuit of their own self-interests and that of certain class members to infect the negotiations.*] Staton, 327 F.3d at 960; see also *Third Circuit Task Force*, 108 F.R.D. at 266.

**C.** Class Counsel's failure to meet with members of the class prior to settlement to discuss this claims administration process & make disclosures pursuant to the standards established in *Procedural Guidance for Class Action Settlements* in the Northern District of California also indicates collusion at the expense of the class based on the CAs' history of bias favoring the Attorneys & Defendants in *Epstein Litigation*.

> *Procedural Guidance for Class Action Settlements section 2) SETTLEMENT ADMINISTRATION—The parties are expected to get multiple competing bids from potential settlement administrators. In the motion for preliminary approval, the parties should: Identify the proposed settlement administrator, the settlement administrator selection process, how many settlement administrators submitted proposals, what methods of notice and claims payment were proposed, and the lead class counsel's firms' history of engagements with the settlement administrator over the last two years. Address the settlement administrator's procedures for securely handling class member data (including technical, administrative, and physical controls; retention; destruction; audits; crisis response; etc.), the settlement administrator's acceptance of responsibility and maintenance of insurance in case of errors, the anticipated administrative costs, the reasonableness of those costs in relation to the value of the settlement, and who will pay the costs.* (N.D.Cal. Published November 1, 2018; modified December 5, 2018 and August 4, 2022 at https://www.cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/)

> "The district court's approval order must show not only that "it has explored [the Churchill] factors comprehensively," but also that the settlement is "not[] the product of collusion among the negotiating parties." In re Mego Fin. Corp., 213 F.3d at 458." citing *In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935 (9th Cir. 2011)

D.  The Objector objects to the selection & appointment of a CA where the Defendants, Class Counsel (& Court) selected a CA on their own without any vetting or discussion from the plaintiffs for claims administration. Therefore arguing the CA is acting as a paid agent of the Defendants & Class Counsel - not a neutral third party. *Briseño* (2021)

   1.  For this reason, where the federal courts lack caselaw for class action settlements stemming from sex trafficking & RICO cases involving financial institutions, the Objector argues that for the purpose of this legal argument in section D of Objection D, distribution from a class action settlement can be construed legally as "paying a 'Benefit' by a Plan/Claims Administrator tasked with evaluating claims to determine whether to pay/deny claims" pursuant to *Metropolitan Life*.

   2.  In *Metropolitan Life Insurance Co. v. Glenn*, No. 06-923 (2008) the *US Supreme Court* holds that an [Administrator] that both Evaluates Claims & has significant interest in the funding of the benefits to be paid has a conflict of interest.

   > *Metropolitan Life*, the *US Supreme Court* held that " *(1) where an employer both funds the plan and evaluates claims, the employer has a conflict of interest, and (2) the same rule applies to an insurance carrier that both insures the benefits and decides claims. [...the conflict is only one of many factors a court should consider when evaluating a denial...].*

   3.  Using this standard, the Objector argues that the Defendants & Class Counsel have a *conflict of interest* making them incompetent to choose a claims administrator; or decide the claims administration process (the process of paying/denying compensation "the benefits" owed to the class through this settlement).

   > "...*It is well settled that if the plan gives the administrator discretionary authority to review claims, an abuse of discretion standard applies to a court's review of the administrator's decision; however, if the administrator has a conflict of interest, the court should weigh that conflict in its analysis. ...*" Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989)

4. Because the Defendant(s) & Class Counsel created the "benefit fund" (the class action settlement), independent of the class members, then selected the CA, independent of any vetting or input from the class member, & the CA then created a claims administration process that the Defendants & Class Counsel had primary/sole approval of, this implies that the claims administration *process* is controlled by the Defendants & Class Counsel who are acting as de facto *employers* to the CA(s) and it is objected to as *collusive* & adverse to the class. *Staton & Metropolitan Life*

E. The CAs' Proposed Fees are objected to as excessive (their hourly fees are greater than an attorney's hourly fees); & indicate *collusion* where the fees have a "clear sailing" approval without any rationale or reasonable explanation made to explain them. The system of paying an hourly fee to the CA creates incentive for the CAs to act with self-interest to delay claims administration to increase their fees; while charging this cost to the class members by deducting their fees from the settlement fund even when they deny claims (which their history of bias indicates they will deny many legitimate claims).

> *Nissan Brakes Class Action Lawsuit is Banks, et al. v. Nissan North America Inc., et al.*, Case No. 4:11-cv-02022, in the U.S. District Court for the Northern District of California. U.S. District Judge Phyllis J. Hamilton ruled: *"Simply put, a proposed settlement where 93.5 percent of the total payout goes to those directly participating in the litigation (i.e., class counsel, the settlement administrator and the class representatives) creates the impression that the proposed settlement has been negotiated for their benefit, at the expense of unnamed class members."*

The CAs' Proposed Fees are objected to as a collusive breach of fiduciary duty by class counsel. The attorneys are abusing a claims administration process to avoid following the standard attorney-client procedures of negotiating & deciding a final settlement amount prior to negotiating or entering into stipulation of settlement to pay their clients the settlement they agreed upon within 7-10 days after signing the stipulation. *Briseño*

Under the current stipulation the CAs are acting as agents of the Attorneys/Law Firms to do the work the Attorneys & Law firms should be doing pre-settlement (such as *discovery* & claims analysis). And post-settlement (such as distributing settlement checks to the plaintiffs/class). *Briseño* ; *Nissan*

This objection is raised to argue that the claims administration fees must be deducted from the Attorneys' Fees as a function of their costs of litigation; & not deducted from the settlement fund. The Attorneys have invested very little resources into litigating this case to create a Plaintiff List prior to settlement; or even meet with clients to assess the class members' individual claims' values. Allowing the Attorneys to skip *discovery* & pre-settlement meetings with clients only to pass those responsibilities on to the CAs and the costs of claims administration on to the class while maintaining large fees for class counsel is unfair to the class. *Molski*

This objection argues that the CA fees must be capped; assessed per claim paid or charged at a flat rate fee that the class agrees to as reasonable in much the same way the attorneys' fees are required to be assessed & agreed to as reasonable based on legitimate work with measurable merit/benefit to the class.

> "*District courts must ensure that class counsel do not "collude with the defendant to strike a quick settlement without devoting substantial resources to the case." Briseño v. Henderson, 998 F.3d 1014, 1024 (9th Cir. 2021).*"

F. **The Claims Administration Process for Notice of Settlement, Payment & Post-Settlement Evaluations is objected to as flawed & biased**

    a.    Nowhere in the *Class Action Fairness Act* 2005 ("CAFA") does it grant any provision for a post-settlement claims denial;

> See *Visa Inc. et al.*, Case No. 21-8009, in the *U.S. Court of Appeals for the District of Columbia Circuit* where the appellate court allowed review for argument that "[ *the assessment for claims validity of uninjured members of the class must be done to determine settlement value prior to settlement*]"

To include a post-settlement claims analysis process where a third party (neutral or non-neutral) can ultimately deny a class members' claim or decide the value of a claim violates the plaintiffs' right to full & fair litigation of their legal claims for the purpose of settlement.

> "[...for a class action settlement to survive, the merits of the class members' claims is accepted as true if settlement occurs during the pleadings stage. ...]"  *In Re Apple Inc. Device Performance Litigation* (2022)

This post-settlement evaluations process indicates collusion between the CAs, Attorneys & Defendants where it "*Usurp[s] the right & necessity for "the bargaining and compromise inherent [between] settling disputes." California v. IntelliGender, LLC*, 771 F.3d 1169, 1179 (9th Cir. 2014) ".

In *re High-Tech Emp. Antitrust Litigation* the Attorneys for the class expended considerable resources & time meeting with clients prior to settlement to assure the final settlement demands were in line with the true value of the claims & amount of injured class members.   This indicates the proposed plan in the instant action to pass these responsibilities on to a CA is *collusive*, or at the very least a breach of class counsels' fiduciary duty to the class.  *Staton*

For these reasons, this objection argues that any claims evaluations to determine amounts to pay or validity of the claim should be conducted as pre-settlement litigation. *Briseño* (2021)

    b.    A *settlement*, by its very nature, agrees to compensate the plaintiff/class members. For that reason the claims administration process for evaluating claims is objected to as collusive & unfair. In *Trans Union* (2021), the Supreme Court confirmed that every class member "[must have Article III standing to recover damages in a class action]".   Allowing any CA to be in control of collecting & analyzing a claim to decide what a class member deserves as compensation post-settlement, after the

plaintiffs rights have been *estopped* through settlement, entirely violates the rights of the class members as *plaintiffs* in litigation that caused a settlement to be ordered; & is objected to.

> "While class members "must maintain their personal interest in the dispute at all stages of litigation" to have a judgment bind them, *TransUnion LLC v. Ramirez*, — U.S. —, 141 S. Ct. 2190, 2208, 210 L.Ed.2d 568 (2021), "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice," *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). At the time the parties settled, prior ... plaintiffs alleged that all putative class members experienced [injury]. That sufficed to establish standing. Had the parties brought the case to trial, as in TransUnion, 141 S. Ct. at 2202, plaintiffs' allegation of classwide injury would have been either proven or disproven. The risk that this uncertain outcome posed to the parties was one of the factors that induced them to settle."
> citing *In Re Apple Inc. Device Performance Litigation* (2022)

Any Claims analysis must be conducted via *discovery*; not by a collusive agreement between the Released Parties, Officers of the Court & the unvetted CAs to discriminately decide to deny claims or pay compensation that the member may ultimately find "*worthless*" post-settlement.

> "We reverse. A class action that "seeks only worthless benefits for the class" and "yields [only] fees for class counsel" is "no better than a racket" and "should be dismissed out of hand." *In re Walgreen Co. Stockholder Litig.*, 832 F.3d 718 (7th Cir. 2016).

c.  The Proposed Notice of Settlement is objected to as biased & unreasonable. It immediately fails to give proper relief to the class on the face of it & is objected to as such.

The Notice of Settlement is inadequate in explaining the settlement (which is actually the job of the plaintiffs' counsel); but it also fails to include proposed Attorneys' Fees with clear/explicit language describing the "evaluations" tactics the CA proposes it will use to approve/deny claims in order for an interested party to make proper objections. *Reynolds*

The CA(s) has failed to even submit claims forms to members of a subset of the class who contacted class counsel directly when the subset learned of the litigation & settlement via the media.

The Notice of Settlement is not reasonable where it has no rationale for the places the CA has chosen to publish the Notice. This indicates collusive effort to intentionally avoid notifying members of the class when more appropriate means of locating & notifying injured members of the class exist. Means such as establishing a website & conducting social & broadcast media advertisements during *discovery*.

> "*Procedural due process requires that the notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Roes, 944 F.3d at 1045*" (quoting *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974)).

4. **Objections to the Proposed Attorneys Fees; including where the Conduct of Class Counsel Gives the Appearance that the Attorneys have Colluded to Neglect Duties Owed to the Class to Negotiate Terms of Settlement in Bad Faith or Adverse Interest of the Class**

The Objection to Proposed Attorneys' Fees is raised as a class wide objection; & argues that the Attorneys have not acted in good faith to obtain adequate relief for the class.

> *Reynolds*; and "[ ...*In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935 (9th Cir. 2011),... *The Courts described "subtle signs" that class counsel may have "allowed pursuit of their own self-interests... to infect the negotiations." Id. at 947. Courts considering whether to approve a settlement exhibiting these signs must scrutinize the agreement closely for potential collusion. Id. at 946-47. therefore before class counsel have expended substantial resources, there is an even greater risk that class counsel will breach the fiduciary duty owed to absent class members.*]"citing *McKINNEY-DROBNIS v. ORESHACK* No. 20-15539 16 F.4th 594 (2021)

This Objection argues that the Attorneys in the record have acted more as a sophisticated cartel of Attorneys & Law Firms to coordinate litigation campaign(s) against Defendants to obtain *collusive* settlement agreements that are in the interest & favor of the Attorneys or Released Parties- not the class.

> [*Established case precedence is that an attorneys' fees award will not be approved without sufficient support and explanation as to the work done, and the results achieved for the class.*] (See *Witchko v. Schorsch et al.*, Case No. 1:15-cv-06043 (S.D.N.Y.) [*lack of billing records to support $23 million attorney fee request in case*]

The Attorneys were admitted under a theory of hypothetical consent for representation from the members of the *class*. This indicates *collusive*, self interest of the class counsel who have made no meritorious effort to ascertain the putative class. Or meet with the class to discuss the relief they would find reasonable & sufficient for settlement based on the nuances of their legal dispute before the court. Nor did the Attorneys obtain waivers of the conflicts of interest that exist between any members of the class or the Attorneys in the Record.

> *In re General Motors Corp Pick-Up Truck Fuel Tank Products Liability Litigation*, 55 F.3d 768, 803 (3d Cir 1995) (analyzing evidence that counsel had failed to pursue class interests with sufficient diligence)

With no order setting class counsel or lead counsel served to the class, this objection argues that one woman (Jane Doe 1) does not need more than a half dozen attorneys & the majority of the attorneys have not done enough for the putative class to deserve fees.

The Attorneys acted completely contrary to the interest of members of a subset of the class whom this objection is raised on behalf of to propose a "clear sailing" agreement that allows the Defendants to settle the case for far less than their liability. Liability that may easily be in the billions to trillions of dollars in damages owed to the subset.

> "[T]he very existence of a clear sailing provision increases the likelihood that class counsel will have bargained away something of value to the class." *Weinberger*, 925 F.2d at 525
>
> "One inherent risk is that class counsel may collude with the defendants, "tacitly reducing the overall settlement in return for a higher attorney's fee." *Knisley*, 312 F.3d at 1125
>
> "[Foremost among these considerations for approval of attorneys' fees, however, is the benefit obtained for the class]". See *Hensley v. Eckerhart*, 461 U.S. 424, 434-36, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)

For this subset, and the class, the Attorneys have proposed a settlement that allows the Defendants to "*escape punitive & compensatory damages*" to continue reaping the benefits & profits from the decades of sex trafficking & racketeering they've participated in. This objection argues the settlement is without proper redress of the Defendants to discontinue their wrongdoing and fails to grant adequate relief to the plaintiffs.

> ["*In sum, the class members received nothing; the named plaintiff and class counsel received compensation for his injury and their time; and the defendant escaped paying any punitive or almost any compensatory damages...*"]. *Molski*

This Objection is made where the Attorneys proposed a claims administration process that is particularly unfair to the subset & class where the attorneys & their CAs receive significant compensation while members of the class can be subjected to denied claims after estoppel.

> "[...evidence of collusion or requirement to deny attorneys fees exists when counsel receive a disproportionate distribution of the settlement, or when the class receives no monetary distribution but class counsel are amply rewarded..]" *Hanlon*, 150 F.3d at 1021; see *Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 952 (7th Cir.2006); *Crawford v. Equifax Payment Servs., Inc.*, 201 F.3d 877, 882 (7th Cir.2000)

The Attorneys' Fees & litigation strategy of appointing a CA to conduct post settlement claims evaluations is objected to as biased & unfair to the class.

> "the purpose of Rule 23(e) is to protect the unnamed members of the class from unjust or unfair settlements affecting their rights." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir. 2008). " *In re Yahoo! Inc.*, Case No. 16-MD-02752-LHK, 8 (N.D. Cal. Jan. 30, 2019)

5. **Objection to Settlement of Legal Claims Not Fairly Addressed/Compensated in the Litigation *Prior* to Settlement; including Claims Against the Unjoined Co-Defendants**

This objection is made class wide but particularly on behalf of a specific subset of the class & individual member(s).

In the current Stipulation the Parties are settling claims of sex trafficking & racketeering pleading the Defendant(s) used their positions as well known & long established financial institutions to not only facilitate sex trafficking for the *Epstein Enterprise*, but also to facilitate their own profit/benefit from the criminal enterprising for decades.

This lawsuit pleads the Bank earned money from the criminal enterprise, improved its status for decades while soliciting business from its connnections, facilitation & profits of the Epstein criminal enterprising that caters to ultra prominent & ultra wealthy persons around the world who are clients or business associates of the Bank.

The current Stipulation is objected to where the terms do not reflect negotiation for adequate relief compensating for the fact that the Bank will **continue** to reap rewards, benefits & profits greatly in excess of the settlement offered from its role in decades of sex trafficking &

racketeering. Nor does it provide relief to compensate where the Defendant(s) have already reaped profits, rewards & benefits in great excess of the total settlement proposed.

> "...Preliminary approval of a settlement and notice to the class is appropriate if "*[1] the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, [2] has no obvious deficiencies, [3] does not improperly grant preferential treatment to class representatives or segments of the class, and [4] falls within the range of possible approval." In re Tableware Antitrust Litig., 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007)*" (citing *Manual for Complex Litigation* (Second) § 30.44)

This objection is raised to argue that the settlement is collusive, unfair, inadequate & unreasonable where the attorneys bargained away benefits owed to the class that is certifiable as a class/sub-class on its own deserving securities, injunctive relief & other relief beyond money in exchange for a settlement that prohibits this particular subset from receiving proper compensation for the damages the Defendants are seeking release from.

> *Bluetooth [ "clear-sailing" provisions may be considered "important warning signs of collusion," "increase likelihood that class counsel will have bargained award something of value to the class."].)*

The Bank has profited immensely in the decades it has operated to aid & abet sex trafficking as part of a racketeering enterprise. Its unjoined co-defendants have also; & they will continue to profit, also. For that reason, this objection is raised to demand that where a particular subset/individual was targeted strictly for business data, development & investment related profits benefitting the Bank(s), its shareholders & clients for decades, & decades to come, the settlement must be renegotiated to properly compensate the subset/individual(s) affected in this way whose claims for damages relating to business profits would be estopped with this settlement; including by joining defendants whose liability is protected by this settlement.

> Courts have long recognized that "*settlement class actions present unique due process concerns for absent class members.*" Hanlon, 150 F.3d at 1026. see *Evans v. Jeff D.*, 475 U.S. 717, 733, 106 S.Ct. 1531, 89 L.Ed.2d 747 (1986) (*recognizing that "the possibility of a tradeoff between merits relief and attorneys' fees" is often implicit in class action settlement negotiations*); In re Gen. Motors, 55 F.3d at 805.

6. **Objections to Anonymity of the Class Representatives & the Unjoined Co- Defendants**

This objection is raised as a class wide objection. Objection to anonymity of the class representative is raised where the stipulation presented for settlement indicates *collusion* between the Attorneys, Released Parties & court. *Doe v. NFL Enterprises, LLC et al* 2017 denial of anonymity)

Without disclosure of Jane Doe 1's identity & claims, even if only made privately available to the class, the class can not assess the class representative's value or ability to represent the class, entirely or partially; including assessing whether or not she has ulterior, collusive motives; or is receiving unreasonable compensation in comparison to other members of the class.

> "*Any proposed enhancement award should be commensurate with the work, time, and effort the class representative spent on the case including their emotional investment, the risk of retaliation, and any strain it may have put on their family or personal life.*" (See e.g., *Ridgeway v. Walmart, Inc.*, (N.D. Cal. 2017) 269 F.Supp.3d 975, 1003 *[reducing incentive award from $50,000 to $15,000 based on a review of work performed by class representatives]*.)

Furthermore, a particular subset of the class has been exposed/revealed to the public with or without their consent.

This subset has suffered harms from public exposure that have been conducted by the unjoined co-defendants; & to the benefit of the Banks.

In this lawsuit the failure to reveal persons involved (victims/survivors & defendants/co-conspirators) is objected to where it has allowed a number of *color of law* rights violations to occur to extend the racketeering & abuse of the Epstein Enterprise to ultimately protect the Defendants (& their unnamed, unjoined co-defendants) even throughout the process of litigation.

Such as in *Latham v 1953 Trust, et al* 2020 where a plaintiff was induced to file a confidential statement of legal claims as part of a confidential non-dispositive administrative motion that was subsequently entered into the public record without her knowledge or consent.

After illegally violating her right to confidentiality in filing the administrative motion, the US Federal court then began entering multiple dispositive motions denigrating & haranguing the plaintiff while alleging it was dismissing her claims altogether, before she ever filed a lawsuit or served a single defendant.

> "[ ... the "universal interest in favor of open judicial proceedings," and the fact that public entities were involved, weighed in favor of not allowing the parties to proceed anonymously]" see opinion of Circuit Judge D. Michael Fisher in *Doe v. Megless*, 654 F.3d 404, 80 Fed. R. Serv. 3d 71 (3d Cir. 2011)

For a particular subset of the class that has experienced vile, retaliatory abuses and suffer ongoing harassment & attacks from co-conspirators of the Epstein Enterprise/ Defendants, revealing the identities of the unjoined Co-Defendants as part of resolving this lawsuit where they anonymously receive legal protection is required; & any failure is objected to.

It is these types of government involvement in the Epstein Enterprise & its ongoing systems of abuse, racketeering, public corruption & rights violations that cause anonymity to be objected to as collusive where it benefits the Released Parties more than it protects the class or public.

> "personal & financial information plaintiffs seek to protect have already been released on the internet and made available to the public" [ *In re Ashley Madison Customer Data Sec. Breach Litig.*, MDL No. 2669 (E.D. Mo. Apr. 6, 2016)]

7. **Objection to Unwaived Conflicts of Interest**

This objection is raised class wide & also pertaining to a particular subset & individual(s) where the class counsel, settlement administrator, class representative & presiding judicial officer (Jed Rakoff) have known & potential conflicts of interest that are objected to as unwaived conflicts of interest detrimental to fair & adequate representation for settlement of the class/ members of the class' legal claims against the Defendants.

Because the stipulation appears collusive & the settlement was reached without adequate input & conference with the plaintiffs, including disclosure of the class representative's identity & specific claims, the appearance of the Attorneys & Released Parties to be acting in their own interest to profit from the injury of the class is evident & objected to as a result of an unwaived conflict of interest.

> citing *Briseño* "District courts must ensure that class counsel do not "collude with the defendant to strike a quick settlement without devoting substantial resources to the case."
>
> and *Staton* "defendant is interested only in disposing of the total claim asserted against it," *Staton*, 327 F.3d at 964,
>
> and *Bluetooth*, 654 F.3d at 949) "In Roes, we noted that clear-sailing arrangements are not prohibited, but that they are "disfavored" because they are "important warning signs of collusion." Id. at 1050-51 (citations omitted). This is because "[a] clear sailing provision signals the potential that a defendant agreed to pay class counsel excessive fees in exchange for counsel accepting a lower amount for the class members." *Henderson*, 998 F.3d at 1027"

This objection is raised to argue that for the entire class, a subset of the class & specific individuals, a conflict of interest exists with the Attorneys, CAs, the Presiding Judge that requires further litigation to occur to obtain a waiver of the conflict(s) to grant consent for the court officers to continue working on this case; or, implementation of other legal changes to redress bias these unwaived conflicts create. citing *Bracy, et al*

**CONCLUSION**

These objections are raised in good faith to argue for improvement of the outcome of the overall class; & improve results of settlement for a particular subset of the class who were uniquely injured by the sex trafficking & racketeering that continues to benefit the Defendant(s) & their unjoined Co-Defendants. (*Frank* ; *Pearson*)

Where the Objector has objected to this settlement as inadequate, unfair, unreasonable, *collusive* & disfavoring the plaintiffs to the profit/benefit of the Attorneys & Released Parties, the court must reject final approval and instruct the litigating parties to continue negotiations for settlement.

The court must instruct the litigation continue to modify the terms of the stipulation to reach an agreement that will provide adequate relief to fairly, fully & finally resolve legal claims that are subject to *estoppel* with the settling of this lawsuit.

> *Fed. R. Civ. P. 23(e)(2)* and "...*Given these due process concerns, we must review "a pre-certification settlement approval not only for whether the district court has explored comprehensively all factors, given a reasoned response to all non-frivolous objections, and adequately developed the record to support its final approval decision, but also for whether the district court has looked for and scrutinized any subtle signs that class counsel have allowed pursuit of their own self-interests to infect the negotiations."* Roes, 944 F.3d at 1043

**DATED:**

s/Jane Doe #7 (seven)
redacted for Anonymity

USPS Service Address Redacted
Electronic Mail Address Redacted
Phone Number Redacted
