UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
JANE DOE 1, Individually and on Behalf of
All Others Similarly Situated,

        Plaintiff,

    -v-

JPMORGAN CHASE BANK, N.A.,

        Defendant/Third-Party Plaintiff,
    -v-

JAMES EDWARD STALEY,

        Third-Party Defendant.
```

22-cv-10019 (JSR)

Order

JED S. RAKOFF, U.S.D.J.:

On August 8, 2023, third-party defendant James Staley orally moved to compel the production of mediation statements that ultimately lead to the settlement between JPMorgan Chase Bank N.A. ("JPMorgan") and the plaintiff class in the above-captioned action. JPMorgan and the mediator -- the Honorable Layn Philips(retired) -- have objected to the production of any such materials prepared in connection with the mediation. The parties to this dispute have submitted letter briefing setting forth their positions. See Dkt. 220; Dkt. 222. After full consideration of letter briefing submitted by JPMorgan, Judge Philips, and Staley, the Court hereby denies Staley's motion.

To obtain otherwise confidential mediation materials, a party must show "(1) a special need for the confidential material it sought; (2) resulting unfairness from a lack of discovery; and (3) that the

1

need for the evidence outweighed the interest in maintaining confidentiality." *In re Teligent, Inc.*, 640 F.3d 53, 55 (2d Cir. 2011). The Court finds that the mediation statements sought here would be of limited utility to Staley in light of the limitations on their use imposed by Federal Rule of Evidence 408 and the confidentiality agreement entered into by all parties to the mediation, including Staley. Further, any assessment of the reasonableness of JPMorgan's settlement with the *Doe* class requires a purely objective assessment, and so JPMorgan's subjective views of the relative strengths of its claims (one of the bases for Staley's argument) has only limited relevance. And to the extent JPMorgan is required to prove Staley caused the *Doe* settlement -- as opposed to the underlying liability that led to it -- the Court is not convinced that these mediations statements would offer any information of sufficiently unique value to overcome the important interest in maintaining the confidentiality of the mediation process.

    Accordingly, Staley's motion is denied.

    The Clerk is respectfully directed to close entry numbers 220 and 222 in the above-captioned case.

    SO ORDERED.

New York, NY
September 20, 2023

                                                    JED S. RAKOFF, U.S.D.J.