**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Jane Doe 1, individually and on behalf of
all others similarly situated,

     Plaintiff,

        v.

JPMorgan Chase Bank, N.A.,

     Defendant.

Case No. 1:22-CV-10019 (JSR)

## REPLY MEMORANDUM OF LAW IN SUPPORT OF (1) MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF THE PLAN OF ALLOCATION AND (2) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES

BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
Fax: (212) 446-2350

EDWARDS HENDERSON LEHRMAN LLC
425 N. Andrews Ave., Suite 2
Fort Lauderdale, FL 33301
Telephone: (954) 524-2820

*Counsel for Class Representative Jane Doe 1 and the Class*

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................ 1

II.     THE CLASS OVERWHELMINGLY SUPPORTS THE SETTLEMENT. ................... 2

III.    THE COURT SHOULD OVERRULE JANE DOE 7'S OBJECTION.......................... 3

A. ........Jane Doe 7's History of Meritless Filings.................................................. 3

B. ........Jane Doe 7's Objection Is Unsubstantiated and Meritless...................................... 5

    1.      Jane Doe 7 Failed to File a Claim and Establish Membership in the Class.6

    2.      The Settlement Amount Is Adequate. ........................................................ 7

    3.      Jane Doe 7 Fails to Credibly Allege Any Conflicts of Interests Held by the
               Claims Administrator or Other Problems with Claims Administration...... 8

    4.      Jane Doe 7's Objection to the Proposed Attorneys' Fees Is Meritless. .... 10

    5.      Jane Doe 7's Arguments Concerning "Unjoined Co-Defendants" Are
               Without Merit.......................................................................................... 11

    6.      Jane Doe 7 Lacks Any Basis for Seeking the Class Representative's
               Identity. ................................................................................................... 11

    7.      Jane Doe 7's Claim of Unwaived Conflicts of Interest Is Unsubstantiated.
               ............................................................................................................... 12

IV.    THE COURT SHOULD OVERRULE MS. RANSOME'S OBJECTION. ................. 12

A. ........The Plan of Allocation Is Fair and Adequate........................................................ 13

B. ........The Settlement Amount Is Adequate ................................................................ 16

C. ........Ms. Ransome Fails to Credibly Allege Any Conflicts of Interests Held by the
        Claims Administrator or Other Problems with Claims Administration.... 16

D. ........Ms. Ransome's Objection to the Proposed Attorneys' Fees Is Meritless............. 17

V.     CONCLUSION ................................................................................................. 18

## TABLE OF AUTHORITIES

**Cases**

*Bellifemine v. Sanofi–Aventis U.S. LLC,*
   2010 WL 3119374 (S.D.N.Y. Aug. 6, 2010) .................................................. 2

*Davis v. J.P. Morgan Chase & Co.,*
   827 F. Supp. 2d 172 (W.D.N.Y. 2011) ...................................................... 2

*Doe 1 v. Deutsche Bank Aktiengesellschaft et al.,*
   22-cv-02854-JSR (S.D.N.Y.) (Rakoff, J.)............................................ 4, 12

*Geiss v. Weinstein Co. Holdings LLC,*
   474 F. Supp. 3d (S.D.N.Y. 2020)............................................................ 16

*In re Citigroup Inc. Sec. Litig.,*
   965 F. Supp. 2d 369 (S.D.N.Y. 2013) ...................................................... 3

*In re Petrobras Securities Litigation,*
   363 F. Supp. 3d 426 (S.D.N.Y. 2019) (Rakoff, J.).................................. 20

*In re Top Tankers, Inc. Sec. Litig.,*
   2008 WL 2944620 (S.D.N.Y. July 31, 2008) ......................................... 16

████████████████████████████
██████████████████████ .................................................... 6

*In re WorldCom, Inc. Sec. Litig.,*
   388 F. Supp. 2d 319 (S.D.N.Y. 2005) ..................................................... 15

███████████████████
██████████████ ........................................................... 5

███████████████████
████████████████████ ............................................. 4

███████████████
████████████ ................................................................ 5

*Oklahoma Firefighters Pension & Ret. Sys. v. Lexmark Int'l, Inc.,*
   2021 WL 76328 (S.D.N.Y. Jan. 7, 2021)................................................ 16

████████████████████
██████████████████ ............................................... 6

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.,*
   396 F.3d 96 (2d Cir. 2005)........................................................................ 3

*Willix v. Healthfirst, Inc.*,
  2011 WL 754862 (E.D.N.Y. Feb. 18, 2011) ............................................................................ 2

*Wright v. Stern*,
  553 F. Supp. 2d 337 (S.D.N.Y.2008) ..................................................................................... 3

Class Representative Jane Doe 1 ("Class Representative") respectfully submits this reply memorandum of law in further support of her motion for (i) final approval of the Parties' $290 million Settlement and approval of the Plan of Allocation, ECF No. 233; and (ii) Class Counsel's motion for an award of attorneys' fees and expenses, ECF No. 235.[1]

## I.   INTRODUCTION

This litigation resulted in a historic, globally publicized $290 million settlement agreement for the survivors of Jeffrey Epstein.  In its order granting preliminary approval of the Settlement, the Court found the Settlement to be fair, reasonable, and adequate, and authorized Notice to the Class.  ECF No. 183 ¶¶ 1–2.  After completing the Court-ordered notice procedures, *see* ECF No. 231-1, there are only two objections.  The first objection is by Jane Doe 7, which this Court already denied in the related *Deutsche Bank* case.  As explained below, Jane Doe 7's objection is substantively and procedurally deficient and should be overruled, ECF No. 218 (the "Jane Doe 7 Objection").  The second objection is by Sarah Ransome, ECF No. 247 (the "Ransome Objection," and together with Jane Doe 7 Objection, the "Objections").  Like the Jane Doe 7 Objection, the Ransome Objection is meritless and should also be rejected.  *See also* Comp. Ex. A, Ransome Correspondence.  Indeed, the Class's overwhelming support of the Settlement weighs heavily in favor of granting final approval of the Settlement and the requested fee award.  *See* Comp. Ex. B, Declarations.

The $290 million Settlement, the Plan of Allocation, and Class Counsel's request for fees are fair and reasonable in all respects.  This Settlement and the requested fee award are supported by relevant case law in this and other circuits and serve as a powerful inspiration that justice can

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the opening brief in support of motion for final approval.

be won, even in hard cases against the most formidable opposition, when attorneys invest their time and resources into advocating for too-often-neglected victims.

**II.    THE CLASS OVERWHELMINGLY SUPPORTS THE SETTLEMENT.**

The Settlement, Plan of Allocation, and Fee Award should be approved for the reasons stated in the opening briefs and declarations.  *See* ECF Nos. 233–241.  With the deadlines now passed, there are no opt-outs and only two people submitted objections.  Comparatively, 189 individuals submitted claims, and many of whom have expressed their strong support for the Settlement.  *See* Comp. Ex. B.

As Courts in this Circuit have recognized, support from an overwhelming majority of the Class indicates that the Settlement, Plan of Allocation, and fee and expense requests are fair, reasonable, and adequate.  *See e.g., Davis v. J.P. Morgan Chase & Co*., 827 F. Supp. 2d 172, 177 (W.D.N.Y. 2011) (granting final approval and noting "very little negative reaction by class members to the proposed settlement" where 11 out of 3,800 class members opted out, and 3 objected); *Willix v. Healthfirst, Inc.*, 2011 WL 754862, at *4 (E.D.N.Y. Feb. 18, 2011) (granting final approval of the settlement where 7 out of 2,025 class members objected and 2 opted out); *Bellifemine v. Sanofi–Aventis U.S. LLC*, 2010 WL 3119374, at *3 (S.D.N.Y. Aug. 6, 2010) (granting final approval where there were no objections but 23 of 5,262 opted out, noting that "[a] small number of objections is convincing evidence of strong support by class members"); *Wright v. Stern*, 553 F. Supp. 2d 337, 344–45 (S.D.N.Y.2008) (approving settlement where 13 out of 3,500 class members objected and 3 opted out, noting that "[t]he fact that the vast majority of class members neither objected nor opted out is a strong indication" of fairness); *In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 382 (S.D.N.Y. 2013) ("A favorable reception by the class constitutes 'strong evidence' that a proposed settlement is fair.").  Indeed, "the favorable reaction of the overwhelming majority of class members . . . is perhaps the most significant factor in [the]

*Grinnell* inquiry." *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 119 (2d Cir. 2005). Here, only two objections have been filed and the overwhelming support of the Class supports the final approval of the Settlement, Plan of Allocation, and fee request.

**III.     THE COURT SHOULD OVERRULE JANE DOE 7'S OBJECTION.**

On September 15, 2023, an individual purporting to be an Epstein victim and wishing to remain anonymous under the pseudonym Jane Doe 7, filed "Objections to the Proposed Settlement" and an accompanying declaration, pro se.  ECF Nos. 218, 219.  Jane Doe 7 filed her objections despite not having submitted a claim with the Claims Administrator or opting out of the Settlement.   Jane Doe 7 claims to act "as a class representative raising class-wide & subset/individual objections" that challenge several aspects of the Settlement and Plan of Allocation.  ECF No. 218, at 1.

On October 20, 2023, the Court rejected Jane Doe 7's objection in the *Deutsche Bank* case and granted Final Approval of the Settlement and Class Counsel's request for fees and expenses. *Doe 1 v. Deutsche Bank Aktiengesellschaft et al.*, 22-cv-02854-JSR (S.D.N.Y.) (Rakoff, J.), ECF No. 121–122.

As set forth below, the Court should overrule the Jane Doe 7 Objection because Jane Doe 7 failed to follow the Court-ordered procedure (and thereby waived her ability to make an objection), and because her substantive arguments and factual allegations are baseless.

**A.  Jane Doe 7's History of Meritless Filings**

By way of background, Jane Doe 7 has attempted (unsuccessfully) to participate in several lawsuits concerning the alleged sexual abuse of her and her family members by various individuals.  Her public federal court filings in those cases are littered with implausible factual assertions and irrational legal arguments.

For example, Jane Doe 7 ███████████████████████████████████

███████████████████. In all instances, █████████████████████

██████████████████████████████████████. *First* ██████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████. *Second,* ██████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████████████████. *Third,* █████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████.

Jane Doe 7 also claims ██████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

███████████████████████████████████████.

Finally, ██████████████████████████ Jane Doe 7 ████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

███████████████████████████████████████.

Jane Doe 7's filing of the Objection in this case is consistent with her long history of making fraudulent and unsupported claims.  Here, she asserts that she "started being trafficked by Epstein as a child under the age of 15, as early as 3 years old."  ECF No. 219 ¶ 6.  However, she provides no support for these allegations, and nothing in Class Counsel's investigation or review of discovery produced in years of Epstein-related litigation suggests that Jane Doe 7's claims are credible in any way.  Given her pattern of irrational filings, the Court should ignore Jane Doe 7's Objection, which is not indicative of bona fide issues that Class Members have with either the Settlement or the Plan of Allocation.

### B.  Jane Doe 7's Objection Is Unsubstantiated and Meritless.

As a threshold matter, the Court should dismiss Jane Doe 7's filings as procedurally deficient because she did not follow the Court-ordered procedure for making an objection.[2]  Even

---

[2] The Amended Order Granting Preliminary Approval requires an objector to "mail[] copies [of objections and copies of any papers and briefs filed with the Court] thereof by first-class mail to [Class Counsel and Defendants' counsel] no later than twenty-one (21) days prior to the Settlement Hearing, or October 19, 2023."  ECF No. 183 ¶ 17.  Jane Doe 7 never mailed copies of her objection to counsel for either side, and therefore failed to comply with the Court's requirements. Accordingly, she is foreclosed from making any objection to the Settlement.  *See Id*. ¶ 19 ("Any Class Member who does not make his, her, or its objection *in the manner provided* shall be deemed

if the Court were to consider the Objection despite Jane Doe 7's procedural noncompliance, it should reject Jane Doe 7's arguments against the Settlement and Plan of Allocation. The Objection lists seven distinct paragraphs in its "Argument" section. Each is meritless, and we address them in turn. ECF No. 218 at 3–18.[3]

1.  <u>Jane Doe 7 Failed to File a Claim and Establish Membership in the Class.</u>

As an initial matter, Jane Doe 7 falsely claims to have "submitted a claim/Notice of Claim to the class counsel," and that she "qualifies as a *class member*; with standing to object." *Id*. at 3. But Jane Doe 7 has never submitted a claim and has instead only emailed Class Counsel to ask for money under the threat that she would file her Objection if she did not receive payment. By her own words, ████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████████████████████████████████████. None of her demand letters comply with the procedure for filing a claim set forth in the Court-approved Notice of Proposed Settlement of Class Action, which provides that Class Members "must submit a Questionnaire and Release to the Claims Administrator." ECF No. 181-2, at 2. Jane Doe 7 does not claim to have ever submitted either a Questionnaire and Release *or* an opt-out form to the Class Administrator before filing her Objection.

Jane Doe 7 also fails to establish that she is a Class Member. The Court's order granting preliminary approval requires that "[a]ny objections, filings, and other submissions by an objecting

---

to have *waived* such objection and shall forever be *foreclosed from making any objection* to the fairness, reasonableness or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation as described in the Stipulation and Notice, or to the award of fees, costs, charges, and expenses to Class Counsel or Settlement Class Representative, unless otherwise ordered by the Court.") (emphases added).

[3] Pin cites to the Jane Doe 7 Objection are to the pages indicated in the ECF stamp at the top of each page.

Class Member must . . . (iii) include documents sufficient to prove membership in the Class." ECF No. 183 ¶ 19. Jane Doe 7 has not done so. Instead, she asserts without specific allegations or corroborating evidence that she is a "surviving victim of sex trafficking & racketeering," ECF No. 218, at 3. The only document she filed with her Objection is her own declaration, which asserts in a conclusory manner that she "started being trafficked by Epstein as a child under the age of 15, as early as 3 years old." ECF No. 219 ¶ 6. And her attempt to establish that she was victimized by Epstein during the Class Period is not credible. She states that she was trafficked by Epstein from 1989 through 2023, four years *after* Epstein died. *Id.* ¶¶ 6–7.

In sum, she has not provided any competent or reliable evidence that she was an Epstein victim. Given the implausibility of her factual allegations and her failure to provide corroborating evidence together with her filings, the Court should overrule her objection on the basis that she has failed to establish membership in the Class, as required. ECF No. 183 ¶ 19.

## 2. The Settlement Amount Is Adequate.

Jane Doe 7 next argues that the Settlement Amount is not "sufficient to deter the Bank from continuing its conduct" and does not "compensat[e] the injured members of the class fairly/reasonably." ECF No. 218, at 4. As the Court found in granting preliminary approval, however, the Settlement is "fair, reasonable, and adequate," including because it was "the result of good faith, extensive arm's-length and non-collusive negotiations." ECF No. 183 ¶¶ 1, 2.[4]

Jane Doe 7's suggestion that the Settlement Amount should be "in the billions to trillions of dollars" is unsupported by any facts, analysis, or data. ECF No. 218, at 13. In any event, Jane Doe 7 fails to appreciate that any hypothetical amount of damages must take into consideration

---

[4] Moreover, as set forth in the motion for preliminary approval, the Settling Parties engaged in a mediation process overseen by a highly experienced mediator nationally renowned for helping to facilitate resolutions of cases related to sex abuse.

the delays and uncertainty of success for the Class, including but not limited to the difficulties of maintaining class certification through trial, succeeding at trial, and succeeding in appeals. Accounting for these risks, the historic Settlement reached for the Class is an excellent result. *See* Preliminary Fairness H'rg Tr. (Jun. 26, 2023) at 6:6–7 (The Court: "I have to say I am impressed by the settlement."), 11:8–9 (The Court: "So I do want to say I really do think, thanks to counsel for both sides, that this is a really fine settlement, . . .").

Jane Doe 7 also asserts that an undefined "particular subset of the class" suffered more in damages from the alleged conduct, and "adequate relief to this subset has not been provided or even sought." ECF No. 218, at 4–5. While it is unclear who Jane Doe 7 includes in such a "subset" or why these individuals would be entitled to more than other Class Members, the Settlement remains fair because each Class Member was able to submit a claim and receive an award based on the circumstances, severity, type, and extent of the alleged abuse or trafficking, the nature and duration of the relationship with Epstein, and the impact of the alleged conduct on the Class Member. To the extent any Class Members believed that the compensation they would receive under this process would be below what they were entitled to, they could have opted out before the August 7 deadline. ECF No. 183 ¶ 15.

**3.** Jane Doe 7 Fails to Credibly Allege Any Conflicts of Interests Held by the Claims Administrator or Other Problems with Claims Administration.

***No Conflicts of Interest****.* Jane Doe 7 asserts that the "Claims Administrators" have "conflicts where Lelchuck [sic] and Jordana Feldman have repeatedly participated in *Epstein Litigation* where they routinely paid/denied claims in favor of the Defendants." ECF No. 218, at 5. The Court should ignore these baseless allegations. Jordana Feldman— the administrator of the Epstein Victims' Compensation Program, which ended long before this Action was filed and is unrelated to the Settlement—is not a Claims Administrator in this case, and Jane Doe 7 fails to

substantiate her assertions that the Claims Administrator (Lelchuk) is in any way biased.

***Claims Administrator Was Properly Vetted***.   Jane Doe 7's assertions that the Claims Administrator was not vetted properly and that her fees are too high are demonstrably false.   The Court selected Lelchuk as Claims Administrator only after requiring the Parties to confirm her fees were the same as they were in the *Deutsche Bank* case where the Court required Parties to submit resumés for multiple other candidates together with proposed budgets and fee schedules for each. Preliminary Fairness H'rg Tr. (Jun. 26, 2023) at 3:1–15; *see also Deutsche Bank* Preliminary Fairness H'rg Tr. (Jun. 1, 2023) at 6:19–25, 9:22–24.

***Claims Administrator Is Not Biased***.   Jane Doe 7's claim that the Claims Administrator is biased is wholly unsupported and fails to appreciate that the Claims Administrator is fully independent of the Settling Parties. *See* ECF No. 218 at 7 (alleging that the "CA is acting as a paid agent" and "not a neutral third party").   Neither party can influence the Claims Administrator's discretion in any way.   The Claims Administrator also does not have a financial incentive to reach any specific award decision for any Class Member, which distinguishes the cases Jane Doe 7 cites for the proposition that conflicts of interest exist when an administrator both evaluates a claim *and* has a personal interest in its determination. *See id*.

***Notice Was Proper***.   Jane Doe 7's attempt to criticize the Claims Administrator for various aspects of the Proposed Notice of Settlement also fails for several reasons. *First*, the form and method of Notice, which the Court approved, was carefully constructed to ensure that it was both clear to the reader and widely disseminated. *Second*, Jane Doe 7 cannot claim that she was unaware of the Settlement or identify any specific ways in which the Notice was deficient.   To the contrary, she admits that she had actual notice of the Settlement early on.[5] *Third*, Jane Doe 7's

---

[5] To the extent that Jane Doe 7's objection is that she did not receive the Notice by mail, that is

claims that the Notice was "inadequate" because it failed to provide sufficient information on proposed fees or the factors used to evaluate a claim are baseless, as the eleven-page Notice includes entire sections dedicated to the "Statement of Attorneys' Fees and Expenses Sought" and the "Factors" used in "determining an Allocated Amount."  ECF No. 181-2, at 5.

  ***Claims Administration Process Is Fair and Proper***.  Jane Doe 7 also argues that any claims "evaluations to determine amounts to pay or validity of the claim should be conducted as pre-settlement litigation."  ECF No. 218, at 10.  But the Court only certified the Class in this case hours after the Parties reached a settlement, and it is unclear how Jane Doe 7 believes Class Counsel could have met with and consulted absent Class Members—let alone litigated their claims—*before* the Settlement was reached and the Notice was served.  In any event, the Court carefully considered and approved the claims administration process, ECF No. 183, and Jane Doe 7 fails to provide any evidence that it has been unfair or that it has or will result in unfair distributions of the Settlement proceeds.  Indeed, a plan of allocation that allows a claims administrator to meet with and evaluate the claims of potential class members—such as the process here—is standard operating procedure for class or mass action sexual abuse settlements and notably was approved in the *Deutsche Bank* case. *See Deutsche Bank*, 22-cv-02854-JSR, ECF No. 121.

    4. <u>Jane Doe 7's Objection to the Proposed Attorneys' Fees Is Meritless.</u>

  The Court should reject Jane Doe 7's Objection to the proposed attorneys' fees.  Without citing any evidence, Jane Doe 7 asserts that Class Counsel "colluded to neglect duties owed to the Class."  ECF No. 218, at 12.  Equally meritless is Jane Doe 7's assertion that "the majority of the

---

because the Notice was only sent by mail to individuals who were identified as potential Class Members.  As stated above, Class Counsel and the Claims Administrator are not aware of any evidence that would tend to suggest that Jane Doe 7 was a Class Member.

attorneys have not done enough for the putative class to deserve fees." *Id*. at 13.  As set forth in the opening brief to the Fees Motion, Class Counsel dedicated over 15,000 hours to the case.  ECF No. 236, at 3.  The amount requested is fair considering the considerable amount of time spent investigating, filing, and prosecuting this case, which resulted in an unprecedented $290 million dollar settlement on behalf of the Class after an arm's-length mediation before a neutral mediator. Any suggestion that the Parties colluded to reach a "clear sailing" agreement, ECF No. 218 at 13, is utterly without merit.

### 5.   Jane Doe 7's Arguments Concerning "Unjoined Co-Defendants" Are Without Merit.

Jane Doe 7's arguments concerning "unjoined co-defendants" are largely unclear.  But under any interpretation, they are meritless.  *See* ECF No. 218, at 14–17.  To the extent Jane Doe 7 argues that Class Counsel failed to sue "unjoined co-defendants" in this litigation, that should not affect the validity of the Settlement as those claims remain unreleased.  This litigation concerned potential civil liability against Defendants (financial institutions) under the Trafficking Victims Protection Act.  Joining other individuals or entities that did not have a banking relationship with Epstein would not be proper under the federal rules of procedure governing joinder.

To the extent Jane Doe 7 is instead arguing that certain Class Members had other claims unrelated to sex trafficking that are released by the Settlement, she fails to identify what those claims are.  Jane Doe 7 vaguely alludes to "business data, development & investment related profits benefiting the Bank(s)," but fails to specify any allegedly illegal activity or identify what potential claims Class Members may have because of those alleged profits.  *Id*. at 15.

### 6.   Jane Doe 7 Lacks Any Basis for Seeking the Class Representative's Identity.

Jane Doe 7's assertion that she needs to know Jane Doe 1's identity to assess her ability to

represent the class is without any basis in logic or the law.  On December 8, 2022, the Court granted

Class Representative leave to proceed anonymously, which she requested because of the personal

and traumatizing experiences described in her complaint.  ECF No. 22.  Jane Doe 7 does not need

to know the Class Representative's name to assess her adequacy to represent the Class, which was

explained at length in her prior motions for class certification and in support of approval of the

Settlement.  ECF Nos. 95, 234.

Jane Doe 7 claims that "a particular subset of the class has been exposed" to the public

"with or without their consent," ECF No. 218 at 16, but the unintentional disclosure of victim

names in other litigations is no reason to disclose victim names here.[6]  The Parties have carefully

guarded the confidentiality of victims' names throughout this litigation, and a key component of

the Claims Administration process is the process of confidentiality to its participants.

### 7.   Jane Doe 7's Claim of Unwaived Conflicts of Interest Is Unsubstantiated.

The Court should summarily reject Jane Doe 7's assertions "the class counsel, settlement

administrator, class representative & presiding judicial officer (Jed Rakoff) have known &

potential conflicts of interest," and that Class Counsel, Defendants Counsel, and the Claims

Administrator are part of a "sophisticated cartel."  ECF No. 218, at 12, 17–18.  Jane Doe 7 provides

no basis for her allegations of collusion, and the Court has therefore no reason to doubt that the

Settlement is "fair, reasonable, and adequate," and "the result of good faith, extensive arm's-length

and non-collusive negotiations."  ECF No. 183 ¶¶ 1, 2.

## IV.   THE COURT SHOULD OVERRULE MS. RANSOME'S OBJECTION.

On October 19, 2023, counsel for Sarah Ransome filed an "Objection to the Settlement,"

---

[6] ██████████████████████████████████████████████████
██████████

ECF No. 247,  and Ms. Ransome submitted a Declaration in support of that Objection, ECF No. 247-1.[7]  Although Ms. Ransome's Objection is technically procedurally deficient (she and her counsel failed to mail copies of her Objection to counsel for each side by October 19, 2023, as required by the Amended Order Granting Preliminary Approval), we believe it is appropriate for the Court to address the merits of her Objection.

Ms. Ransome is an Epstein victim whose views and feelings are entitled to thoughtful consideration.  As indicated in the emails Ms. Ransome has sent to a variety of public officials around the world, as well as to Class Counsel, examples of which are included in the attached Composite Exhibit A, Ms. Ransome is obviously a woman in distress.  However, her feelings of wide-ranging conspiracies against her need to be considered in the context of Epstein's treatment of his victims, which included boasting that his collaborators included many rich and powerful business leaders and public officials, and that they would help destroy anyone who crossed him.

Although Class Counsel sympathizes with Ms. Ransome, she offers no evidence to support her allegations of a vast international conspiracy against her, including torture, rape, terrorism, treason, and other misconduct by American, British, and Israeli officials.  However sincerely felt Ms. Ransome's views may be, they should not, and do not, provide any basis for overturning a settlement that is otherwise universally sought and needed by her fellow survivors.

### A.  The Plan of Allocation Is Fair and Adequate.

Ms. Ransome claims that the Plan of Allocation fails to provide sufficient information about how settlement funds will be allocated and the size of potential allocated awards.  She also

---

[7] Counsel for Ms. Ransome also submitted a letter to the Court requesting that Ms. Ransome be permitted to virtually attend the Settlement Hearing and be heard orally on her Objection.  ECF No. 247-2.  While Class Counsel does not object to Ms. Ransome's attendance, Class Counsel respectfully requests that the Court require the legal arguments in her Objection be presented by Ms. Ransome's counsel.

claims that assigning the determination of individual amounts to the Claims Administrator is "completely arbitrary, unfair, unreasonable, and inadequate to benefit the Class Members." ECF No. 247, at 4. The Court should reject both claims.

The Plan of Allocation—the method by which the Settlement Fund is distributed to the Class— "must be fair and adequate." *Facebook*, 343 F. Supp. 3d at 414 (quoting *In re WorldCom, Inc. Sec. Litig.*, 388 F. Supp. 2d 319, 344 (S.D.N.Y. 2005)); *see* Fed. R. Civ. P. 23(e)(2). Where, as in this case, a Plan of Allocation is "formulated by competent and experienced class counsel," it "need only have a reasonable, rational basis." *Oklahoma Firefighters Pension & Ret. Sys. v. Lexmark Int'l, Inc.*, 2021 WL 76328, at *3 (S.D.N.Y. Jan. 7, 2021) (quoting *In re Top Tankers, Inc. Sec. Litig.*, 2008 WL 2944620, at *11 (S.D.N.Y. July 31, 2008)). The Plan of Allocation here is appropriate. Any Class Member who submits a valid and timely Questionnaire and Release, does not opt out of the Class, and is not otherwise deemed ineligible by the Claims Administrator will receive an Allocated Amount. The Plan describes the various factors and criteria the Claims Administrator will take into consideration in determining an Allocated Amount.[8] The Claims Administrator has, to the extent requested by a claimant, held meetings with claimants as part of the process set forth by the Plan. As such, the Plan of Allocation equitably distributes the Settlement Fund to all Authorized Claimants who follow these procedures as specified in the Notice and Proof of Claim Form. This process is fair, reasonable, and consistent with the plans of

---

[8] "b. <u>Factors</u>: Following receipt of a Class Member's Questionnaire and Release, in order to determine her Allocated Amount, the Claims Administrator shall consider the following information: the circumstances, severity, type, and extent of the alleged harm, injury, exploitation, abuse or trafficking, the nature and duration of the relationship with Epstein, any cooperation with government investigations or refusal to cooperate with government investigations or refusal to cooperate with this civil litigation including any convictions relating to Epstein's sex trafficking venture, and the impact of the alleged conduct on the Participating Claimant, and the extent of recovery in *Jane Doe I, et al, v. Deutsche Bank Aktiengesellschaft, et. al.*, Case No. 1:22-CV-10018 (JSR)." ECF No. 181-2 at 6.

allocation in other class action settlements.

Ms. Ransome's citation to *Geiss v. Weinstein Co. Holdings LLC*, 474 F. Supp. 3d 628 (S.D.N.Y. 2020) is misplaced.  At issue in *Geiss* was the court's consideration of a motion for preliminary approval of a class settlement; here, this Court has already preliminarily approved the Settlement and the Plan of Allocation as such.  Further, the concerns the *Geiss* court raised were also raised by this Court at the preliminary approval hearing in *Doe v. Deutsche Bank* before granting preliminary approval, including concerns about delegating claim determinations to a claims administrator.  To alleviate these concerns, the Court in *Deutsche Bank* required submission of multiple candidates for the claims administrator position and reserved the right to review the claims administration process.  Class Counsel took into consideration these issues when seeking preliminary approval in this case, and this Court has repeatedly made clear that it will exercise supervisory authority over the Claims Administration process.  *See* Preliminary Fairness H'rg Tr. (Jun. 26, 2023) at 5:5–9; *see also Deutsche Bank* Preliminary Fairness H'rg Tr. (Jun. 1, 2023) at 6:19–25; *Deutsche Bank* Settlement H'rg Tr. (Oct. 20, 2023) at 7:7–17.  *Geiss*, therefore, does not support Ms. Ransome's objection that the Plan of Allocation is inadequate.

Ms. Ransome also objects to the Notice of Settlement, claiming without explanation that it "provides insufficient information to the Class Members regarding the terms of the proposed settlement and the options available to the Class Members."  ECF No. 247, at 5.  Ms. Ransome's claim is without merit.  The form and method of Notice, which the Court approved, was carefully constructed to ensure that it was both clear to the reader and widely disseminated.  The Notice advises the Members of the Class of the essential terms of the Settlement and provides information regarding Class Counsel's application for an award of attorneys' fees and expenses.  It provides specifics on the date, time, and place of the Settlement Hearing and set forth the procedures for

both submitting valid and timely Proofs of Claim and Release pursuant to the proposed Plan of Allocation and objecting to the Settlement, the proposed Plan of Allocation, and/or the application for attorneys' fees and expenses.  Further, the Notice provides contact information for the Claims Administrator and Class Counsel and advised Class Members on how to obtain further information regarding the Settlement.[9]  The Court should reject this argument as well.

### B.  The Settlement Amount Is Adequate.

Ms. Ransome next argues that the Settlement Amount is "insufficient to deter the Bank from continuing their conduct" and "provides inadequate benefit to the class."  ECF No. 247, at 5. As the Court found in granting preliminary approval, however, the Settlement is "fair, reasonable, and adequate," including because it was "the result of good faith, extensive arm's-length and non-collusive negotiations."  ECF No. 182 ¶¶ 1, 2.  Like Jane Doe 7, Ms. Ransome also fails to appreciate that any hypothetical amount of damages must take into consideration the delays and uncertainty of success for the Class, the difficulties of obtaining and maintaining class certification through trial, succeeding at trial, and succeeding in appeals.   The Settlement reached for the Class is an excellent result given these risks.  *See* Preliminary Fairness H'rg Tr. (Jun. 26, 2023) at 6:6–7, 11:8–9.  Indeed, the $290 million Settlement Amount is nearly four times as large as that in the *Deutsche Bank* case, which settlement the Court described as "very fair," "very "reasonable," and "very admirable."  DB H'rg Tr. at 10:3–4.

### C.  Ms. Ransome Fails to Credibly Allege Any Conflicts of Interests Held by the Claims Administrator or Other Problems with Claims Administration.

Ms. Ransome's brief suggests the existence of "potential conflicts of interest" between the

---

[9] Ms. Ransome does not dispute that she and her counsel received the Notice or that she elected not to opt out of the Settlement despite having the opportunity to do so.  Nor does she claim that either Class Counsel or the Claims Administrator ever failed to answer any of her questions or provide her with information that she requested concerning the Settlement or Plan of Allocation.

Claims Administrator and Class Members.  It also refers to a conflict with Class Counsel, claiming without substantiation that Class Counsel "has maintained personal and professional relationships with Epstein's known associates with inadequate disclosure about the nature and scope of those relationships including prior law partners."  ECF No. 247, at 6.  Ms. Ransome's declaration is more direct:  it accuses the Claims Administrator and Class Counsel of having "multiple conflicts of interest."  ECF No. 247-1 ¶ 25; *see also id.* at ¶¶ 13, 26.  These claims are meritless.[10]  Ms. Ransome provides no basis for her allegations of conflict, and the Court therefore has no reason to doubt that the Settlement is "fair, reasonable, and adequate," and "the result of good faith, extensive arm's-length and non-collusive negotiations."  ECF No. 182 ¶¶ 1, 2.

### D.  Ms. Ransome's Objection to the Proposed Attorneys' Fees Is Meritless.

The Court should reject Ms. Ransome's Objection to the proposed attorneys' fees.  Class Counsel has dedicated over 15,000 hours to the case, and the requested fees are fair considering the amount of time spent investigating, filing, and prosecuting this case.  As stated in Class Counsel's opening brief, while Class Counsel are mindful that their fee request is substantial, given the risks and uncertainties of this case during the extensive pre-complaint investigation as well as at the time the case was filed and the extraordinary result achieved, the requested fee of 30% of the Settlement Amount is both fair and reasonable.

Ms. Ransome also objects to Class Representative's fees, insisting that her fees be paid out of attorney fees rather than the Settlement Amount.  But Class Representative is not seeking fees outside of any allocated amount awarded from the settlement amount.  The Plan of Allocation does not treat Class Representative or any other Class Member preferentially.  Ms. Ransome argues the same for the Class Administrator but fails to provide any explanation why her fees should not

---

[10] Ms. Ransome's counsel also represents other purported Class Members, who themselves have not objected to the Settlement.

come from the Global Settlement Amount or should be "capped at a limited percentage." The Court should overrule Ms. Ransome's Objection.

## V.   CONCLUSION

The $290 million Settlement is an excellent recovery for the Class and will deliver life-changing money to the survivors of Jeffrey Epstein. For the reasons set forth herein and in their opening papers, Class Representative and Class Counsel respectfully request that the Court overrule the Objections,[11] approve the Settlement and Plan of Allocation, and award the requested attorneys' fees and expenses.

Dated:  November 2, 2023

Respectfully submitted,

*/s/* David Boies

David Boies
Andrew Villacastin
Sabina Mariella
Alexander Law
Boies Schiller Flexner LLP
55 Hudson Yards
New York, NY
Telephone: (212) 446-2300
Fax: (212) 446-2350
Email: dboies@bsfllp.com
Email: avillacastin@bsfllp.com
Email: smariella@bsfllp.com
Email: alaw@bsfllp.com

Sigrid McCawley (*pro hac vice*)
Daniel Crispino (*pro hac vice*)
Boies Schiller Flexner LLP
401 E. Las Olas Blvd. Suite 1200

---

[11] Given Jane Doe 7's history of meritless filings and Ms. Ransome's emails, Class Counsel intends to request an appeal bond. The circumstances here easily meet the standard set out by this Court for requiring appeal bonds. *In re Petrobras Securities Litigation*, 363 F. Supp. 3d 426, 435 (S.D.N.Y. 2019) (Rakoff, J.) (1. the appellant's financial ability to post a bond, 2. the risk that the appellant would not pay appellee's costs if the appeal loses, 3. the merits of the appeal, and 4. whether the appellant has shown any bad faith or vexatious conduct).

Fort Lauderdale, FL 33316
Telephone: (954) 356-0011
Fax: (954) 356-0022
Email: smccawley@bsfllp.com
Email: dcrispino@bsfllp.com

Bradley J. Edwards
Edwards Henderson Lehrman
425 N. Andrews Ave., Suite 2
Fort Lauderdale, FL 33301
Telephone: (954) 524-2820
Fax: (954)-524-2822
Email: brad@cvlf.com

Brittany N. Henderson
Edwards Henderson Lehrman
1501 Broadway
Floor 12
New York, NY
Telephone: (954) 524-2820
Fax: (954) 524-2820
Email: brittany@cvlf.com

*Counsel for Class Representative Jane Doe 1
and the Class*