## UNITED STATES DISTRICT COURT - SOUTHERN DISTRICT OF NEW YORK

Jane Doe 1, individually and on behalf of all
others similarly situated, Plaintiff

v.

JPMorgan Chase Bank, N.A.,
Defendant

Case No. 1:22-CV-10019 (JSR)

**CLASS ACTION LAWSUIT**

### Objector's (Doe #7) Motion for Permission to Conduct *Discovery*

Objector Doe #7 motions the court for permission to conduct *Discovery* in support of objections & states the following in support of this motion:

1. Objector Doe #7 has objected arguing that the Defendant(s) RICO violations committed in the facilitation of sex trafficking resulted in extensive & significant benefits for the Defendant(s) that the current proposed settlement fails to provide adequate relief for, *inter alia*. In order to better develop these legal claims of the class for relief from personal injuries & economic injuries (ongoing/past/future) that were sustained from the Defendants' anti-competitive/anti-trade RICO violations causing injury to a subset of the class & further establish the claims raised via Doe #7's objections, Discovery should be permitted.

2. Discovery will allow the injured members of the class and the Defendants an opportunity to thoroughly establish the specificity of the legal claims of misappropriated business data & anti-competitive business practices causing economic injury to the subset/class as a tactic of the racketeering made in the Complaint. Objector argues that the profits and benefits generated from these activities are owed to the subset and require the stipulation to provide additional relief including injunctive or administrative relief in order to be settled under the terms of this action; & prohibit this conduct from the Defendant(s) in future by directing past & future earnings to the members of the class injured by this tactic of the Defendant(s)' racketeering to facilitate sex trafficking. *Luevano*

> *["it is important to consider whether the settlement was reached after extensive factual development, so that counsel on both sides would have had information sufficient to make a reasonable assessment of their risks.]" Luevano v. Campbell* (D.D.C. 1981) 93 F.R.D. 68, 86

3. The targeting of the subset to divert profits/credit/career & business benefits rightfully owed to them to the Defendants & the other anti-business/anti-competitive racketeering activity is forced labor. This forced labor is a longterm facet of the Epstein sex trafficking organization; & it allowed the Bank(s), its shareholders, partners, clients & associated businesses to capitalize off the unique & sophisticated work of the subset.

As a direct tactic of the sex trafficking & re-enforcing of the "power" of the wealthy & influential persons/entities it serviced, this racketeering must be fully addressed in order to discontinue the anti-trade practices that are **key** factors of the racketeering & sex trafficking; &, in order to relieve the injured members of the class of any future/ongoing economic injury from this racketeering. Objector Doe #7 argues that these injuries from this forced labor must be properly established prior to settlement through discovery in order for any settlement to provide adequate relief for resolution via class action settlement. Assurance that past & future profits are correctly redirected to the subset of the class that they were diverted/generated from, and any ongoing or future similar conduct of misappropriating intellectual property (including but not limited to trade secrets, ultra lucrative market data/analysis, lucrative business/product development data & design records, research & development data, *inter alia*) is stopped is a key requirement in Rule 23 to assure relief is adequate & the Released Parties discontinue the conduct that led to lawsuit.

4. The Fourth Circuit established in *Allen* that the district court is permitted to allow an Objector to conduct discovery in support of its objections at the settlement stage.

> "[*Fourth Circuit identified the correct party in a class action who has the burden of proof to show the settlement is in fact fair is the party presenting the settlement to the court*]"
> *1988 Trust for Allen Children v. Banner Life Insurance Co.*,
> WL 774731 4th Cir. 2022

*Discovery* at this stage allows the parties to resolve & protect legal claims stemming from the personal & economic injuries the sex trafficking/ racketeering caused while allowing the injured parties an opportunity to assure the current stipulation's terms that grant permission to "modify" the terms of the settlement as reasonably necessary will actually stand up to the test of resolving these claims for damages from the anti-trade practices of the racketeering.

> see *In re General Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.* (3d Cir. 1995) 55 F.3d 768, 814, [*court should be wary before approving a settlement of a class action in its early stages*]

5. Objector raised a classwide objection of discriminatory *bias* in class counsels' representation of the class. Doe #7 also argues that there is a potential for fraud involving claims administration, straw victims/claims (i.e. fake claims being submitted & processed to divert monetary compensation to persons who were not injured by the underlying sex trafficking & racketeering but who will receive money from this settlement). Granting discovery at this stage of settlement will allow this claim of potentially fraudulent & discriminatory claims acceptance to be addressed prior to settlement.

Arguing that class counsel was in *collusion* with the Claims Administrator/litigating parties to prevent a subset of the class from establishing their legal claims for economic & personal injuries, Objector requests permission to conduct discovery to review the demographics/claims of potential class members class counsel were declared as having provided directly to the Claims Administrator (see Declarations of the Claims Administrator Dkt#231).

Because Class counsel compiled this data & directly transferred it to the Claims Administrator, & then submitted an Endorsed Letter to the Court (see Dkt #249 Endorsed Letter) requesting permission to allow a late claim submission while failing to respond to Doe #7's communications since July 2023 to provide *any* claims submission instructions or include the contact information for the large, legitimate subset of injured members of the class that Doe #7 contacted class counsel directly to provide current & proper contact information for, Doe #7 argues discovery will support her objections that class counsel violated its fiduciary duties to provide inadequate representation to the a large subset of the class.

> "[*Class counsel owes a fiduciary duty to putative class members vis-à-vis the issues in the class action*]". *Schick v. Berg*, No. 03 Civ. 6513 (LBS), 2004 WL 856298, at *6 (S.D.N.Y. April 20, 2004)

6. Objector argues for permission to conduct discovery to analyze the work the attorney's completed (including negotiations to determine the proposed settlement reasonable). The court's Preliminary Approval of Settlement granted "*sweetheart*" settlement terms to the litigating parties; indicating the court's collusion with the litigating parties when such settlements are highly disfavored by the appellate courts & Doe #7 raised a the existence of an unwaived conflict of interest affecting the presiding judicial officer's decisionmaking.

Without fully & fairly addressing or protecting the subset's unique claims for economic injuries stemming from the Bank(s)' history of racketeering to assure adequate relief is provided, no relief is provided to prohibit the Released Parties from continuing their wrongdoing & causing injury to the affected members of the class by misappropriating ultra lucrative intellectual property; or to discontinue the Defendant(s) profiting from this unique facet of the sex trafficking & racketeering. Discovery will allow full and fair review of the profits earned & estimated to be earned over the life of the company to determine appropriate terms of relief via this settlement.

> "[*reversal of the district court's approval of a $2 million class settlement that provides for $950,000 in attorneys' fees; with $864,115 split among **4,681 proposed class** dancers. ...The 9th Circuit sides with objectors who called the deal a "pittance given what we're entitled." And found the disparity and a "clear-sailing" provision to be an indicator of collusion between the parties; thus, grounds for rejecting the settlement that the district court erred when it ignored the Objections*]".
>
> *Roes v SFBSC Management, LLC* No. 17-17079, 2019 WL 6721190 Ninth Circuit

7. Arguing for discovery to uncover the profits that are a significant & lucrative extension of the sex trafficking/racketeering diverted as part of the abusive/retaliatory targeting of the subset (& their business ventures or careers) to divert profits & credit owed to them to the Released Parties (& the other unjoined Defendants who are often simply referred to as "prominent" or "powerful" persons) in order to coerce the injured parties into sex work or silence, this court must grant permission to conduct discovery to resolve these claims before settlement.

8. Because this ultra lucrative facet of the racketeering & its ongoing profits were not discussed during settlement negotiations, Doe #7 argues that presenting adequate class relief requires the the granting of discovery to assure prominent Defendant(s) aren't allowed to quickly settle the claims of the class while continuing to reap the profits of its racketeering. *Moses*

> *"[Second Circuit vacated settlement asserting the district court erred when assessing the fairness of a settlement when it failed to consider the $1.25 million fee award that provided roughly $395,000.00 to satisfy the cash claims of approximately 876,000 potential class members. Id. at 241. ...The court instructed the district court to apply the correct standard by "taking into account . . . the terms of [the] proposed award of attorney's fees" when assessing whether the overall settlement was reasonable on remand . Fed. R. Civ. P. 23(e)(2)(C)(iii)]".*
> *Moses v. New York Times, Co. 79 F.4th 235 (2d Cir. 2023)*

9. Objector asks this court to grant *discovery* of:

**A.     The Class Counsel's Attorney Work logs for ANY & ALL work it has conducted in the instant action(s) it has requested compensation for;** This includes, but is not limited to, ALL of class counsels' work logs indicating which attorneys worked on the case, on what dates & what tasks they completed, the number of hours each attorney worked on any & all specific tasks they're requesting compensation for including records/data from any investigative work class counsel completed in support of this class action lawsuit, record of ALL documents filed/served/produced on behalf of the Class & Doe #1 in the instant action (this includes, but is not limited to, any subpoenas, motions, letters, mediation records & general interviews with any parties/non-parties), Deposition records (including transcripts, video/audio files in electronic format; including data explaining the number of hours/days worked on each deposition), record of any & all communications between firms, attorneys, witnesses, class members, investigators & the defendant parties prior to filing the lawsuit and throughout the entire process of litigation in the court that Class Counsel has included as work it should be compensated for.

**B.  ANY & ALL Claims Administration records/work logs the Claims Administrator(s) seeks compensation for;** This includes, but is not limited to, ANY & ALL of the records from Omni Agent (including contract for services with the Claims Administrator, Instructions for Claims Management, Claim Forms received, Records of IP Address & Timestamp data linked to each Claim Form Submitted, and other similar detailed records of claims submissions & transmittal), Copy of the Excel file with potentional class members Lelchuk declared was provided to the Claims Administrator by Class Counsel, record of ANY & ALL claims submitted via the Settlement Website "https://www.epsteinssfjpm.com/", ANY & ALL record of communications between the Claims Adminstrator(s), Class Counsel, Omni Agent & any indvidual claimant including Doe #1; ANY & ALL record of work done to review/manage/approve or deny claims received, Copy of Claims Review Protocols, Criteria & Procedures for approval/denial; ANY & ALL record of work done on previous Epstein Litigation the Claims Administrator asserts qualifies her to work on this case where Doe #7 has raised objections arguing a conflict of interest exists with Lelchuk based on her previous maladministration of settlement funds in a Epstein Litigation.

**C.  ANY & ALL Records for previous work & investigations done on any Epstein Litigation that Class Counsel declared was relevant in certifying them as qualified/competent to represent the class in the instant action(s) in their brief titled** *Joint Declarations of David Boies & Bradley Edwards in Support of Motions for 1) Final Approval of Class Action Settlement and Approval of Plan of Allocation and 2) An Award of Attorney's Fees & Expenses* (hereafter and at times "joint declarations" or "attorneys' declarations") . This includes, but is not limited to, record of ANY & ALL client contracts with their previous clients (referred to hereafter & at times as "Epstein Survivors"), investigative records (including any private investigation services/records), work logs, names & work related data including contact information for any attorneys who helped class counsel in their prior representation of these Epstein Survivors, ANY & ALL claim settlement records in the related but separate litigation (referred to hereafter as "Epstein Litigation") the class counsel referenced in its joint declarations as evidence of its competence to represent the class, ANY & ALL records that would disclose demographical information & class counsel's relationship to or with the Epstein Survivors the class counsel declared it has represented in Epstein Litigation.

D. **ANY & ALL records or data in the possession of the Defendant Bank(s) that explain the profits/benefits earned or forecasted to be earned through its racketeering & sex trafficking.** This includes, but is not limited to, permission to conduct *discovery* through phases beginning with permission to serve the Defendant Bank(s) with Interrogatories, then conducting of depositions, inspection of business records of the Bank(s), interview their associates, clients, subsidiaries or partners who are or may be identified through *discovery* as persons/entities who participated in, profited/benefitted from the sex trafficking & racketeering that is the subject of this class action.

## CONCLUSION

The 7th Circuit held in *Reynolds* that the district court owes a fiduciary duty to the class.

> "[noting that various courts "have gone so far as to term the district judge in the settlement phase of a class action suit a fiduciary of the class" and he is to apply "the high duty of care that the law requires of fiduciaries]"
>
> *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 280 (7th Cir. 2002)

With the district court owing fiduciary duty to the class, the Objector asks the court to

A. Grant the Objecting Party permission to conduct discovery.

B. Set a timeframe for discovery to be conducted that respectfully allows an appropriate amount of time for Objector Doe #7 to draft & serve subpoenas, interrogatories and any related motions that may arise; receive & review the responsive materials discovery will obtain; & then conduct any additional phases of discovery that may be necessary to properly ascertain what profits were made, damages incurred & the estimated future of these profits or damages in order develop adequate terms of relief to be structured into proposed settlement reached in this class action.

With the Objections raised & this motion for discovery, the Objector seeks to improve classwide terms of settlement to fully & finally resolve the underlying legal claims against the Defendant Parties. Doe #7 asks the court to uphold its fiduciary duty to the class & grant discovery for these reasons.

Dated: 11/2/2023

Submitted by:
s/Jane Doe #7 (seven)
(Redacted for Anonymity)
USPS Service Address & Phone Number Redacted   janedoenumberseven@gmail.com

CASE NUMBER:                                          1:22-CV-10019 (JSR)

## CERTIFICATE OF SERVICE

The undersigned certifies she electronically filed the foregoing

**Objector's (Doe #7) Motion for Permission to Conduct *Discovery***

via the ECF system for the Southern District of New York, thus effecting service on all attorneys registered for electronic filing.

Causing a copy of the foregoing Objector's (Doe#7) Motion for Permission to Conduct Discovery to be served to class counsel & the attorneys in the record as follows & determined by the State's ECF system:

*class counsel*:
David Boies dboies@bfsllp.com; Bradley Edwards brad@epllc.com; Alexander Law alaw@bfsllp.com; Daniel Crispino dcrispino@bfsllp.com ;

Andrew Villacastin AVillacastin@bsfllp.com

**Attorney for the Government of the US Virgin Islands:**
David Ackerman dackerman@motleyrice.com

**Attorneys for Duetsche Bank Aktiengesellschaft, et al:**
Andrew Cashmore andrew.cashmore@friedfrank.com
Lisa H. Bebchick Lisa.Bebchick@ropesgray.com
Michael Ardeljan Michael.Ardeljan@ropesgray.com
Kathryn E. Caldwell kathryn.caldwell@ropesgray.com
Andrew Simon Todres andrew.todres@ropesgray.com
David B. Hennes david.hennes@ropesgray.com
James P. Dowden james.dowden@ropesgray.com

**Attorneys for JP Morgan Chase Bank, N.A., et al:**
Boyd Milo Johnson, III boyd.johnson@wilmerhale.com
Felicia H. Ellsworth felicia.ellsworth@wilmerhale.com
Robert Lee Boone robert.boone@wilmerhale.com
Andrew H. Schapiro andrewschapiro@quinnemanuel.com

Dated: 11/02/2023

s/Jane Doe #7 (seven)
redacted for Anonymity
USPS Service Address Redacted
Electronic Mail Address Redacted
Phone Number Redacted

janedoenumberseven@gmail.com
(provided as general email for purposes of identity protection)