UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jane Doe 1, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>   v.<br><br>JPMorgan Chase Bank, N.A.,<br><br>   Defendant. | Case No. 1:22-CV-10019 (JSR) |

**RESPONSE TO OCTOBER 19, 2023, LETTER FROM ATTORNEYS GENERAL**

BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
Fax: (212) 446-2350

EDWARDS HENDERSON LEHRMAN LLC
425 N. Andrews Ave., Suite 2
Fort Lauderdale, FL 33301
Telephone: (954) 524-2820

*Counsel for Class Representative Jane Doe 1 and the Class*

Pursuant to the Court's October 23, 2023, order, Class Counsel respectfully submits this response to the issues raised in the October 19 submission signed by various state Attorneys General. ECF No. 248. We note at the outset that CAFA provides the Attorneys General the right to comment and express their concerns. They are not parties, and they have no right to consent or object.

As Class Counsel explained at the June 26, 2023, Preliminary Approval hearing, the Settlement's release, as it relates to any future claim brought by a state Attorney General, is "limited to damages collected or sought to be collected on behalf of a member of the class." Nothing in the Settlement is "intended to, and I don't think we have the power to, influence what [the] Virgin Islands or what any other sovereign does in its sovereign capacity." June 26 Hearing Tr. at 7:14–18. JPMorgan's counsel agreed with this explanation on the record. *Id*. at 8:18–22. The Settlement therefore does not, as the Attorneys General claim, "release a government's claims for relief to vindicate sovereign or quasi-sovereign interests belonging to a state or government" in any way. ECF No. 248-1 at 3.

The Attorneys General take issue with what they say is a release of "*parens patriae* claims for victim-specific relief." *Id*. at 4. However, the materials cited by the Attorneys General show that the purpose of permitting any *parens patriae* claims was to address situations where the rights of victims to recovery were not being addressed. That is not the case here. There is not any indication that any right the Attorneys General might have could trump the ability of victims to settle their own claims for damages. To the extent that victims might be entitled to compensation both in actions brought in their own name and in a *parens patriae* action, it does not seem to be in their interest (or, perhaps, even consistent with due process) to deprive them of the right to maximize the amount of the former now rather than depend on the uncertainty of the latter some

1

possible time in the future.

We note that although Epstein's victimization of the Plaintiffs has been public for 15 years and Class Counsel brought public actions against Epstein and his collaborators more than eight years ago, none of these Attorneys General has of yet commenced a *parens patriae* action on their behalf, let alone an action against this Defendant.  (To the extent that the Attorneys General have a sovereign or quasi-sovereign right to recover money that would not be paid over to the victims, the Settlement clearly does not affect that right).

Moreover, when counsel for the USVI raised this argument at preliminary approval, the Court expressed skepticism over a state's potential ability to recover for victim-specific injuries in addition to what will be recovered in this Settlement and the one in the *Deutsche Bank* case.  June 26 Hearing Tr. at 10:5–6 ("I don't understand why that would in practical terms make any sense."). The amounts paid by Defendant and Deutsche Bank, as well as the amounts previously paid by Epstein and his Estate, would certainly be asserted as setoff defenses in any possible future action on behalf of Plaintiffs.  How undesirable, and unjust, it would be to reduce what the Plaintiffs receive now in order to confirm a hypothetical right that might never result in any future recovery.

In any event, the Settlement's language limiting any release "to the maximum extent allowable under law," ECF No. 181-1 § 1.25, renders the Settlement completely unobjectionable at this time.  Section 1.25 makes clear that to the extent Attorneys General have any rights beyond those the victims are entitled to settle, those rights are preserved.  Any disputes as to the scope and enforceability of the release as currently proposed can be taken up at a future date in the context of any possible future state Attorney General action.  *See* June 26 Hearing Tr. at 8:23–9:3 (JPMorgan counsel: "I would also note that it says to the maximum extent permitted by law, so we baked in there the idea that to the extent there is some argument that a sovereign like Mr.

2

Narwold's client or anyone else would make at the appropriate time about this release were it to be proffered against them, that would be the time to interpret it."). We respectfully submit that it would not serve the interests of Epstein's survivors, or of the Justice System, to delay and renegotiate a huge recovery that those survivors need and overwhelmingly want simply in order to reaffirm Attorney-General rights that have not been exercised, that given the passage of time and other recoveries may never be exercised, and which to the extent they exist are not affected by the Settlement.

For the foregoing reasons, the Attorneys General's letter provides no valid reason to deny or delay meaningful immediate relief to the many victims, including possible victims in their states, who stand to recover should the Court grant final approval.

Dated: November 6, 2023

Respectfully submitted,

/s/ David Boies

David Boies
Andrew Villacastin
Sabina Mariella
Alexander Law
Boies Schiller Flexner LLP
55 Hudson Yards
New York, NY
Telephone: (212) 446-2300
Fax: (212) 446-2350
Email: dboies@bsfllp.com
Email: avillacastin@bsfllp.com
Email: smariella@bsfllp.com
Email: alaw@bsfllp.com

Sigrid McCawley (*pro hac vice*)
Daniel Crispino (*pro hac vice*)
Boies Schiller Flexner LLP
401 E. Las Olas Blvd. Suite 1200
Fort Lauderdale, FL 33316
Telephone: (954) 356-0011
Fax: (954) 356-0022

Email: smccawley@bsfllp.com
Email: dcrispino@bsfllp.com

Bradley J. Edwards
Edwards Henderson Lehrman
425 N. Andrews Ave., Suite 2
Fort Lauderdale, FL 33301
Telephone: (954) 524-2820
Fax: (954)-524-2822
Email: brad@cvlf.com

Brittany N. Henderson
Edwards Henderson Lehrman
1501 Broadway
Floor 12
New York, NY
Telephone: (954) 524-2820
Fax: (954) 524-2820
Email: brittany@cvlf.com

*Counsel for Class Representative Jane Doe 1 and the Class*