UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jane Doe 1, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>      v.<br><br>JPMorgan Chase Bank, N.A.,<br><br>   Defendant. | Case No. 1:22-CV-10019 (JSR) |

**RESPONSE IN OPPOSITION TO OBJECTOR'S (JANE DOE 7'S) MOTION FOR PERMISSION TO CONDUCT DISCOVERY**

BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
Fax: (212) 446-2350

EDWARDS HENDERSON LEHRMAN LLC
425 N. Andrews Ave., Suite 2
Fort Lauderdale, FL 33301
Telephone: (954) 524-2820

*Counsel for Class Representative Jane Doe 1 and the Class*

Class Representative Jane Doe 1 ("Class Representative") respectfully submits this response in opposition to Objector's (Jane Doe 7's) Motion for Permission to Conduct Discovery, ECF No. 259. Because Jane Doe 7's underlying objections to the settlement agreement lack any potential merit, the Court should deny her motion for discovery.[1]

I. **INTRODUCTION**

As the Court is well aware, a historic, globally publicized $290 million settlement agreement for the survivors of Jeffrey Epstein is pending before the Court for final approval. With the deadlines now passed, there are no opt-outs and only two people submitted objections. Comparatively, 189 individuals submitted claims, and many of whom have expressed their strong support for the Settlement. *See* ECF 256-2, Comp. Ex. B.

While the overwhelming majority of the class supports the settlement, Jane Doe 7 (and one other person) have filed objections. As Class Representative, Jane Doe 1 has previously responded in detail to Jane Doe 7's objection. *See* ECF No. 256. As explained earlier, Jane Doe 7's objection is unsubstantiated and meritless. *Id.* at 3–12. Among other things, Jane Doe 7 has a history of meritless filings—including meritless filings in Epstein-related cases. *Id.* at 3–5. In addition, Jane Doe 7 has filed to properly file a claim and establish her membership in the class. *Id.* at 6. Jane Doe 7 has also filed to credibly allege grounds for the Court to reject the settlement. *Id.* at 8. And Jane Doe has also failed to provide any plausible argument against the proposed attorneys' fees in this case. *Id.* at 10.

Notably, on October 20, 2023, the Court rejected Jane Doe 7's similar objections in the related *Deutsche Bank* case and granted Final Approval of the Settlement and Class Counsel's

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the opening brief in support of motion for final approval.

request for fees and expenses. *Doe 1 v. Deutsche Bank Aktiengesellschaft, et al.*, 22-cv-02854-JSR (S.D.N.Y.) (Rakoff, J.), ECF Nos. 121–122.

Jane Doe 7's meritless objections here form the backdrop for the pending motion for discovery. In the interest of brevity, Jane Doe 1 incorporates by reference her earlier responses to Jane Doe 7's objections here.  ECF No. 256 at 3–12.

## II. THE COURT SHOULD DENY JANE DOE 7'S MOTION FOR PERMISSION TO CONDUCT DISCOVERY.

A district court enjoys "considerable discretion" in reviewing an objector's request for discovery regarding a proposed class action settlement. *See Hertzberg v. Asia Pulp & Paper Co.*, 197 F. App'x 38, 2006 WL 2641582, at *2 (2nd Cir. 2006) (internal quotation omitted).  Often there is little need for discovery.  As the leading treatise on class actions explains, "[g]iven modern technology, much of what class members may wish to see is available to them without formal discovery: settling parties typically hire a settlement administrator that posts the critical documents in the case at a settlement Web site; moreover, most, if not all, filed documents in a federal case will be available, at small charge, on PACER, the federal courts' information Web site."  4 NEWBERG AND RUBENSTEIN ON CLASS ACTIONS § 13:32 (6th ed.) (discovery by objectors).

The criteria relevant to the Court's decision whether to permit objectors to conduct discovery are "the nature and amount of previous discovery, reasonable basis for the evidentiary requests, and number and interests of objectors." *In re Domestic Air Transp. Antitrust Litig.,* 144 F.R.D. 421, 424 (N.D. Ga. 1992) (citing Newberg treatise).  Where "the evidence submitted in support of the settlement is the result of truly adversarial proceedings and where the 'comprehensiveness' of the records developed by the proponents increases, the objector has a greater burden to show the necessity of additional evidence." *Hemphill v. San Diego Ass'n of Realtors, Inc.*, 225 F.R.D. 616, 620 (S.D. Cal. 2005); *see also In re Lorazepam & Clorazepate*

*Antitrust Litig.*, 205 F.R.D. 24, 27 n.5 (D.D.C. 2001) (extensive prior discovery weighs against movants' request for further discovery). In addition, where the objector represents only a small percentage of the class, "the likelihood of the court granting their discovery requests decreases because the court will give great weight to the interests of the majority of the class members." *Hemphill*, 225 F.R.D. at 620.

Here, because Jane Doe 7's objections to the proposed settlement lack any basis, her motion for discovery in support of those meritless objections should likewise be rejected. The discovery will serve no purpose. And allowing discovery has the potential to delay proceedings in a situation where the overwhelming majority of the victims support the settlement.

While little more needs to be said in opposition to the discovery motion, Jane Doe 1 will briefly respond to the four areas of discovery that Jane Doe 7 proposes. *See* ECF No. 259 at 5-6.

A. *Class Counsel's "Work Logs"*

Jane Doe 7 proposes that she be permitted discovery into what she calls attorney "work logs" in this case. ECF No. 259 at 5. Jane Doe 7 points to no authority entitling her to review Class Counsel's billing records, and Class Counsel has already provided their timesheets to the Court for *in camera* review. Because the Court will already be reviewing counsel's hours in this case, there is no need for further, duplicative review.

B. *Claims Administrator "Work Logs"*

Jane Doe 7 next proposes that she be permitted various records associated with the Claims Administrator in this case. ECF No. 259 at 6. Because her description is confusing, it is difficult to determine precisely which records Jane Doe 7 seeks. But what is clearly missing from Jane Doe 7's request is any particularized need to review the records. The Court has previously reviewed the Claims Administrator's hourly rate and found them to be reasonable, which "was one of the

factors" that led to her appointment.  ECF No. 187, at 3; *see also Doe 1 v. Deutsche Bank Aktiengesellschaft, et al*, 22-cv-10018, (S.D.N.Y.) (Rakoff, J.), ECF No. 87.  Jane Doe 7 has not alleged that, in the context of administering a historic $290 million settlement, such a rate could be unreasonable.  Accordingly, no need exists for further review of the underlying records (which would, in itself, presumably generate further costs).

    C.  *Records Regarding Previous Epstein Litigation*

Jane Doe 7 also proposes discovery regarding Class Counsel's records regarding previous investigations regarding Epstein survivors.  ECF No. 259 at 6.  Here again, Jane Doe 7 has not offered any reason for believing that these records would have any substantial bearing on the issues currently pending before the Court.  Indeed, Jane Doe 7 has not raised any valid objection to the competence of Class Counsel, which achieved a historic settlement in this case.

    D.  *Records Regarding Benefits Earned by the Defendant Bank(s) Through Sex Trafficking*

Finally, Jane Doe 7 requests permission "to conduct discovery through phases beginning with permission to serve the Defendant Bank(s) with Interrogatories, then conducting of depositions, inspection of business records of the Bank(s), interview their associates, clients, subsidiaries or partners who are or may be identified through discovery as persons/entities who participated in, profited/benefitted from sex trafficking & racketeering that is the subject of this class action."  ECF No. 259 at 7.  In other words, Jane Doe 7 essentially proposes to re-do this entire case.  As the Court is well aware from presiding over this matter for nearly a year, these subjects have been the subject of hotly contested discovery between Class Counsel and opposing counsel.  Indeed, Class Counsel's efforts have already secured 107,785 documents in this matter, which have been considered as part of reaching the settlement case.  ECF No. 236 at 21.  Jane Doe

4

offers no specific reason for thinking that reploughing the same terrain will produce anything new or useful.

### III.     CONCLUSION

The $290 million Settlement is an excellent recovery for the Class and will deliver life-changing money to the survivors of Jeffrey Epstein.  Jane Doe 7 has offered no reason to believe that further discovery could change that conclusion.  And her request for discovery could cause unwarranted delay in approval of that Settlement.  Accordingly, the Court should deny her motion for discovery.

Dated:  November 7, 2023

Respectfully submitted,

/s/ David Boies

David Boies
Andrew Villacastin
Sabina Mariella
Alexander Law
Boies Schiller Flexner LLP
55 Hudson Yards
New York, NY
Telephone: (212) 446-2300
Fax: (212) 446-2350
Email: dboies@bsfllp.com
Email: avillacastin@bsfllp.com
Email: smariella@bsfllp.com
Email: alaw@bsfllp.com

Sigrid McCawley (*pro hac vice*)
Daniel Crispino (*pro hac vice*)
Boies Schiller Flexner LLP
401 E. Las Olas Blvd. Suite 1200
Fort Lauderdale, FL 33316
Telephone: (954) 356-0011
Fax: (954) 356-0022
Email: smccawley@bsfllp.com
Email: dcrispino@bsfllp.com

Bradley J. Edwards

5

Edwards Henderson Lehrman
425 N. Andrews Ave., Suite 2
Fort Lauderdale, FL 33301
Telephone: (954) 524-2820
Fax: (954)-524-2822
Email: brad@cvlf.com

Brittany N. Henderson
Edwards Henderson Lehrman
1501 Broadway
Floor 12
New York, NY
Telephone: (954) 524-2820
Fax: (954) 524-2820
Email: brittany@cvlf.com

*Counsel for Class Representative Jane Doe 1 and the Class*