# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Jane Doe 1, individually and on behalf of
all others similarly situated,

    Plaintiff,

        v.

JPMorgan Chase Bank, N.A.,

    Defendant.

Case No. 1:22-CV-10019 (JSR)

**[PROPOSED] ORDER AND FINAL JUDGMENT**

WHEREAS, on the 9th day of November, 2023, this Court held a hearing to determine: (1) whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation of Settlement dated June 22, 2023 (the "Stipulation") is fair, reasonable, and adequate to the Class and should be approved by the Court; (2) whether a Judgment, as provided in ¶ 1.14 of the Stipulation, should be entered; (3) whether the proposed Plan of Allocation, as described in the Stipulation and Notice, should be approved; (4) whether and in what amount to award Class Counsel in fees and costs, charges, and expenses; and (5) whether and in what amount to award Class Representative its costs and expenses in representing the Class;

WHEREAS, the Court has considered all matters submitted to it at the hearing and otherwise;

WHEREAS, it appears that a notice of the hearing substantially in the form approved by the Court on June 29, 2023 (the "Notice") was provided to all individuals, reasonably identifiable, who were harmed, injured, exploited, or abused by Jeffrey Epstein, or by any person who is connected to or otherwise associated with Jeffrey Epstein or any Jeffrey Epstein sex trafficking venture, from January 1, 1998, to August 10, 2019, inclusive, as shown by the records compiled by Class Counsel and provided to the Claims Administrator in connection with its providing of the Notice, at the respective addresses or email addresses set forth in such records, and that a Summary Notice of the hearing substantially in the form approved by the Court on June 29, 2023 was published pursuant to the Order Preliminarily Approving Settlement and Providing for Notice (the "Preliminary Approval Order") as set forth in the Declaration of Simone K. Lelchuk;

WHEREAS, the Court has considered and determined the fairness and reasonableness of the award of attorneys' fees and costs, charges, and expenses requested by Class Counsel and the request for Class Representative's costs and expenses; and

WHEREAS, all capitalized terms not otherwise defined herein having the meanings set forth and defined in the Stipulation.

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1.      This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Class Members.

2.      The Court hereby certifies, for the purposes of the Settlement only, this Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Class consisting of all persons who were harmed, injured, exploited, or abused by Jeffrey Epstein, or by any person who is connected to or otherwise associated with Jeffrey Epstein or any Jeffrey Epstein sex trafficking venture, from January 1, 1998, to August 10, 2019, inclusive, including, but not limited to: (1) individuals under the age of 18 who engaged in sexual contact with Epstein and/or a person connected to or otherwise associated with Epstein, and received money or something else of value in exchange for engaging in that sexual contact (even if the sexual contact was perceived to be consensual); (2) individuals aged 18 or older who were forced, coerced, or defrauded into engaging in sexual contact by Epstein and/or anyone connected to Epstein or otherwise associated with Epstein by, for example, using physical force, threatening serious harm or legal action, making a false promise, or causing them to believe that not engaging in sexual contact would result in serious harm, and who received money or something else of value in exchange for engaging in that sexual contact; (3) individuals of any age with whom Epstein, and/or a person connected to or otherwise associated with Epstein, engaged in sexual contact without consent (even if the sexual contact was perceived to be consensual provided that the individual was under the age of 18 at the time of engaging in that contact); and (4) individuals falling into examples (1)-(3) where the sexual contact occurred prior to January 1, 1998, who

3

were harmed during the Class Period by the alleged obstruction of any government investigation or were otherwise harmed by Epstein's conduct or were prevented within the Class Period from contacting law enforcement or otherwise seeking help by Epstein and/or anyone connected to Epstein or otherwise associated with Epstein by, for example, physical force, the threat of serious harm or legal action, or making a false promise.

       3.      Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that:

       (a)      in light of the benefits to the Class and the complexity and expense of further litigation, the Stipulation and the Settlement described therein, are, in all respects, fair, reasonable, and adequate and in the best interest of the Class;

       (b)      Class Representative and Class Counsel have adequately represented the Class;

       (c)      there was no collusion in connection with the Stipulation;

       (d)      the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel;

       (e)      the relief provided for the Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class Members' Claims, (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Federal Rule of Civil Procedure 23(e)(2);

       (f)      the proposed Plan of Allocation, as described in the Stipulation and Notice, treats Class Members equitably relative to each other; and

       (g)      the record is sufficiently developed and complete to have enabled Class

Representative and Defendant to have adequately evaluated and considered their positions.

4. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. The Court hereby dismisses the Litigation and all Released Claims with prejudice. The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

5. The releases as set forth in ¶¶ 4.1 – 4.3 of the Stipulation (the "Releases"), together with the definitions contained in ¶¶ 1.1 – 1.34 relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date.

6. Upon the Effective Date, and as provided in ¶ 4.1 of the Stipulation, the Released Plaintiff Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims and shall forever be barred and enjoined from asserting, commencing, instituting, prosecuting, continuing to prosecute, or maintaining in any court of law or equity, arbitration tribunal, or administrative forum any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties, whether or not such Released Plaintiff Parties shares in the Global Settlement Amount. Nothing in the Stipulation or this Judgment shall be construed as limiting, modifying, or otherwise affecting any insurance coverage or policies that may be available to any of the Released Defendant Parties. Any individual claims by any Class Member against any natural person who is a Released Defendant Party for any alleged sexual assault committed by that natural person against any Member of the Class are not released. For the avoidance of doubt, nothing contained in this Stipulation of Settlement shall constitute a release of any of the Class Members' claims against any natural person who sexually abused them.

7.      Upon the Effective Date, and as provided in ¶ 4.2 of the Stipulation, each of the Released Defendant Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendant's Claims against the Released Plaintiff Parties.

8.      The Notice of Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including the individual Notice to all Members of the Class who could be identified through reasonable effort.  The Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the constitutional requirements of Due Process, and any other applicable law.  No Class Member is relieved from the terms of the Settlement, including the Releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to Class Members to object to the proposed Settlement and to participate in the hearing thereon.  The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged and that the statutory waiting period has elapsed. Thus, the Court hereby determines that all Class Members are bound by this Judgment.

9.      The Court hereby finds that the proposed Plan of Allocation, as described in the Stipulation and Notice, is fair, reasonable, and adequate.  A separate order shall be entered regarding Class Counsel's application for an award of attorneys' fees and expenses.  Any order or proceeding relating to the Plan of Allocation or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered

separate from this Judgment.

10.     By February 9, 2024, and every 90 days thereafter to the extent distributions have

not been completed, the Claims Administrator shall provide to the Court, *ex parte*, a confidential

letter report, redacted to maintain the confidentiality and privacy of Participating Claimants, of

the allocated amount for each Participating Claimant made in the preceding 90-day period.

11.     Any appeal or any challenge affecting this Court's approval regarding any

attorneys' fee and expense applications shall in no way disturb or affect the finality of the other

provisions of this Judgment nor the Effective Date of the Settlement.

12.     Neither this Judgment, the Stipulation, the Settlement contained therein, nor the

prior agreement made and entered by and between Class Representative on behalf of herself and

each Class Member, by and through her counsel of record in the Litigation, and Defendant, by

and through its counsel of record in the Litigation, dated June 11, 2023, nor any act performed or

document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is, or

may be deemed to be, or may be used as an admission of, or evidence of, the validity of any

Released Claim, or of any liability, negligence, fault, or other wrongdoing of the Released

Defendant Parties, or (b) is, or may be deemed to be, or may be used as an admission of, or evidence

of, any fault or omission of the Released Defendant Parties in any civil, criminal, or

administrative proceeding in any court, administrative agency, or other tribunal. Released

Defendant Parties may file the Stipulation and/or the Judgment from this Litigation in any other

action in order to support a defense or counterclaim based on principles of *res judicata*, collateral

estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim

preclusion or issue preclusion or similar defense or counterclaim.

13.     The Court finds that Defendant has satisfied its financial obligations under the

Stipulation by paying or causing to be paid $290,000,000 to the Qualified Settlement Fund, in accordance with ¶ 2.2 of the Stipulation.

14.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over Defendant, Class Representative, and Class Members for all matters relating to the administration, interpretation, effectuation, or enforcement of the Stipulation and this Judgment, including administering and distributing Settlement proceeds to the Class Members.

15.     The Court finds that Jane Doe 1, Class Counsel, Defendant, and Defendant's Counsel each complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the Litigation.

16.     The Settling Parties are hereby authorized, without further approval of the Court, to unanimously agree to and adopt in writing amendments, modifications, and expansions of the Stipulation, provided that such amendments, modifications, and expansions of the Stipulation are not materially inconsistent with this Judgment, and do not materially limit the rights of the Class Members under the Stipulation.

17.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18.     This Litigation and all Released Claims are dismissed with prejudice.  The parties are to bear their own costs, except as otherwise agreed to in writing by the Settling Parties or as otherwise provided in the Stipulation or this Judgment.

19.     There is no reason for delay in the entry of this Judgment and the Court expressly directs immediate entry of this Judgment by the Clerk of the Court.


        IT IS SO ORDERED.

DATED: 11/13/23

THE HONORABLE JED S. RAKOFF
UNITED STATES DISTRICT JUDGE