

David E. McCraw
Senior Vice President
& Deputy General Counsel

T 212 556 4031
mccraw@nytimes.com

620 8th Avenue
New York, NY 10018
nytimes.com

February 27, 2024

**VIA ECF**

The Honorable Jed S. Rakoff
U.S. District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *Doe v. JPMorgan Chase & Co.*, No. 1:22-cv-10019 (JSR) —
Request for Unsealing of Filed Deposition Testimony

Dear Judge Rakoff:

I write on behalf of The New York Times Company ("The Times") to request the unsealing of certain deposition testimony that has been filed with the Court as part of motion practice in the above-referenced matter. Specifically, The Times seeks to unseal excerpts from the March 3, 2023, deposition of Plaintiff Jane Doe 1, which have been submitted on the docket as exhibits related to motions for class certification and summary judgment.[1] *See* Dkts. 123-40; 142-2; 212-57.[2]  In deference to their

---

[1] The Second Circuit and this Court specifically have consistently held that third-party news organizations have standing to intervene for the purpose of seeking access to judicial records and proceedings. *See In re Application of Dow Jones & Co.*, 842 F.2d 603, 608 (2d Cir. 1988) (allowing media intervention to challenge trial gag order); *Diversified Grp. v. Daugerdas*, 217 F.R.D. 152, 157 (S.D.N.Y. 2003) ("[Media outlets] may intervene in this action for the limited purpose of asserting the public's right of access to the sealed documents." (cleaned up)).

[2] The three exhibits at issue are: Decl. of David Boies in Support of Mot. to Certify Class, Ex. 36, ECF 123-40; Reply Decl. in Support of Mot. to Certify Class, Ex. 47, ECF 142-2; Decl. of Felicia H. Ellsworth in Support of Mem. of Law in Opp'n to Mot. for Summary Judgment, Ex. 57, ECF 212-57.

1

privacy interests, The Times is not seeking to unseal the name of Jane Doe or any other victim in this filing.

As this Court knows, this proceeding is a class-action brought by victims of Jeffrey Epstein's sex trafficking network alleging that JP Morgan Chase & Company facilitated and benefited from Mr. Epstein's conduct. Though the case ended in settlement, *see* Order & Final Judgment, ECF No. 284, the class members' interest in the fairness of the settlement persists. Part of that assessment is necessarily understanding the litigation. Unsealing of the excerpts would provide additional insight into not merely Mr. Epstein's abuse of women, but also the powerful people and institutions around him who may have been aware of his activities but failed to intervene. In particular, because Jane Doe 1 was under Mr. Epstein's control from 2006 to 2013 — a longer period than many other victims of his abuse — her testimony is likely to provide a uniquely comprehensive insight into his operation. And given the new and ongoing litigation related to Mr. Epstein's activities, that understanding continues to be salient.[3]

"The notion that the public should have access to the proceedings and documents of courts is integral to our system of government." *United States v. Erie County*, 763 F.3d 235, 238-39 (2d Cir. 2014). "[P]ublic monitoring of the judicial system fosters important values of quality, honesty, and respect for our legal system." *Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 9-10 (1st Cir. 1998) (cleaned up). Equally well-settled under both the First Amendment and the common law is that the "the burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action." *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). Yet no party has made a "particular and specific demonstration of fact showing that disclosure would result in injury . . . sufficient to overcome the presumption of access." *Giuffre v. Maxwell*, No. 15-cv-7433 (S.D.N.Y. Dec. 18, 2023), ECF No. 1315

---

[3] *See, e.g.*, Bensky v. Indyke, No. 24-cv-1204 (S.D.N.Y. Feb. 16, 2024); Matthew Goldstein, *Two of Epstein's Closest Advisers Are Sued by His Victims*, N.Y. Times (Feb. 16, 2024), https://www.nytimes.com/2024/02/16/business/epstein-advisers-lawsuit.html.

(cleaned up) (quoting *DiRussa*, 121 F.3d at 825 & *Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 630 (S.D.N.Y. 2011)).

Jane Doe 1's deposition was also designated confidential pursuant to the Protective Order in this proceeding. *See* Dkts. 123 ¶ 13jj; 142 ¶ 4; 212 ¶ 58. However, "the existence of a protective order covering a document is not, in and of itself, sufficient grounds to seal or redact that document." *In re Keurig Green Mt. Single-Serve Coffee Antitrust Litig.*, No. 14-md-2542, 2023 U.S. Dist. LEXIS 8010, at *36 (S.D.N.Y. Jan. 17, 2023).

1. **The Common Law Right of Access Requires Unsealing**

In analyzing the accessibility of records under the common law, "court[s] must first conclude that the documents at issue are indeed 'judicial documents'" subject to the common law right of access, then "determine the weight of that presumption" of access, and finally "balance [any] competing considerations against it." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

Judicial documents are those "relevant to the performance of the judicial function and useful in the judicial process" — in other words, documents that "would reasonably have the tendency to influence a district court's ruling on a motion or in the exercise of its supervisory powers." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019). "Motions for class certification are judicial documents," *In re Keurig Green Mt. Single-Serve Coffee Antitrust Litig.*, 2023 U.S. Dist. LEXIS 8010, at *29, as is deposition testimony submitted in support of such motions. *See Set Cap. LLC v. Credit Suisse Grp. AG*, No. 18-cv-2268, 2023 U.S. Dist. LEXIS 24257, at *6 (S.D.N.Y. Feb. 13, 2023) ("[T]he documents that Defendants seek to seal and redact are judicial documents because they are relevant to the Court's decisions on the motions for class certification . . . ."); *In re Turquoise Hill Res. Ltd. Sec. Litig.*, No. 20-cv-8585, 2023 U.S. Dist. LEXIS 193435, at *3 (Oct. 27, 2023) ("The parties do not dispute that [portions of a memorandum in support of class certification and an attached declaration] are public records and that there exists a presumption of access to the materials."). Similarly, "documents submitted to a court

for its consideration in a summary judgment motion are - as a matter of law - judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." *Lugosch*, 435 F.3d at 121.

And here, the public interest in disclosure is compelling. "Class actions are by definition of public interest because some members of the public are members of the case, and 'the standards for denying public access to the record' should therefore be strictly construed." *Mazzanti v. Gen. Elec. Co.*, 2017 U.S. Dist. LEXIS 32897, at *2 (D. Conn. Mar. 7, 2017) (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016)). Access to Jane Doe 1's deposition testimony is especially relevant given the plaintiffs' use of this material in support of class certification to explain why Jane Doe 1 is suited to be the class representative. *E.g.*, Pls.' Mot. for Class Cert., Dkt. 122, at 14.

Further, transparency in Epstein-related litigation helps assure the public that the court system is holding to account the powerful figures who played a role in Mr. Epstein's crimes.[4] The public has a vested interest in knowing as fully as possible whether social, financial, or political influence was misused to protect Mr. Epstein and his activities and how the judicial system has responded. This principle was well-reflected in Judge Preska's unsealing of material in a separate proceeding in this district against Ghislaine Maxwell, an associate of Mr. Epstein's.[5] More specifically, some victims of Mr. Epstein's abuse received "carve-outs" from the previous settlement with his estate that allowed them to pursue claims against other powerful men who were complicit in their abuse.[6] Unsealing of these excerpts of Jane Doe 1's testimony may contribute to

---

[4] *See, e.g.*, Jodi Kantor, Mike McIntire & Vanessa Friedman, *Jeffrey Epstein Was a Sex Offender. The Powerful Welcomed Him Anyway.*, N.Y. Times (July 13, 2019), https://nyti.ms/3ODi6Ht.

[5] Matthew Goldstein & Benjamin Weiser, *Unsealed Documents Shed Light on Epstein's Misdeeds, and Little Else*, N.Y. Times (Jan. 3, 2024), https://www.nytimes.com/2024/01/03/nyregion/jeffrey-epstein-court-documents.html; *Giuffre v. Maxwell*, No. 15-cv-7433 (S.D.N.Y.).

[6] Matthew Goldstein, *Epstein's Longtime Accountant Sheds Light on Disgraced Financier's Businesses*, N.Y. Times (Feb. 1, 2024), https://www.nytimes.com/2024/02/01/business/jeffrey-epstein-accountant-testimony.html.

understanding of such provisions and whether all members of the class have been treated equitably.

The most pertinent countervailing interest against unsealing would be "the privacy interests of those resisting disclosure." *Bernstein*, 814 F.3d at 143. But The Times does not seek the name of Jane Doe 1 or any other victim of Mr. Epstein, whose requests for anonymity are understandable. Targeted redaction of their names and other identifying information, rather than wholesale sealing, strikes the appropriate, required balance between the presumption of access and the victims' legitimate privacy interests. *See United States v. Amodeo*, 44 F.3d 141, 147 (2d Cir. 1995).

## 2. The First Amendment Right of Access Independently Requires Unsealing

Independent of the common law, the First Amendment right of access attaches to many kinds of judicial records and provides a further basis for public access. To determine whether the constitutional right attaches, courts first determine whether the materials at issue are judicial documents under the same standard employed by the common law: whether the documents are "relevant to the performance of the judicial function and useful in the judicial process." *Brown*, 929 F.3d at 49. The courts are then instructed to apply the Supreme Court's "experience and logic" test. The experience prong looks to whether the records and processes at issue "have historically been open to the press and general public," while the logic prong examines "whether public access plays a significant positive role in the functioning of the particular process in question." *Press-Enter. Co. v. Super. Ct. of Calif. (Press-Enterprise II)*, 478 U.S. 1, 8 (1986).

Those threshold requirements for triggering the First Amendment right are met because the requested deposition excerpts were filed in support of substantive motions. "The qualified First Amendment right of access applies to documents filed in connection with class certification proceedings." *In re Keurig Green Mt. Single-Serve Coffee Antitrust Litig.*, 2023 U.S. Dist. LEXIS 8010, at *44. "Under the experience and logic test, the mere status of these documents as judicial documents suggests that these documents have historically been open to the public. Moreover,

logic confirms that public access to written documents submitted in connection with pretrial motions seeking substantive action by a court is important both for understanding the judicial system in general and its workings in a particular case." *Tropical Sails Corp. v. Yext, Inc.*, No. 14-cv-7582, 2016 U.S. Dist. LEXIS 49029, at *4 (S.D.N.Y. Apr. 12, 2016) (cleaned up) (addressing sealing of exhibits to class certification motions).

Under the First Amendment analysis, the records cannot be kept from the public "unless specific, on the record findings are made demonstrating that 'closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Press-Enterprise II*, 478 U.S. at 13-14 (quoting *Press-Enter. Co. v. Super. Ct. of Calif.* (*Press-Enterprise I*), 464 U.S. 501, 510 (1984)). Notably, that burden is more stringent than the one imposed by the common law. *Lugosch*, 435 F.3d at 126. And for the same reasons set forth above with respect to the common law right, the First Amendment right of access to the document at issue is not overcome by any countervailing interest. For this reason, these excerpts of deposition testimony should be unsealed under the First Amendment as well as the common law.

We thank the Court for its consideration of this matter.

Respectfully submitted,

*David McCraw*

David E. McCraw