UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE 1, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK AKTIENGESELLSCHAFT, DEUTSCHE BANK AG NEW YORK BRANCH, DEUTSCHE BANK TRUST COMPANY AMERICAS,<br><br>Defendants. | 22-cv-10018 (JSR) |
| JANE DOE 1, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE BANK, N.A,<br><br>Defendant. | 22-cv-10019 (JSR) |

### STIPULATION AND PROP~~OSED~~ ORDER

WHEREAS, this Court appointed Simone Lelchuk as claims administrator (the "Claims Administrator") to supervise and administer the notice procedure and the processing of claims relating to the settlements in *Jane Doe 1 v. Deutsche Bank Aktiengesellschaft, et al.*, No. 22-cv-10018 (JSR) (S.D.N.Y.) (the "DB Settlement") and *Jane Doe 1 v. JP Morgan Chase Bank, N.A.*, No. 22-cv-10019 (JSR) (S.D.N.Y.) (the "JPM Settlement" and, together with the DB Settlement,

the "Settlements") (*see* 22-cv-10018 ("DB Dkt."), ECF No. 95 at ¶6; 22-cv-10019 ("JPM Dkt."), ECF No. 183 at ¶6); and

WHEREAS, the Claims Administrator confirmed to the Court that no requests to be excluded from the Settlements were submitted by the opt-out deadlines (*see* DB Dkt., ECF No. 98-1 at ¶11; JPM Docket, ECF No. 231-1 at ¶12; and

WHEREAS, this Court entered an Order and Final Judgment in each of the above-captioned cases approving the Settlements, directing the entry of Judgment, and retaining jurisdiction over matters relating to the administration and distribution of the proceeds of the Settlements (*see* DB Dkt. ECF No. 122; JPM Dkt. ECF No. 284); and

WHEREAS, "at the final fairness hearings in each of these cases, the Court expressed its intent to exercise a continuing, *ex parte*, oversight role" over the allocation of class funds (*see* DB Dkt. ECF No. 129 at 2; JPM Dkt. ECF No. 290 at 2); and

WHEREAS, pursuant to that confidential process, the Claims Administrator submitted a confidential, *ex parte* report to the Court dated December 14, 2023, and a further confidential report dated January 4, 2024 (*see id* at 2-3); and

WHEREAS, on January 5, 2024, the Court granted the Claims Administrator permission to proceed with distributions to Participating Claimants (*id.*); and

WHEREAS, on October 14, 2024, the defendants (the "Indyke/Kahn Defendants") in a separate pending putative class action, *Danielle Bensky, et ano. v. Darren K. Indyke, et ano.*, No. 24-cv-01204 (AS) (S.D.N.Y.) (the "Indyke/Kahn Action"), served a subpoena on the Claims Administrator (the "Subpoena"), seeking certain information relating to the confidential claims administration process over which this Court has continuing jurisdiction; and

WHEREAS, the Claims Administrator accepted service of the Subpoena subject to the

terms and conditions of this Stipulation, and otherwise objects to the Subpoena and any further production of materials in response to the Subpoena; and

WHEREAS, the Claims Administrator and the Indyke/Kahn Defendants have agreed to a process that will satisfy any obligation to respond or object to the Subpoena by the Claims Administrator at this time, and/or to produce any further information absent further order of this Court, with both parties reserving all rights with respect to seeking any further production of materials and objections to any such requests for production pursuant to the Subpoena;

NOW, THEREFORE, it is stipulated and agreed, subject to the order of the Court, as follows:

1. Pursuant to the Protective Order entered in the Indyke/Kahn Action (*see* 24-cv-01204, ECF No. 64) (the "Indyke/Kahn Protective Order"), counsel to the Indyke/Kahn Defendants have provided to the Claims Administrator a confidential list of 191 individuals (the "Defendants' List") who executed releases in favor of the Estate of Jeffrey E. Epstein and the Indyke/Kahn Defendants.

2. In response to the Subpoena, the Claims Administrator shall undertake the following process:[1]

> **Step 1.** Determine the number of individuals who are not on Defendants' List who submitted a Tier One Form and received a $75,000 payment in the DB Settlement but who did not submit a Tier Two Questionnaire and Release.
>
> **Step 2.** Determine the number of individuals who are not on Defendants' List who submitted a Tier Two Questionnaire and Release (in the DB Settlement)

---

[1] Capitalized terms not otherwise defined in this Stipulation and Proposed Order are as defined in the relevant settlement stipulations filed in connection with the DB Settlement (DB Dkt. 90-1) and JPM Settlement (JPM Dkt. 181-1).

3

and/or a Questionnaire and Release (in the JPM Settlement) and received an Allocated Amount.

**Step 2(a).** Of the individuals identified in Step 2, review the relevant Tier Two Questionnaire and Release and/or Questionnaire and Release for each to determine, if possible, the number of individuals who alleged that all or some of the sexual abuse occurred either: (a) in the State of New York, or (b) on or after November 20, 2013.

**Step 2(b).** Of the individuals identified in Step 2(a), review the relevant Tier Two Questionnaire and Release and/or Questionnaire and Release for each to determine, if possible, the number of individuals who alleged that all or some of the sexual abuse occurred in the State of New York.

**Step 2(c).** Of the individuals identified in Step 2(a), review the relevant Tier Two Questionnaire and Release and/or Questionnaire and Release for each to determine, if possible, the number of individuals who alleged that all or some of the sexual abuse occurred on or after November 20, 2013.

**Step 3.** Determine the number of individuals who are not on Defendants' List who submitted a Tier One Form, Tier Two Questionnaire and Release and/or Questionnaire and Release but were deemed ineligible by the Claims Administrator.

**Step 3(a).** Of the individuals identified in Step 3, review the relevant Tier One Form, Tier Two Questionnaire and Release and/or Questionnaire and Release to determine, if possible, the number of individuals who alleged that all or some of

the sexual abuse occurred either: (a) in the State of New York, or (b) on or after November 20, 2013.

**Step 3(b).** Of the individuals identified in Step 3(a), review the relevant Tier Two Questionnaire and Release and/or Questionnaire and Release for each to determine, if possible, the number of individuals who alleged that all or some of the sexual abuse occurred in the State of New York.

**Step 3(c).** Of the individuals identified in Step 3(a), review the relevant Tier Two Questionnaire and Release and/or Questionnaire and Release for each to determine, if possible, the number of individuals who alleged that all or some of the sexual abuse occurred on or after November 20, 2013.

**Step 4.** Provide the numbers obtained in the foregoing steps (but not the individuals' names), along with any clarifying information arising from the Claims Administrator's review, to the parties in the Indyke/Kahn Action in the form of a declaration of the Claims Administrator's counsel under the confidentiality protections of the Indyke/Kahn Protective Order.

3. The Claims Administrator shall have no further obligation to object or to produce further information in response to the Subpoena absent further order of this Court, consistent with the final Whereas clause set forth above.

4. This Court retains continuing jurisdiction to address or resolve all matters relating to the administration of the Settlements, including any further requests for information from the Claims Administrator (including but not limited to the matters that are the subject of the Subpoena). No other information in the possession of the Claims Administrator shall be disclosed absent further order of the Court.

Dated: October 14, 2024

HUGHES HUBBARD & REED LLP

By: */s/ Daniel Weiner*

Daniel H. Weiner, Esq.
Marc A. Weinstein, Esq.
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Email: daniel.weiner@hugheshubbard.com
Email: marc.weinstein@hugheshubbard.com
Fax: (212) 299-6874
Fax: (212) 299-6460

*Attorneys for Defendant Darren K. Indyke*

PATTERSON BELKNAP WEBB & TYLER LLP

By: */s/ Daniel S. Ruzumna*

Daniel S. Ruzumna, Esq.
Tara J. Norris, Esq.
1133 Avenue of the Americas
New York, New York 10036
Telephone: (212) 336-2000
Email: druzumna@pbwt.com
Email: tnorris@pbwt.com
Fax: (212) 336-1205
Fax: (212) 366-1297

*Attorneys for Defendant Richard D. Kahn*

COHEN & GRESSER LLP

By: */s/ Douglas J. Pepe*
Douglas J. Pepe, Esq.
John Roberti, Esq.
800 Third Avenue
New York, NY 10022
Telephone: (212) 957-7605
Telephone: (202) 851-2073
Email: dpepe@cohengresser.com
Email: jroberti@cohengresser.com
Fax: (212) 957-4514

*Counsel for the Claims Administrator*

SO ORDERED:

_____

Hon. Jed S. Rakoff
United States District Judge
10-15-24